Appeal No. 23-3016

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA NO. 23-3016 |
| | ) | DC Nos. 22-CR-00023-DKW |
| | ) | (District of Hawaii) |
| Plaintiff and Appellee, | ) | |
| | ) | EXCERPTS OF RECORD |
| v. | ) | |
| | ) | |
| LYLE RIKIO CUMMINGS, | ) | |
| | ) | |
| Defendant and Appellant. | ) | |
| _____ | ) | |

**EXCERPTS OF RECORD OF APPELLANT**

Law Offices of
GEORGE C. BOISSEAU
California State Bar Number 75872
740 4th Street, Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
Email: boisseaugc@msn.com

Attorneys for Defendant and Appellant
LYLE RIKIO CUMMINGS

## INDEX TO EXCERPTS OF RECORD

| Document | Page |
|---|---|
| Indictment (Dkt. #26.) | 4-7 |
| Reporters Transcript of Request for Judgment of Acquittal (6-14-2023 RT 119.) | 8 |
| Defendant's Motion to Suppress Evidence (Dkt. #69.) | 9-17 |
| Defendant's Motion to Suppress Statements (Dkt. #70.) | 18-21 |
| Government's Opposition to Motion to Suppress Evidence (Dkt. #74.) | 22-37 |
| Search Warrant in Support of Government's Opposition to Suppress Evidence (Dkt. #74 [Exhibit 1].) | 38-47 |
| Search Warrant Return Government's Opposition (Dkt. #74 [Exhibit 2].) | 48-50 |
| Photographs of Evidence Seized During Search (Dkt. #74 [Exhibit 3].) | 51-60 |
| Placeholders in Support of Government Opposition Suppress Evidence (Dkt. #74 [Exhibits 5-7].) | 61-63 |
| Government's Opposition to Suppress Statements (Dkt. #75.) | 64-79 |
| Interview Video & Transcript of Interview in Support of Government's Opposition to Suppress Statements (Dkt. #75 [Exhibits 1, 2].) | 80-101 |
| Waiver of Rights in Support of Government Opposition (Dkt. 75 [Exhibit 3].) | 102 |
| Placeholders in Support of Government Opposition (Dkt. 75 [Exhibits 4,5].) | 103-104 |
| Declaration of Andrew Cabral Jr. in Support of Opposition (Dkt. #75.) | 105-108 |

Maui County Police Dept. Advisement of Rights (Dkt. #75 [Exhibit A].)          109

Summary of Cabral as to Investigation re Statements
(Dkt.#75 [Exhibit B].)          110-112

Maui County Police Dept. Consent to Search (Dkt. #75 [Exhibits C, D].)   113-114

Minute Order from District Court Denying Motions to Suppress
Evidence, Statements (Dkt. #81.)          115

District Court Memorandum Denying Suppress of Evidence (Dkt. #85.)   116-121

District Court Memorandum Denying Suppression of Statements
(Dkt. #86.)          122-138

Defendant's Motion in Limine #1 (Dkt. #105.)          139-149

Government's Opposition to Defendant's In Limine #1 (Dkt. #113.)     150-163

Government's Supplemental Opposition (Dkt. #119)          164-169

Government's Exhibits in Opposition to Defendant's In Limine Motion
(Dkt. #119 [Exhibits 9-11].)          170-191

Court's Jury Instruction re Police Officer & Expert Testimony
(Dkt. 129.) (6-15-23 RT 16, 17, 18.)          192-194

Reporters Transcript re Testimony of Police Officer Interpreting
Defendant's Text Messages (6-8-23 RT 57-75.)          195-213

Judgment in Criminal Case (Dkt. #162.)          214-220

Notice of Appeal (Dkt. #164.)          221-222

Docket Entries          223-262

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 4 2022

at____o'clock and____min.____M
CLERK, U.S. District Court

CLARE E. CONNORS, #7936
United States Attorney
District of Hawaii

CHRISTINE OLSON
REBECCA PERLMUTTER
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Emails:     Christine.Olson2@usdoj.gov
            Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. CR 22 - 00023 DKW |
| Plaintiff, | |
| | INDICTMENT |
| vs. | [18 U.S.C. § 2422(b); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)] |
| LYLE RIKIO CUMMINGS, | |
| Defendant. | |

## INDICTMENT

The Grand Jury charges:

## Count 1
Coercion and Enticement
(18 U.S.C. § 2422(b))

On or about and between March 13, 2020 and March 15, 2020, both dates being approximate and inclusive, within the District of Hawaii and elsewhere, LYLE RIKIO CUMMINGS, the defendant, did use any facility and means of interstate and foreign commerce, namely, the Internet and a cellular phone, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity under such circumstances as would constitute a criminal offense under Hawaii state law, specifically Hawaii Revised Statutes, Section 707-730(1)(b), and attempted to do so.

All in violation of Title 18, United States Code, Section 2422(b).

## Count 2
Possession with Intent to Distribute Cocaine and Cocaine Base
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about March 15, 2020, within the District of Hawaii, LYLE RIKIO CUMMINGS, the defendant, did knowingly and intentionally possess with intent to distribute controlled substances, namely a mixture or substance containing cocaine, and a mixture or substance containing cocaine base, also known as "crack," both Schedule II controlled substances, to another individual.

2

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE NOTICE

1.     The allegations set forth in Count 1 of this Indictment are hereby re-alleged and incorporated by reference as though set forth in full herein for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 2428.

2.     The United States hereby gives notice that, upon conviction of the offense charged in Count 1 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 2428( a), of (1) the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and (2) any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such violation.  This includes, but is not limited to, $645.00 and a black iphone 7 model A1660.

3.     If any of the property described in paragraph 2 above, as a result of any act or omission of the defendant:

3

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty; the United States of America shall be entitled to

forfeiture of substitute property up to the value of the property described above in

paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

DATED: March __24__, 2022, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson

_____

FOREPERSON, GRAND JURY

_____

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____

CHRISTINE OLSON
REBECCA PERLMUTTER
Assistant U.S. Attorneys

United States v. Lyle Rikio Cummings
Indictment
Cr. No.     CR 22 - 00023  DKW

4

| | | |
|---|---|---|
| 11:58AM | 1 | government does not intend to call any further witnesses or |
| 11:58AM | 2 | present any other evidence. |
| 11:58AM | 3 | Does the defense have a motion that it wishes to make? |
| 11:58AM | 4 | MR. MOTTL: Yes, Your Honor. |
| 11:58AM | 5 | THE COURT: Please approach. |
| 11:58AM | 6 | MR. MOTTL: Yes. |
| 11:58AM | 7 | (Sidebar on the record:) |
| 11:58AM | 8 | THE COURT: Go ahead, Mr. Mottl. |
| 11:58AM | 9 | MR. MOTTL: Defense moves for a motion for judgment of |
| 11:58AM | 10 | acquittal where either those dates, recollection of the facts, |
| 11:59AM | 11 | as well as the applicable law. Nothing further. |
| 11:59AM | 12 | THE COURT: You don't wish to argue further? |
| 11:59AM | 13 | MR. MOTTL: No. |
| 11:59AM | 14 | THE COURT: All right. That motion is denied. There |
| 11:59AM | 15 | is more than sufficient evidence particularly when viewed in |
| 11:59AM | 16 | the light most favorable to the prosecution to establish all of |
| 11:59AM | 17 | the elements of Counts 1 and 2 beyond a reasonable doubt |
| 11:59AM | 18 | together with the fact that -- together with the absence of any |
| 11:59AM | 19 | entrapment issue. I believe there's also evidence in the |
| 11:59AM | 20 | record beyond a reasonable doubt that would lead the jury to |
| 11:59AM | 21 | conclude that the defendant in this case was not entrapped in |
| 11:59AM | 22 | the manner as suggested by the defense in pretrial submissions |
| 11:59AM | 23 | as well as in argument during the course of trial. |
| 11:59AM | 24 | Mr. Mottl, do you intend to offer evidence now? |
| 11:59AM | 25 | MR. MOTTL: Yes. |

**Joseph R. Mottl, Esq. #3118**
P.O. Box 235979
Honolulu, HI 96823
Phone: (808) 371-7595

**Attorney for Defendant**
**Lyle Rikio Cummings**

## In the United States District Court

## For The District of Hawaii

| | |
|---|---|
| **United States of America,** | **Case: 1:21-MJ-00751-DKW** |
| Plaintiff, | **Motion to Suppress Evidence;** |
| | **Declaration of Counsel;  Memorandum** |
| vs. | **of Points and Authorities; Exhibits** |
| **Lyle Rikio Cummings,** | |
| Defendant. | **Trial Date:  June 5, 2023** |
| | **Judge:  The Hon. Derrick K. Watson** |

### Motion to Suppress Evidence

Defendant Lyle Rikio Cummings, through counsel, pursuant to Amendments 5 and 6, *Constitution of the United States of America,* Article 1, Sections 7 and 14, *Constitution of the State of Hawaii,* and Rule 47, *Federal Rules of Criminal Procedure*, moves to suppress evidence seized federal and state law enforcement officers on grounds that the evidence illegally seized because it was taken in a search which intentionally exceeded the parameters of a search warrant.

The attached Declaration of Counsel, Exhibits, case file, related supplemental filings, and matters presented at hearing, support this motion.

Dated at Honolulu, Hawaii, March 24, 2023.

_____/s/ Joseph R. Mottl_____
Joseph R. Mottl, Esq.
Attorney for Defendant
Lyle Rikio Cummings

## Declaration of Counsel

I, Joseph R. Mottl, Attorney at Law, hereby declare:

1.   I represent defendant **Kyle Rikio Cummings** herein.

2.   I have interviewed the defendant and studied the discovery thus far disclosed to the defense.

3.   Upon information and belief, the statements of fact in the attached memorandum are correct to the best of my knowledge and belief.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

## Memorandum of Points and Authorities

This Motion to Suppress Evidence seeks to suppress evidence taken in an illegal search which intentionally exceeded the scope of a search warrant and the fruits of that search and seizure.

Pursuant to the declaration in support of this motion my client has consistently attested to counsel that the phone was in its case that contained his visible driver's license and credit cards. The recovery of this phone that was target #1 listed in affidavit supporting the application for the search warrant.

2

Target #2 is listed as "articles of identification or items containing names...of CUMMINGS...which would serve AS EVIDENCE OF OWNERSHIP, OCCUPANCY, POSSESSION, OR CONTROL OF THE ABOVE TARGETED VEHICLE".

The Defendant raises the first defense that the request for the warrant was unnecessarily broad and exceeded the scope necessary to produce any evidence relevant to the probable cause presented for Defendant's arrest. Consistently throughout the limited discovery the defense has been provided there was no question by any of the government actors that the suspect had been positively identified, was under surveillance consistently until arrest, and that the vehicle was registered to the Defendant.

The Government has never articulated how the vehicle was in any way an element of the offense. We note that this was a sting operation being jointly run by a task force comprised of the Federal agents training the Maui Police officers and that about 8 other defendants were arrested during this operation and none of those vehicles were impounded, searched, or alleged to be elements of the offense.  Further, the Government has been very slow in turning over any documentation (beyond its "Initial" disclosure of a single CD disk) regarding the initial arrest where we believe there was a body camera in operation on the senior supervisor of that proceeding and is referenced twice in this limited discovery but there is no copy of this video clearly identified in any of the evidentiary logs, we have just recently been able to access. There are no copies of

any video or photos from the actual arrest proceedings. The only visual record the defense has been provided is some individual stills of the supposed search of the vehicle pursuant to the search warrant. Those photographs have been numbered and presented in a manner that seems to indicate a certain order or procedure was followed however there is a complete absence of any written narrative by any participant in the relevant search, and there are gross incongruities in the alleged succession of actions if the photos are reflecting a chronological narrative as follows.

Clearly the photos seem to establish that search of the truck was conducted by serving the warrant onto the windshield at Cummngs_000101.pdf (hereinafter the pictures shall be referenced only by the last three numerals in the computer file title for ease of reference) opening the left door in 102, then the right in 103, then a close up of the phone in 104, and then the actual phone being moved onto the passenger seat in 105.

Now at this point certainly there is no argument that target #1 has been recovered by the officers. The defense would argue that the search should have terminated on recovery of the phone. A hearing is necessary to determine what is the admittable evidence so that the defense can make reasonable determinations about defense strategies and consider possible plea negotiations. But for the purposes of further argument, and because of the very limited discovery that the Defense has been provided regarding these proceedings, the Defense argues that Target #2 was specifically limited to obtaining

documentation that would identify the defendant and connect him to the truck for whatever reason the Government wants to now present – its worth noting that the joint task force did not participate in this search, only Detective Gregg K. Katayama as it appears from the Return and Affidavit filed on March 23, 2020 (which aside from the allegedly chronological photo array is the only documentation provided through discovery to the defense of these events.)

The defendant argues that Maui Police Officers are trained procedurally to look for "articles of identification or items containing names which would serve as evidence of ownership, occupancy, possession, or control of a targeted vehicle" first, attached to the passenger sun block, second, in the glove box in front of the passenger, which is where in #140 he found the registration for the truck in defendant's name as evidenced in #141 and 142.  Further, #139 shows that the other searches have not been conducted yet because everything on the console including the console armrest storage is still untouched, unless of course the photo array is NOT chronologically accurate.

In the array as presented by the Government it appears that after recovery of target #1, the Detective thought he would find identifying documents establishing the ownership of the vehicle in the back seat of the truck in #106 and 107. Then inside the pill container with the Hawaiian flag on it in the cupholder in #108, 109 where clearly Target #1 has always been recovered.

However, whatever arguments about the discovery of the cannabis being evidence of a crime giving new probable cause to extend the search are tempered by the fact that in #111, 112 and 113 the Detective, a state actor, immediately found a valid State of Hawaii Medical Cannabis card #2019032769, and being a state actors would have to recognize that this would be legal possession of cannabis. Further, the Defense argues that this document clearly established the identity of the defendant and satisfied the requirement of the warrant "to find…identification cards…mail…or other personal items addressed to CUMMINGS" therefore the scope of the warrant had been satisfied and there was no further constitutionally valid reason for the Detective's search to proceed.

So Target #2 has been recovered in satisfaction of the scope of the warrant by both the actual knowledge in possession of the government prior to the search, AND satisfied AGAIN when the glove box is searched, AND satisfied AGAIN when the Cannabis card is recovered. There is simply NO REASON for any further search. Except for a retaliatory fishing expedition because the Defendant refused to grant permission for the recovery of the target phone at the scene of the arrest and forced the Task Force officers to go through the procedures of getting the search warrant. The Defendant should not face a retaliatory hunting expedition because he exercised his right to refuse to consent to a search without a warrant and without the opportunity to consult with counsel, especially when he KNEW there were potentially incriminating materials in that vehicle. Hawaii law specifically prohibits forcing a defendant

from having to choose between exercising their constitutional right to be free from search and seizure, right not to incriminate themselves, and their right to counsel, so that Police Officers will not retaliate or exceed their mandates to uphold the law and punish citizens for exercising those rights even if it causes the officers extra work or effort to comport with these protections, and certainly the Hawaii Supreme court has clearly stood against citizens being coerced into waiving those rights to avoid such abuses of power.

The next shot perfectly presents Defendant's defense: shot #114 shows Target #1 already recovered, the towel removed, the legs of an unidentified witness who is not mentioned anywhere in the discovery provided so far, and a completely closed completely neutral console armrest. Then #115 reveals a non-descript bag – nothing is in free view. And the officer begins to it appears chronologically search the bag in #116-125, however, then at #126 we see the bag closed again and out on the seat. Its important to note, that there are instances where the bag (and in other parts of this search) is in the armrest, on the seat, and then not present.  This happens with some of the other items, as if the photos have been organized and numbered to present a certain assumptive narrative.

Next we now see that the presumably first place to look for "identification" section of the bag is now opened at #129 where another (or the same) driver's license is recovered at #130, HMSA card at #131. Defense argues that again, there are clearly pieces of evidence that have been recovered comporting to scope

of the warrant and the search should have stopped at this point. If MPD wanted to search further there was no exigent circumstance preventing them from applying for another warrant that permitted for an expanded scope of search, but #132 reveals that now the Detective believes that the Apple phone box is going to contain "identification" and he recovers the box and opens it. The Defense maintains all early defenses, but in the best light for the Government, would argue that the search should have been terminated at the discovery of the driver's license and all further evidence should be suppressed.

At #136 the phone case that visibly revealed Defendant's Driver's license and credit cards as seen in #137-138 would have terminated the search after satisfaction of Target #2 outside of the armrest, the pill bottle, the glovebox, etc., because the Defense argues it was actually on the phone, in plain view prior to the search, has been intentionally moved into the console armrest and placed below all the evidence claimed to have been legally recovered by the government to justify the complete search through all levels of the armrest.

Further, through a hearing or court ordered discovery, the body cam footage missing from the evidence will show the actual status of the phone, identification, and interior of the truck at the arrest site prior to the transfer to the Maui Impound yard. The defense argues that all evidence recovered in the armrest should be suppressed, or alternatively, that the court should find that when the targets of the warrant were satisfied the search should have been terminated and all evidence found after that point should be suppressed.

Dated at Honolulu, Hawaii, March 24, 2023.

_____ /s/ Joseph R. Mottl _____
Joseph R. Mottl, Esq.

**Exhibits**

Joseph R. Mottl, Esq. #3118
P.O. Box 235979
Honolulu, HI 96823
Phone:  (808) 371-7595

Attorney for Defendant
Lyle Rikio Cummings

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America, | Case: 1:22-CR-00023-DKW |
| Plaintiff, | Motion to Suppress Statements; Declaration of Counsel; Memorandum of Points and Authorities; Exhibits |
| vs. | |
| Lyle Rikio Cummings, | |
| Defendant. | Trial Date:  June 5, 2023<br>Judge:  The Hon. Derrick K. Watson |

Motion to Suppress Statements

 Defendant Lyle Rikio Cummings, through counsel, pursuant to Amendments

4, 5 and 6, *Constitution of the United States of America,* Article 1, Sections 7 and 14,

*Constitution of the State of Hawaii,* and Rule 47, *Federal Rules of Criminal*

*Procedure*, moves to suppress statements made by Defendant to federal and state

law enforcement officers on grounds that his statements were procured in violation

of  his rights under *Constitution of the United States of America* and the

*Constitution of the State of Hawaii.*  The attached Declaration of Counsel, Exhibits,

case file, related supplemental filings, and matters presented at hearing, support

this motion.

Dated at Honolulu, Hawaii, March 24, 2023.


_____/s/ Joseph R. Mottl_____
Joseph R. Mottl, Esq.
Attorney for Defendant
Lyle Rikio Cummings


### Declaration of Counsel

I, Joseph R. Mottl, Attorney at Law, hereby declare:

1.   I represent defendant **Kyle Rikio Cummings** herein.

2.   I have interviewed the defendant and studied the discovery thus far

disclosed to the defense.

3.   Upon information and belief, the statements of fact in the attached

memorandum are to the best of my knowledge and belief true.

I declare under penalty of law that the foregoing is true and correct to the

best of my knowledge and belief.

Dated at Honolulu, Hawaii, March 24, 2023.


_____/s/ Joseph R. Mottl_____
Joseph R. Mottl, Esq.

2

Memorandum of Points and Authorities

The Defendant throughout his arrest and transportation to the detention at the MPD jail refused to grant permission to the Government to search his vehicles, phone or person and notified the Government that he wanted to exercise his right to be free from search and seizures without a valid warrant, his right not to incriminate himself and his right to have an attorney.

Defendant suffers notably from comprehension problems, inexperience in legal matters, and has diagnosed psycho-social disabilities that are exhibited in being easily persuaded and not wanting to trigger displeasure or hostility, especially from strangers or those in authority.  Federal and State officers are trained to be aware of this and not take advantage of this or exert their authority in a manner designed to deny disabled Americans their constitutional rights.

At #162 Detective LeeAnn Galario-Guzman specifically acknowledges and records that the Defendant directly expressed intention to exercise his right to talk to his lawyer by stating to the Detective, "I want to talk to my lawyer."  All further coercion or questioning should have ceased at this point under current Hawaii precedent, but Detective Guzman continued to coerce the Defendant acting like he should be reasonable and she was his friend who wanted to work with him, going on to admit that "I clarified if he wanted to talk to his lawyer because of the polygraph."

The Defendant replied, "Yes."  All further coercion by the Detective should have stopped there. The Detective had no authority to waive the Defendant's right

3

to the full protection of the attorney he requested by subsuming that attorney's authority to determine what defense strategies were available to the Defendant and which the attorney might advise the Defendant to waive and which the Defendant would exercise.

The Government is not permitted to break the constitutional rights of a defendant into components at their whim. Would the Detective have been constitutionally permitted to ask, "Okay, we will only talk about the Child Trafficking charges but not the drug charges without your attorney present because you want him present for the Child Trafficking charges?" Of course not – impermissible.

Further, on #48, the Warning of Rights form (MPD 103) referenced in the Detective's report (see #162) the Defendant clearly has circled "NO" as his answer to the question "would you like to waive your rights and speak with me now?"

In total, there are extraordinarily obvious grounds for this Honorable Court to grant the Motion to Suppress all statements that the Defendant made pursuant to the continuing coercion of the Government actors up until the time the Defendant actually was afforded his right to an attorney.

Dated at Honolulu, Hawaii, March 24, 2023.

_____/s/ Joseph R. Mottl_____
Joseph R. Mottl, Esq.

Exhibits

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CHRISTINE OLSON
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Christine.Olson2@usdoj.gov
   Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00023 DKW |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' OPPOSITION |
| vs. | ) | TO DEFENDANT'S MOTION TO |
| | ) | SUPPRESS EVIDENCE, ECF 69; |
| | ) | GOVERNMENT'S EXHIBITS 1-7; |
| LYLE RIKIO CUMMINGS, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | Hearing: April 21, 2023 at 10:00 a.m. |
| Defendant. | ) | Chief Judge Derrick K. Watson |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE, ECF 69

I

By and through the undersigned, the United States hereby files its opposition to Defendant Lyle Rikio Cummings' Motion to Suppress Evidence (the Motion to Suppress), filed on March 24, 2023, ECF No. 69.

## I.      SUMMARY OF ARGUMENT

### A. Defendant's Suppression Motion Should Be Denied.

In the instant Motion to Suppress, without specifying what evidence should be suppressed, the defendant seems to be arguing generally that the bulk of the evidence found during the search of his truck on March 16, 2020 should be suppressed.  The defendant's entire argument, however, has no legal basis and is not supported by the warrant itself.  The defendant argues that, because the state search warrant authorized law enforcement to search the truck for the defendant's cell phone and for articles of identification, law enforcement was required to stop searching the truck as soon as it found the cell phone and any evidence of identification.  According to the defendant, any item seized by law enforcement after that point in time was beyond the legally authorized scope of the search. The defendant provides no legal basis to support this argument.

On its face, the search warrant authorized law enforcement to search the *entire truck* for the cell phone and for any articles of identification in connection with the state enticement offense.  Exhibit 1, gov't bates # 307 and 297.  In doing

2

so, law enforcement was not required to stop as soon it found the first, or some items responsive to the search. The law plainly is not that restrictive and the defendant cites no support for his argument.

The defendant's argument also rests on the mistaken assumption that the bates numbering on the discovery produced to the defense by the government should be in chronological order as to the precise series of events related to the defendant's arrest and the search warrants' execution. However, the government has never made any representation to the defendant that the bates numbered and indexed discovery is all organized in a particular or precise chronological or sequential order.[1] The defense's arguments regarding discovery have no merit.

B. An Evidentiary Hearing with Witness Testimony is Unnecessary.

Based on the attached exhibits, an evidentiary hearing would not be necessary here to resolve disputed issues of material fact. The defendant does not appear to be disputing the accuracy of the exhibits attached to this response. Thus, the Court can view and rely on these exhibits as an undisputed recitation of events. *See* Exhibits 1-7.

---

[1] As is almost always the standard practice in this district, the bates numbers are part of the processing of discovery by the U.S. Attorney's Office to track, label, account for, and organize the discovery. It is also true that the government makes an effort to organize the discovery into related groups and sources, so that it is more understandable to review. The bottom line here is that the order of the bates numbers on the discovery images is irrelevant to resolving this motion to suppress.

3

A defendant is not entitled to an evidentiary hearing as a matter of right. Defendant's uninformed assertions and misplaced assumptions about discovery matters and bates numbering are insufficient to create contested issues of fact on the scope of the search. And defendant does not challenge the plain view determination by officers regarding the obvious and apparent controlled substances found in the vehicle (*see* Exhibit 3 (selected search warrant images of controlled substances found in the vehicle)). Thus, it appears that there are no disputed material issues of fact that would require the testimony of witnesses at an evidentiary hearing.[2] Moreover, in resolving the issue of bates numbering, defendant does not appear to be challenging the uncontradicted evidence or any credibility issues relevant to the suppression issues that he raises.[3]

---

[2] *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.") (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986), *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990), *United States v. Irwin*, 612 F.2d 1182, 1187 n.14 (9th Cir. 1980), and *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972)); *United States v. Wardlow*, 951 F.2d 1115, 1116 (9th Cir. 1991) (the broad declaration of defense counsel asserting that the defense motion's statement of facts was based upon discovery, rather than a declaration from an individual competent to testify, was not sufficient to require the granting of an evidentiary hearing); *United States v. Marcello*, 731 F.2d 1354, 1358 (9th Cir. 1984) ("[T]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a desire to cross-examine.").

[3] *United States v. Woodson*, No. CR 11-00531 WHA. 2011 WL 5884913, at *6 (N.D. Cal. Nov. 23, 2011) (denying a defense request for an evidentiary hearing because "mere refusal to accept the uncontradicted evidence does not create a material issue of fact"); *United States v. Walker*, 239 F. Supp. 3d 738, 739 (S.D.N.Y. 2017) ("While [an evidentiary hearing] might have been warranted if there were important credibility issues that could not be addressed from the paper record, the defendant has made no showing that that is the case here."); *United States v. Martinez*, 992 F. Supp. 2d 322, 325–26 (S.D.N.Y. 2014) ("A defendant is not entitled to an

4

## II. BACKGROUND

On March 15, 2020, the defendant, Lyle Rikio Cummings, was arrested by the Maui Police Department (MPD) after engaging in an attempt to coerce and induce a 13-year-old minor to engage in sexual activity with him.  ECF No. 1. Unbeknownst to Cummings at the time of his arrest, he was part of an online undercover operation where law enforcement posed as a 13-year-old girl.  *Id.*  On March 13-15, 2020, using an online communications platform as well as text messaging, Cummings traded a series of messages with the undercover officer.  In the chats, Cummings offered to take who he believed was the girl shopping, sent her photographs of cash, offered her marijuana, and discussed engaging in sexual activity with her.  Cummings drove to a designated meeting location in or around Kihei, Maui on March 15, 2020.  He messaged around that time to the undercover officer that he was in a truck and that she should get in.

Cummings used the online username "DuckFat34" in communicating online. Before and after his arrest, investigators sought to identify the online chatter, "DuckFat34," and connect the arrested Cummings to the online activity with the undercover officer.  As part of their investigation, they executed search warrants.

---

evidentiary hearing in connection with a motion to suppress unless he can show that there are 'contested issues of fact going to the validity of the search' " and in the absence of an affidavit "by someone with personal knowledge that disputed facts exist" an evidentiary hearing is unnecessary) (citations omitted).

5

MPD arrested Cummings on March 15, 2020, at the location where he was planning to meet the fictitious minor. *Id.* On March 16, 2020, in executing a search warrant on Cummings' vehicle after the arrest, law enforcement also found approximately 87 grams of cocaine packaged in small baggies, cocaine base (or "crack"), drug paraphernalia, and cash inside the vehicle, all in and around the center console. *Id.*; *see* Ex. 2, Search Warrant Return, gov't bates # 304; Ex. 3, Photographs from SW, bates #135, 134, 146, 128, 127, 123, 121, 117, 109.

Maui County charged Cummings with Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes §§ 707-756. Cummings was then charged in a two-count federal criminal complaint on June 18, 2021, with enticement of a minor, in violation of 18 U.S.C. § 3422(b), and the possession and distribution of controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C). On March 24, 2022, he was indicted by a grand jury on two charges.

III.   GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

A. Legal Summary

The Fourth Amendment requires that a search warrant describe with "particular[ity] ... the place to be searched and the persons or things to be seized."[4]

---

[4] Defendant cites to Rule 47 of the Federal Rule of Criminal Procedure. The government presumes this is a typographical error and that the defense meant to refer to Rule 41 of the Federal Rules of Criminal Procedure. Defendant also cites generally to the Hawaii constitution,

6

U.S. Const. Fourth Amend. "The mere fact that evidence obtained by state officers, under a state warrant, based upon violations of state law, is used in a federal prosecution does not invoke the requirements of Rule 41. In such cases the standard is whether the warrant comports with the requirements of the Fourth Amendment." *United States v. Crawford*, 657 F.2d 1041, 1046 (9th Cir. 1981).

The Supreme Court has stressed that suppression of evidence should be "our last resort, not our first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). Suppression is appropriate only if a Fourth Amendment violation is the but-for cause of the government obtaining the challenged evidence. *United States v. Rosenow*, 50 F.4th 715, 736-37 (9th Cir. 2022).

The inevitable discovery exception permits the admission of evidence that ultimately or inevitably would have been discovered by lawful means. *Nix v. Williams*, 467 U.S. 431, 444 (1984). The government must prove that the relevant evidence would have been inevitably discovered by a preponderance of the evidence. *Id.* If an officer would have inevitably impounded a car and then conducted an inventory search, it is irrelevant whether a prior search of the car was unlawful. *United States v. Ruckes*, 586 F.3d 713, 718-19 (9th Cir. 2009). The defendant's car was impounded at Kihei Police Station upon his arrest.

---

which he does not explain further and is not relevant to this federal case. The relevant inquiry here is whether the search of the vehicle violated the Fourth Amendment.

B. Defendant's Motion Has No Support in Law or Fact.

The defendant's entire argument rests on the mistaken belief that law enforcement was required to stop searching the defendant's truck as soon as law enforcement found the cell phone and any evidence of identification. This is not the law and the defendant cites to no case law in support of his argument. The state search warrant at issue, filed and executed on March 16, 2020, one day after the defendant's arrest, authorized law enforcement to search the designated vehicle (the impounded truck) that defendant had driven to meet a person he believed to be a 13-year-old minor. *See* Exhibit 1.

On its face, the search warrant states that for the state offense of enticement, there was probable cause to search the vehicle for:

> (1) a touchscreen cellular phone;[5] (2) articles of identification or items containing the name(s), photographic impressions, latent fingerprints or palm prints, handwriting or printing of Cummings and other such articles or items which would serve as evidence of ownership, occupancy, possession, or control of the above-described TARGET VEHICLE. Such items may include driver's licenses, identification cards, passports, certificate of the title, registration paperwork, insurance or other motor vehicle cards, pay stubs, and mail or other personal items addressed to Cummings.

*Id.*

---

[5] Law enforcement also obtained a separate search warrant to later search the cell phone after it had been seized, but this warrant is not relevant to this suppression motion.

There is nothing on the face of the warrant or in the case law that limits law enforcement to searching for just one item of identification in this case.[6] Law enforcement was entitled to search the entire truck for the items above, and was entitled to find and seize as many articles of identification as described in the search warrant that it could find.[7]

The defendant does not appear to challenge that there was ample probable cause to search the truck, *i.e.*, the entire truck. Not only was the truck facilitating property in the offense, but it was also a key to locate evidence tied to the offense, including identity attribution of Cummings as Duckfat—the online chatter, ensure the truck was the one Cummings was referring to in the online messages, the phone containing the online messages, and other items tied to or corroborating

---

[6] Law enforcement may search for the items described with particularly in the warrant in the location to be searched described in the warrant. The plain language of the warrant is controlling. "A policeman's pure heart does not entitle him to exceed the scope of a search warrant, nor does his ulterior motive bar a search within the scope of the warrant, where the warrant was properly issued. Ulterior motive may be evidence justifying an inference that the search exceeded the scope of the warrant, as in Rettig, but it is not the determining factor, where the warrant itself was properly issued. **The determination to be made is whether the police confined their search to what was permitted by the search warrant.** 'It is, of course, an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed.'" *United States v. Ewain*, 88 F.3d 689, 694 (9th Cir. 1996) (citing *Horton*, 496 U.S. at 136) (emphasis added).

[7] The defense argues that the officers may have intentionally moved the cell phone into the console armrest below other evidence to justify the search through the console. In addition to the fact that the defense has no basis for this accusation, there would have been no need for the officers to do this. They were authorized by the search warrant to search the *entire* vehicle for the items listed in the search warrant, including evidence of identification which could well have been inside the console.

9

Cummings' involvement in the offense. *See, e.g.*, Ex. 4 (Photograph of DuckFat Hat, gov't bates # 106).

During the search, law enforcement was also entitled to seize contraband that it discovered in plain view, including the drugs and drug paraphernalia. *See* Exhibit 2, Return of the Search Warrant. The plain view exception to the warrant requirement was first recognized in *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971) (plurality opinion). There are three essential elements: The police must show that they "did not violate the Fourth Amendment in arriving at the [p]lace from which the evidence could be plainly viewed." *Horton v. California*, 496 U.S. 128, 139-40 (1990); *Thompson v. Louisiana*, 469 U.S. 17, 22 (1984). The seizing officer must have a lawful right of access to the evidence. *See Horton*, 496 U.S. at 136-37. The incriminating nature of the evidence seized must be immediately apparent. *Id*. "Immediately apparent" means that police have probable cause to believe an object in plain view is contraband. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993).

All three of these elements are met here. The drugs were found in the truck while the officers were searching for evidence as part of the execution of the search warrant. Exhibit 3 (selected images from the search warrant). The drugs were kept with drug paraphernalia, which was immediately recognizable as such. *Id*. And the drugs themselves, later tested to be cocaine and crack, were kept in

10

small baggies and identified as a white powder and white rock-type substance. *Id.* Besides the cocaine and crack, law enforcement also located marijuana along with Cummings' medical marijuana card. In any case, the drugs would have been inevitably discovered because the truck was properly impounded by officers, so the inevitable discovery doctrine also applies.

Next, the defendant argues throughout its brief that there is something improper about the bates numbering on the documents provided to the defendant by the government. *See generally Motion to Suppress.* This argument is based on the mistaken assumption that the government produced bates numbered discovery that represented a specific or precise chronology or sequence of events. Operating under this incorrect assumption, the defendant makes arguments that discovery is missing or that items in the search were moved in particular or suspicious ways.[8]

With no basis whatsoever, the defense argues that law enforcement continued to search the Defendant's vehicle as a "retaliatory fishing expedition." *See* Motion p. 6. The defense argues that law enforcement wanted to retaliate

---

[8] In affixing bates numbers to documents at the U.S. Attorney's Office as part of the discovery process in this case, the government did not attempt to add the bates numbers in a specific chronological or precise sequential order of events (although some may be), nor is it required to do so, nor did it ever represent to the defense that the bates numbers reflected such a chronology. Even if the bates numbered discovery is grouped together logically or in some type of general chronology, the precise chronology or order in which law enforcement searched the truck is immaterial to the suppression issues here. MPD was authorized to search the entire truck for any items responsive to the search warrant.

11

against the Defendant for refusing consent to search his phone and truck. *Id.* This argument is nonsensical and has no legal basis for suppression. Law enforcement asked for consent to search (*see* Exhibits 6 and 7, Arrest Videos, gov't bates ## 94-95), and when the defendant did not provide such consent, law enforcement followed the proper procedure of obtaining search warrants supported by probable cause. In obtaining the search warrants, MPD followed appropriate legal process. The defendant's retaliation argument is also unsupported by the undisputed facts. There are two arrest videos produced in discovery and exhibited here that show that the officers responded calmly and professionally when the defendant refused consent to search and in no way tried to pressure the defendant on this point. *Id.*

The defense makes yet another specious argument that the government "has never articulated how the vehicle was in any way an element of the offense." Motion p. 3. This argument is another misunderstanding of the law and the defendant provides no legal support for it. In obtaining a search warrant of a physical place to be searched (*e.g.*, a residence or vehicle), there is no requirement that the place to be searched *also* be an element of the suspected offense itself.

Rather, the law requires just that there is probable cause to believe that evidence tied to the offense will be found in that location.[9] The defendant does not

---

[9] Probable cause to search means "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

argue that there was not probable cause or appear to challenge the validity of the underlying search warrant here. The vehicle searched in this case is the actual truck that the defendant drove to meet up with the person he believed to be 13-years-old for sex. There was every reason to believe there would be evidence of the charged crime of enticement, and the state search warrant expressly provides that there was probable cause to search the truck. The truck was integral to the crimes as well as facilitating property.[10]

Additionally, the defendant's point regarding whether any other defendants were arrested in connection with the same law enforcement operation is irrelevant and immaterial the motion to suppress. *See* Motion p. 3.

C.     Discovery Matters Have No Bearing on the Motion to Suppress.

Finally, the defendant suggests in its Motion to Suppress that the government has somehow not produced sufficient discovery. This is the first time the government is hearing that the defense believes there is missing discovery. In fact, prior to this motion, defense counsel has *never* asked the government to

---

[10] Although officers obtained a search warrant and conducted a legal search within the parameters of their warrant, it is worth referencing the automobile exception. The automobile exception allows an officer to conduct a search of a vehicle if there is probable cause that it contains evidence of a crime. *United States v. Ross*, 456 U.S. 798, 799, 806-09 (1982). This exception extends to any part of the vehicle and any containers that might contain evidence of that particular crime. *Id.* at 821-24. It also applies even if the search is not conducted until after the vehicle has been immobilized or impounded, *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam); *United States v. Garcia*, 205 F.3d 1182, 1187-88 (9th Cir. 2000); and even if containers are removed from the vehicle and then searched without unreasonable delay, *United States v. Johns*, 469 U.S. 478, 485-88 (1985).

provide additional discovery, other than perhaps asking for a complete set of

discovery when first appearing in this case. Defense counsel has *never* even

reached out to the government asking if any discovery is missing, or asking about

any body camera or other video footage.

This is a relatively simple case and the discovery is not voluminous. To

allege that the government has been "very slow" to turn over documentation is

plainly false. *See* Motion p. 3. The government turned over the bulk of discovery

in this case in 2021 and April of 2022. The only discovery that the defense

specifically addresses in his motion is body camera footage. *Id.* The defense, for

the first time ever in this case, states that it believes there is missing body camera

footage, but provides no specific basis for this belief. *Id.* The government has

produced two videos of the arrest[11] as well as a video of Defendant being

interviewed by two law enforcement agents following his arrest. *See* Exhibits 5-7,

gov't bates ## 334, 94, and 95. The defense also writes that missing footage of the

arrest would show the interior of the truck at the arrest site prior to its transfer to

the impound yard. Motion p. 8. Indeed, an arrest video that the government long-

ago produced to the defense *does* show the interior of the truck before it was

---

[11] Although irrelevant because the government has produced two videos depicting the initial arrest, the government has repeatedly asked MPD if these two videos were created by way of body cameras. MPD has indicated that these arrest videos were not taken with body cameras and that there is no body camera footage related to this case.

14

transferred to the impound yard.  *See* Exhibits 6-7.  There is nothing about this

footage that merits suppression of any evidence.[12]

## CONCLUSION

Therefore, the government respectfully requests that the defense motion be

denied in its entirety as it is without legal merit, and submits that no evidentiary

hearing is needed.

DATED: April 14, 2023, at Honolulu, Hawaii.

Respectfully Submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By *Christine Olson*
    Christine Olson
    REBECCA A. PERLMUTTER
    Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[12] In light of this motion, the government has diligently inquired of law enforcement about any additional video footage, and all video footage in this case has been previously and timely produced to the defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following via email:

JOSEPH R. MOTTL, III

Counsel for defendant Lyle Rikio Cummings

DATED: April 14, 2023, at Honolulu, Hawaii.

/s/ Christine Olson
United States Attorney's Office
District of Hawaii

FILED

2020 MAR 16  AM 8: 28

V. ISHIHARA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
STATE OF HAWAI'I

| | | |
|---|---|---|
| IN RE APPLICATION FOR | ) | SEARCH WARRANT NO. <u>SW2020-0123</u> |
| | ) | |
| A SEARCH WARRANT | ) | |
| | ) | SEARCH WARRANT |
| BY THE STATE OF HAWAI'I | ) | |
| | ) | |

<u>SEARCH WARRANT</u>

THE STATE OF HAWAII TO THE CHIEF OF POLICE OF THE COUNTY OF MAUI,
OR HIS DEPUTY, OR ANY POLICE OFFICER OF THE COUNTY OF MAUI OR ANY
INDIVIDUAL OR ENTITY CHARGED WITH PROVIDING TECHNICAL ASSISTANCE
TO ANY DEPUTY OR POLICE OFFICER:

Proof by Affidavit, having been made before me this **16th**
**Day of March, 2020** by Det. Gregg K. Katayama., of the Maui County
Police Department, that there is sufficient probable cause for me
to direct that a search be made at, on, and within the following
TARGET VEHICLE:

The vehicle is a white 2008 Toyota Tacoma pickup truck
bearing Hawaii license plates LAJ 777 (hereinafter
referred to as **TARGET VEHICLE**). The vehicle is

S-1

I hereby certify that this is a full, true, and
correct copy of the original.

Clerk, Second Judicial Circuit

# EXHIBIT 1

000038

registered to **Lyle CUMMINGS** (hereinafter referred to as **CUMMINGS**), who is the alleged offender in the above mentioned offense(s) being investigated;

That Affiant has probable cause to believe that at, on, and within the VEHICLE there may presently be located the following:

1. A touchscreen cellular phone;

2. Articles of identification or items containing the name(s), photographic impressions, latent fingerprints or palm prints, handwriting or printing of **CUMMINGS** and other such articles or items which would serve as evidence of ownership, occupancy, possession, or control of the above-described **TARGET VEHICLE**. Such items may include driver's licenses, identification cards, passports, certificate of title, registration paperwork, insurance or other motor vehicle cards, pay stubs, and mail or other personal items addressed to **CUMMINGS**;

That the above items constitute the fruits, instrumentalities, and/or evidence of the offenses of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-756, and documented under report number **20-010287**, and, that such items are subject to Seizure under Rule 41(b) of the Hawaii Rules of Penal Procedure; and as I am satisfied that there is probable cause to believe that the items so described will be present at, upon, and within the above described TARGET VEHICLE and that there is grounds for the issuance of a Search Warrant;

S-2

**YOU ARE HEREBY COMMANDED** to make a search of the above-described TARGET VEHICLE for the items so described, serving this Search Warrant and making the search within TEN (10) DAYS from the date hereof, but not between the hours of 10:00 o'clock P.M. and 6:00 o'clock A.M., and if said items be found there to seize them leaving a copy of this Search Warrant and bring the inventory for the items seized before the Judge of the above-entitled Court promptly, as required by law.

DATED: Wailuku, Hawaii, <u>March 16th, 2020</u>.

Sgd./Kirstin Hamman (Seal)

_____

Judge of the above-entitled Court

S-3

FILED

2020 MAR 16  AM 8:28

V. SHIMARA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
STATE OF HAWAI'I

| | | |
|---|---|---|
| IN RE APPLICATION FOR | ) | SEARCH WARRANT NO. <u>SW2020-0123</u> |
| | ) | |
| A SEARCH WARRANT | ) | |
| | ) | |
| BY THE STATE OF HAWAI'I | ) | |
| | ) | |
| | ) | AFFIDAVIT IN SUPPORT OF |
| | ) | SEARCH WARRANTS |

<u>AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS</u>

| | | |
|---|---|---|
| STATE OF HAWAI'I | ) | |
| | ) | ss. |
| COUNTY OF MAUI | ) | |

I, Detective Gregg K. Katayama (Affiant), first being duly sworn, on oath deposes and says:

I am a law enforcement officer empowered to investigate and make arrests for criminal violations occurring in the County of Maui, State of Hawaii. I am currently a member of the Maui County Police Department and have been so employed since April 04,

A-1

I hereby certify that this is a full, true, and correct copy of the original.

_____
Clerk, Second Judicial Circuit

2000.   I am presently assigned to the Criminal Investigation Division;

I am assisting in investigating the alleged offenses of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-756, documented under report number 20-0100287, occurring within the County of Maui, State of Hawaii and have probable cause to believe that the fruits, instrumentalities, or evidence of those crimes may currently be located at, on, and within the following **TARGET VEHICLE**:

> The vehicle is a white four door 2008 Toyota Tacoma pickup truck bearing Hawaii License Plates **LAJ 777** (hereinafter referred to as **TARGET VEHICLE**). The vehicle is registered to **Lyle CUMMINGS** (hereinafter referred to as **CUMMINGS**), who is the alleged offender in the above mentioned offense(s) being investigated;

As detailed later in this Affidavit, there is probable cause to believe that at, on, and within the **TARGET VEHICLE** there may presently be located the following:

1. A touch screen cellular phone

2. Articles of identification or items containing the name(s), photographic impressions, latent fingerprints or palm prints, handwriting or printing of **CUMMINGS** and other such articles or items which would serve as evidence of ownership, occupancy, possession, or control of the above-described **TARGET VEHICLE**. Such items may include driver's licenses, identification cards, passports, certificate of title, registration paperwork, insurance or other motor vehicle cards, pay stubs, and mail or other personal items addressed to **CUMMINGS**;

A-2

The above items constitute the fruits, instrumentalities, and/or evidence of the offenses of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-756, documented under report number **20-010287**, occurring within the County of Maui, State of Hawaii, and that such items are subject to Seizure under Rule 41(b) of the Hawaii Rules of Penal Procedure;

And that the facts establishing grounds for the issuance of the requested Search Warrant(s) are as follows:

### INTRODUCTION:

1. That Affiant has been employed by the Maui Police Department since April 03, 2000 and is currently assigned to the Criminal Investigation Division;

2. I have received training from Detectives with the Maui Police Department in the investigation of felonious offenses including interview and interrogation techniques, evidence collection and preservation, crime scene searches, the use of search warrants, computer and electronic evidence, and documentation of investigations;

3. I have been trained by Vice Officers with the Maui County Police Department's Vice/Narcotics Division in identification of illegal narcotics, the testing of illegal narcotics, investigative techniques for different types of illegal narcotics cases and the methods of distribution utilized by individuals who traffic illegal narcotics.

4. The Affiant's experience as a Police Officer includes, but is not limited to, assignments in the Criminal Investigation Division, crime scene investigation, interviewing of witnesses. That Affiant has received training in and is experienced in the investigation of violations of state statutes, including the offenses listed above, and has been involved in over one hundred (100)

A-3

criminal investigations;

6.   I have received training in firearms and ammunition identification and recognition from firearms instructors with the Maui Police Department;

9.   This Affidavit is based upon ongoing investigations by Law Enforcement Officers of the Maui County Police Department, documented under report number **20-010287**;

10.  The scope of the information presented in this warrant lays out facts and circumstances of the investigations that show that there is probable cause for the requested Search Warrant. This Affidavit does not set forth all of my knowledge regarding this investigation;

## FACTS AND CIRCUMSTANCES:

11.  On March 13th, 2020 at about **02:00 p.m.**, an on-line undercover investigation was initiated with an undercover officer (Detective John Surina with the Maui County Police Department) posing as 13-year-old juvenile female;

   a. On March 14th, 2020 at about **7:37 p.m.**, an individual with the screen name of "**DuckFat**", later identified as **Lyle CUMMINGS** (hereinafter referred to as **CUMMINGS**) started a private chat on the social media communication application known as "Skout" with the undercover officer's account;

   b. Officer disclosed that she was under the age of 18 and **that CUMMINGS** continued to engage in messaging with the undercover officer;

   c. The conversation became sexual in nature, and **CUMMINGS** sent several texts relating the following: "Eat your pussy", "I'm gonna eat you till you cum a few times on my face babes", "get your pussy so wet";

   d. **CUMMINGS** then agreed to go to a designated location of the intersection of Kilohana Drive and South Kihei Road, County of Maui, State of Hawaii:

   e. At approximately 07:46 p.m., Surveillance officers observed **CUMMINGS**, who was operating a white 2008 Toyota Tacoma Pickup

A-4

truck bearing Hawaii license plate **LAJ** 777, arrive at the Kilohana Drive and South Kihei Road intersection;

f. At 07:48 p.m., the undercover officer received the following messages "Where you", "Come jump in" "Hurry up";

g. At about 7:50 p.m., **CUMMINGS** was arrested for the offenses of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-756;

h. After being advised of his rights, **CUMMINGS** refused to give officers consent for them to search his vehicle;

i. Within the center console of his truck, a touch screen cellular phone was observed;

j. Undercover officer sent a "test" message to DuckFat's account and upon monitoring **CUMMING'S** phone, they observed the test message pop up;

k. **LAJ** 777 was towed, secured and impounded at the Kihei Police Station, 2201 Pi'ilani Highway, County of Maui, State of Hawaii;

## REQUEST FOR SEARCH WARRANT:

12.   Based on the information contained within this Affidavit, there is probable cause to believe that **Lyle CUMMINGS** has committed the offenses of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-756, documented under report number **20-010287**;

13.   In addition, there is probable cause to believe that the following items, which will constitute the fruits, instrumentalities, or evidence of the offenses under investigation may presently be located within the **TARGET VEHICLE**:

a. A touchscreen phone;

b. Articles of identification or items containing the name(s), photographic impressions, latent fingerprints or palm prints, handwriting or printing of **CUMMINGS** and other such articles or items which would serve as evidence of ownership, occupancy,

A-5

possession, or control of the above-described **TARGET VEHICLE**.   Such items may include driver's licenses, identification cards, passports, certificate of title, registration paperwork, insurance or other motor vehicle cards, pay stubs, and mail or other personal items addressed to **CUMMINGS**;

14. As such, I respectfully request issuance of Search Warrant(s) by this Honorable Court that authorizes a search of the **TARGET VEHICLE** bearing license plates **LAJ777** (HI), as probable cause exists to search the **TARGET VEHICLE** for the items listed above which constitute the fruits, instrumentalities, and evidence of the has committed the offenses of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-756, and documented under report number 20-010287 and, that such items are subject to Seizure under Rule 41(b) of the Hawaii Rules of Penal Procedure;

## REQUEST FOR SEALING:

15. Should the requested search warrants be issued, I am requesting issuance of an Order that orders that the requested search warrants, this Affidavit, and any associated paperwork and filings be sealed upon filing with the clerk on the court and remained sealed unless and until ordered to be unsealed by the District or Circuit Court of the Second Circuit. I make this request as the Affidavit contains personal and confidential information of the suspect, as well as identifying information on the victim of a sexual assault. The affidavit also contains details related to sexual offenses, which if the details became known, could be socially damaging or embarrassing for the victim and which could provide associates of the suspect with information needed to intimidate or bribe the victim into no longer cooperating with law enforcement and prosecutor staff;

## CONCLUSION:

16. Based upon the information contained within this Affidavit which details the investigation to date, I believe that the requested search warrant authorizing search of the **TARGET VEHICLE** bearing Hawaii Plates **LAJ777**, located at **2201 Pi'ilani Highway, County of Maui, State of Hawaii, the Kihei Police Station**, will result in the recovery of items that constitute the fruits, instrumentalities or evidence of the offenses that are under investigation and respectfully seek issuance of said request search warrant(s); and

A-6

That further Affiant sayeth naught.

Det. Gregg K. Katayama.
CRIMINAL INVESTIGATION DIVISION
MAUI POLICE DEPARTMENT

Subscribed and sworn to before me
this 16th day of March, 2020

**Sgd./Kirstin Hamman (Seal)**

Judge of the above-entitled Court

A-7

SW2020-0123

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
STATE OF HAWAII

| | |
|---|---|
| IN RE THE APPLICATION OF | ) |
| | ) |
| A SEARCH WARRANT | ) |
| | ) |
| BY THE STATE OF HAWAII | ) |
| | ) |

RETURN AND AFFIDAVIT

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS. |
| COUNTY OF MAUI | ) | |

FILED 2020 MAR 23 AM 9: 15 V. SHIHARA, CLERK SECOND CIRCUIT COURT STATE OF HAWAII

The undersigned, having received the foregoing Search Warrant dated the __16th__ day

of _____March 2020_____, executed it as follows:

On the __16th__ day of _March_, 2020, at __10:52__ o'clock a.m, I served a

copy of the Search Warrant upon a white 2008 Toyota pickup truck bearing HI license

plates LAJ 777 and searched the vehicle as described in said Search Warrant; and seized the

properties shown in the inventory attached hereto and marked EXHIBIT "A".

I hereby certify that this is a full, true
and correct copy of the Original.

_____
Clerk, Second Circuit Court

-R1-

# EXHIBIT 2

I left a receipt for the properties shown in said inventory within said vehicle.

This inventory was made in the presence of Detective J. ACOSTA.

I swear that the inventory attached hereto is a true and detailed account of all the

properties taken by me on the Search Warrant.

Detective Gregg K. Katayama
Criminal Investigation Division
Maui Police Department

Subscribed and sworn to and returned

before me this 23[th] day of

March, 2020.

**Sgd./Douglas J. Sameshima (Seal)**

District Judge of the above-entitled Court

-R2-

Case 1:22-cr-00023-DKW   Document 74-2   Filed 04/17/23   Page 3 of 3   PageID.249

JW C020 — 0123

**EXHIBIT "A"**

The items listed below were recovered as evidence following the execution of a search warrant at _____

2201 PIILANI HWY . KIHEI , County of Maui, on 3/16/20 at 1052 hours.

1) 1 - PHONE FOUND ON CENTER CUP HOLDER

2) FIVE PURPORTED MARIJUANA CIGARETTES FOUND WITHIN CUP HOLDER

3) COOKIES BRAND LEMONCELLO THC CENTER CUP HOLDER

4) A FOUR PACKETS W/ WHITE POWDER W/IN SASSOUNI TIN
   B SIX PACKETS W/ WHITE POWDER W/IN RED CONTAINER
     FOUR PACKETS W/ WHITE BAGS "         "
   C. PACKWOOD INDICA
   D. BUTANE TORCH
   A TO D FOUND W/IN BLACK PURSE LOCATED W/IN CENTER CONSOLE

5) US CURRENCY 30x20 4x10 1x5 TOTAL $645.—
   FOUND W/IN BLACK BAG

6) HDL H00393826 LYLE CUMMINGS FOUND W/IN CENTER CONSOLE

7) FOUR PACKETS W/ WHITE POWDER W/IN 1-PHONE CASE FOUND W/IN CENTER CONSOLE

8) BUTANE LIGHTER FOUND W/IN CENTER CONSOLE AREA

9) A. E-GO BRAND CASE
   B. VAPING DEVICE
   C. SMALL CONTAINER W/ BROWN RESIDUE
   D. MULTI-COLOR CONTAINER W/ BROWN RESIDUE

END 1130 HRS.

Recipient: _____     Witnessed by: _____
Date: _____ Time: _____   Date: 3/16/20  Time: 1130 AM
                              Witnessed by: DET. ___ 10493
                              Date: 03/16/20  Time: 1130

000050

CUMMINGS 000___



EXHIBIT 3



000052







000055





DKW Document 74-3 Filed 04/17/23 P...





000060

# EXHIBIT 5

# Video – Interview 2.avi

# EXHIBIT 6

# Video – IMG_0036.MOV

# EXHIBIT 7

# Video – IMG_0037.MOV

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CHRISTINE OLSON
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Christine.Olson2@usdoj.gov
         Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00023 DKW |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' OPPOSITION |
| vs. | ) | TO DEFENDANT'S MOTION TO |
| | ) | SUPPRESS STATEMENTS, ECF 70; |
| | ) | GOVERNMENT'S EXHIBITS 1- |
| | ) | 5; DECLARATION OF ANDREW |
| | ) | CABRAL (EXHIBITS A-D) |
| | ) | CERTIFICATE OF |
| | ) | SERVICE |
| LYLE RIKIO CUMMINGS, | ) | |
| | ) | |
| | ) | Hearing: April 21, 2023 at 10:00 a.m. |
| Defendant. | ) | Chief Judge Derrick K. Watson |
| | ) | |

1

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS, ECF 70

By and through the undersigned, the United States hereby files its opposition to Defendant Lyle Rikio Cummings' Motion to Suppress Statements (the Motion to Suppress), filed on March 24, 2023, ECF No. 70. The motion papers and exhibits before the Court show that Defendant's arguments are without legal merit. There are also no material facts or omissions in dispute that would warrant an evidentiary hearing—the Court can decide the legal issues based on the motion papers and supporting exhibits without the need for additional testimony or credibility determinations.

## I.     SUMMARY OF ARGUMENT

A. Defendant's Arguments in the Motion to Suppress Have No Merit.

In the instant Motion to Suppress, without providing any legal support or citing to any case law, the defendant argues that his statements made to federal and state law enforcement officials should be suppressed. In his motion, the defendant fails to identify which statements should be suppressed. For purposes of this response, and based on the context of the motion, the government assumes the defense is attempting to suppress a March 15, 2020 post-arrest recorded interview of the defendant with law enforcement. In that video recording, the

2

defendant effectively admits to the conduct underlying the enticement charge (referred to as the "Video Interview").

Without stating as such, the defendant appears to now be generally challenging voluntariness, whether he invoked his right to counsel during the Video Recording (such that any statements after that invocation would be suppressed), and whether the defendant invoked his right to remain silent at the outset of his post-arrest interview on a waiver of rights form. Defendant's arguments on voluntariness are unsupported and contrary to the undisputed evidence attached to this response. Defendant's argument about the invocation of his right to a lawyer during the Video Recording was specifically tailored to an issue about a polygraph and not about the continued questioning in the Video Recording. Defendant's arguments about the waiver of rights form involves a basic factual misunderstanding of the proper form attached to the post-arrest interview in the Video Recording.

Besides the statements in the Video Interview, the government is not aware of other statements that would have an arguable basis for suppression in this case. However, in an abundance of caution to address all pertinent statements made by the defendant, the government points out that the defendant did tell MPD officers the passcode to his cellular telephone during his initial arrest on March 15, 2020. Clear video of the arrest shows that Defendant was given his *Miranda* rights just

3

prior to giving the passcode and that the defendant gave the passcode voluntarily and without any coercion whatsoever. *See* Exhibit 4, Arrest Video 1, gov't bates no 94. Thus, any argument about suppressing the passcode statement would be without legal or factual merit.[1]

### B. An Evidentiary Hearing is Unwarranted.

Based on the attached exhibits, an evidentiary hearing would not be necessary here to resolve disputed issues of material fact. The defendant does not appear to be disputing the accuracy of the Video Interview or other exhibits attached to this response. Thus, the Court can view and rely on these exhibits as an undisputed recitation of events. *See* Exhibits 1-5. *See also* Declaration of Andrew Cabral and Exhibits A-D.

A defendant is not entitled to an evidentiary hearing as a matter of right. Here, it appears that there are no disputed material issues of fact that would require the testimony of witnesses at an evidentiary hearing. Defendant's unsupported general assertions about his disabilities are insufficient to create

---

[1] Moreover, even if there were a colorable suppression argument, the contents of the cell phone should not be suppressed in this case. As evident in the short arrest video (Exhibit 4), the conditions surrounding the defendant's post-Miranda passcode statement do not demonstrate the kind of psychological or physical duress needed to show involuntariness. *See, e.g., United States v. Hernandez,* 2018 WL 3862017, at *3-5 (S.D. Cal. Aug. 13, 2018) (citing *United States v. Gonzalez-Sandoval,* 894 F.2d 1043, 1048 (9th Cir. 1990)).

4

contested issues of fact on voluntariness.[2]  Moreover, defendant does not appear

to be challenging the uncontradicted evidence or any credibility issues relevant to

the suppression issues that he raises.[3]

## II.  BACKGROUND

On March 15, 2020, the defendant, Lyle Rikio Cummings, was arrested by

the Maui Police Department (MPD) after engaging in an attempt to coerce and

induce a 13-year-old minor to engage in sexual activity with him.  ECF No. 1.

Unbeknownst to Cummings at the time of his arrest, he was part of an online

---

[2] *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.") (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986), *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990), *United States v. Irwin*, 612 F.2d 1182, 1187 n.14 (9th Cir. 1980), and *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972)); *United States v. Wardlow*, 951 F.2d 1115, 1116 (9th Cir. 1991) (the broad declaration of defense counsel asserting that the defense motion's statement of facts was based upon discovery, rather than a declaration from an individual competent to testify, was not sufficient to require the granting of an evidentiary hearing); *United States v. Marcello*, 731 F.2d 1354, 1358 (9th Cir. 1984) ("[T]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a desire to cross-examine.").

[3] *United States v. Woodson*, No. CR 11-00531 WHA, 2011 WL 5884913, at *6 (N.D. Cal. Nov. 23, 2011) (denying a defense request for an evidentiary hearing because "mere refusal to accept the uncontradicted evidence does not create a material issue of fact"); *United States v. Walker*, 239 F. Supp. 3d 738, 739 (S.D.N.Y. 2017) ("While [an evidentiary hearing] might have been warranted if there were important credibility issues that could not be addressed from the paper record, the defendant has made no showing that that is the case here."); *United States v. Martinez*, 992 F. Supp. 2d 322, 325–26 (S.D.N.Y. 2014) ("A defendant is not entitled to an evidentiary hearing in connection with a motion to suppress unless he can show that there are 'contested issues of fact going to the validity of the search' " and in the absence of an affidavit "by someone with personal knowledge that disputed facts exist" an evidentiary hearing is unnecessary) (citations omitted).

undercover operation where law enforcement posed as a 13-year-old girl. *Id.* On March 13-15, 2020, using an online communications platform as well as text messaging, Cummings traded a series of messages with the undercover officer. In the chats, among other things, Cummings offered to take who he believed was the young girl shopping, sent her photographs of cash, offered her marijuana, and discussed engaging in sexual activity with her. Before and after his arrest, investigators sought to identify the online chatter and connect the arrested Cummings to the online activity with the undercover officer.

Cummings was arrested outside his vehicle when he drove to meet the fictitious minor. *Id.* MPD arrested Cummings after he drove a vehicle to a designated location in or around Kihei, Maui to meet the fictitious minor. *Id.* At around 8:00 p.m. on March 15, 2020, upon his arrest, and outside of his vehicle, Cummings was handcuffed and verbally Mirandized by a law enforcement officer, MPD Detective Oran Satterfield. This arrest is captured on videos in Exhibits 4 and 5.

Cummings was then taken to the Kihei Police Station. At the Police Station, on or around 8:30 p.m., Cummings was interviewed on video by two law enforcement officers, MPD Officer LeeAnn Galario-Guzman and Homeland Security Investigations Agent Laura Dai. *See* Exhibit 1 (Video Recording). At

that time, prior to the commencement of the interview, Cummings was presented with and signed a waiver of rights form, MPD form 103 #1. *See* Exhibit 3.

Maui County charged Cummings with the enticement activity shortly after his arrest in March 2020. Specifically, he was charged with Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes 707-756. Cummings was then charged in a two-count federal criminal complaint on June 18, 2021, with enticement of a minor, in violation of 18 U.S.C. § 3422(b), and the possession and distribution of controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C). On March 24, 2022, he was indicted by a grand jury on the same two charges.

### III.   GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

A. Legal Summary

A suspect must be given *Miranda* warnings prior to custodial interrogation to protect the right against self-incrimination guaranteed by the Fifth Amendment. *Miranda v. Arizona*, 384 U.S. 436 (1966). There is no disputed issue on this point in this case. Defendant was given clear Miranda warnings verbally at his arrest and then presented with them again during his post-arrest interview at the Kihei Police Station where he voluntarily signed a waiver of rights form.

As to voluntariness, it is the government's burden to prove by a preponderance of the evidence that a criminal defendant's statement was voluntary. *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981). Under the Fifth Amendment, a suspect has the right to remain silent and choose to speak only of his own free will. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A statement made as a result of physical intimidation or psychological pressure is considered involuntary. *Townsend v. Sain*, 372 U.S. 293 (1963).[4] Defendant provides no basis to suppress his voluntary post-arrest and post-Miranda statements in this case.

First, the defendant suggests that statements he made to law enforcement should be suppressed because he is a "disabled American[]" and "suffers notably from comprehension problems, inexperience in legal matters, and has diagnosed psycho-social disabilities that are exhibited in being easily persuaded and not wanting to trigger displeasure or hostility, especially from strangers or those in authority. Federal and State officers are trained to be aware of this and not take

---

[4] "The due process test takes into consideration the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Dickerson v. United States*, 530 U.S. 428, 434, (2000). These details include "duration and conditions of detention ... the manifest attitude of the police toward [him], [his] physical and mental state, the diverse pressures which sap or sustain [his] powers of resistance and self-control—is relevant." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961).

advantage of this or exert their authority in a manner designed to deny disabled Americans their constitutional rights." Motion at p.3. The government views this essentially as a voluntariness challenge. The defendant raises these issues about his purported mental state for the first time in his motion. He has provided no evidence of any such disability and cites to no case law supporting this argument. Further, the unchallenged accuracy of the videos of the defendant during the arrest and the Video Interview do not suggest any obvious or apparent disability or comprehension problem that would support the defendant's argument or undermine the knowing and voluntary nature of the defendant's post-Miranda statements. *See* Exhibits 1, 4, and 5. Upon review, these three videos also show that law enforcement did not engage in any kind of coercion or unduly persuasive tactics during the course of their interactions with the defendant. *See id.* Thus, the defendant's unsupported blanket assertions surrounding the defendant's psychological conditions, such that he is "easily persuaded" and is inexperienced in legal matters, do not warrant suppression of his statements to law enforcement.[5]

The voluntariness inquiry is based on the totality of the circumstances. Defendant does not raise any other matter that would demonstrate undue coercion,

---

[5] Defendant cites to Rule 47 of the Federal Rule of Criminal Procedure. The government presumes this is a typographical error and that the defense meant to refer to Rule 41 of the Federal Rules of Criminal Procedure. However, the relevant inquiry here is the Fifth Amendment of the U.S. Constitution. Defendant also cites to Hawaii law, which is not relevant here.

physical intimidation, or psychological pressure placed on him by law enforcement. The exhibits attached to this response, particularly the arrest videos and the Video Interview, show law enforcement engaged with the defendant in a calm, clear, and professional manner. The timing here also reflects voluntariness. The defendant's statements at the Kihei Police Station were provided within approximately one hour of his arrest and the interview lasted only approximately twenty minutes. Further, as discussed below in this response, when the Defendant requested medication from his vehicle, law enforcement made efforts to obtain that medication for him.

Second, the defendant argues that, while being interviewed by law enforcement on the date of his arrest as depicted in the Video Interview, he asked to talk to a lawyer, but law enforcement nevertheless improperly continued with the interview. Motion p. 3. Indeed, approximately halfway through the twenty-minute Video Interview, starting at approximately 9 minutes and 45 seconds, MPD Officer LeeAnn Galario-Guzman and the defendant discuss as follows:

> LAGG: Okay. Are you willing to do…um…polygraph exam, if we are able to do it today?
> LC: Uh…
> LAGG: A lie detector test?
> LC: …(UI) I like talk to my lawyer.
> LAGG: You like talk to your attorney? Okay. Alright. And you like talk to your lawyer because of the polygraph?
> LC: Yeah.
> LAGG: You fine talking with us still or you…you want to talk to your attorney already?

10

> LC: Depends on the questions.
> LAGG: Okay. So you're still willing for speak with us?
> LC: Yeah.
> LAGG: Okay.
> LD: Okay.

Exhibit 1; *see also* Exhibit 2 (transcript at p.11) After that clarification colloquy, law enforcement continues with the interview and asks the defendant questions to which he continues to respond without asking for an attorney for the remainder of the interview. *Id.*

The Video Interview speaks for itself and there are no disputed issues of fact for an evidentiary hearing on this point.[6] In the recording and the supporting transcript, it is clear that the defendant was asking to talk to a lawyer *only* about the polygraph. And law enforcement was diligent and careful to clarify that his request for a lawyer was only in connection with his decision about the polygraph. Defendant expressly stated that his request for a lawyer was only about the polygraph. Law enforcement then asked him more than once if he was willing to continue talking to them without a lawyer.

---

[6] The defense might argue that the Defendant could testify at an evidentiary hearing on this issue regarding what was in his mind (e.g. whether he really meant what he said when he told law enforcement that his request for a lawyer only had to do with the polygraph issue). But law enforcement cannot be expected to guess what's in a Defendant's mind if he plainly states that he is willing to talk to them, as was the case here. A defendant cannot state to law enforcement that he/she is willing to talk and then suppress statements by arguing that he/she was thinking something other than what he/she actually communicated to law enforcement.

The defendant's request for a lawyer to discuss the polygraph issue and explanation that he said whether he would ask for a lawyer depended on the questions asked by law enforcement, underscores that he was perfectly aware of his right to not answer questions and to request counsel should he want it. He decided which questions to answer and which not to answer, as evidenced by the fact that he decided not to answer the polygraph question or consent to a polygraph. Law enforcement did not continue to press him at all about the polygraph issue and respected his request for a lawyer on that point. He then voluntarily answered the remainder of the questions.

Third, the defendant argues that he indicated that he was not willing to talk to law enforcement on an MPD waiver of rights "103" form. Motion p. 4. Although true, the defendant confuses the relevant documents in this case. The form identified by the defendant in his motion, MPD form 103 #2, is entirely irrelevant to any statements that the defendant made to law enforcement in this case. The government has provided exhibits attached to this response (*e.g.*, two arrest videos and the Video Interview), the Declaration of former MPD Sergeant Andrew Cabral, and supporting documents to further clarify the context and use of MPD waiver of rights forms, including MPD form 103 #2. *See* Declaration, Exhibit A.

At the beginning of the Video Interview at the Kihei Police Station on
March 15, 2020, as shown on the video, law enforcement again tells the defendant
that he is not obligated to speak to them and that it is up to him to decide if he
wants to speak to them. *Id.* The Video Interview shows that Officer LeeAnn
Galario-Guzman handed him an MPD waiver of rights 103 form, which listed his
various post-arrest Miranda rights. *Id.* Officer Galario-Guzman then read his
rights to him out loud and the defendant put his initials next to each right. *Id.* The
waiver form also contains the following question:  "Would you like to waive your
rights and speak with me now:" Exhibit 3 (MPD 103 form #1).  Defendant
initialed "YES" in response to that question. *Id.* The time next to the defendant's
signature on that form is correctly listed as "8:38 p.m." and the date is correctly
listed as March 15, 2020, which coincides with the video recording. *Id.*

It is evident that Exhibit 3, signed at 8:38 p.m., is indeed the form that the
defendant initialed and signed during the video interview because the interviewer
states at the beginning of the video that the interview began at 8:35 p.m. on March
15, 2020, and the defendant can be seen signing the form shortly after the
interview begins. *See* Exhibit 1(Video Interview).  As the defendant is reviewing
the form on the video, Officer Galario-Guzman also verbally explains to him that
he can decline to speak with her and the HSI agent who was present and that he
could leave with other officers. *Id.* Defendant then verbally responds "yeah,"

when asked if he wants to speak with the officer. *Id.* The interview lasts approximately 20 minutes. *Id.* The officer notes on the video that the interview ends at 8:57 p.m. *Id.*

Later that same evening, after his interview and prior to being moved to another MPD facility, the defendant asked law enforcement for access to his medication that was located in his vehicle. *See* Declaration of Andrew Cabral (also referred to as the "Declaration").[7] While at the Kihei Police Station, as part of the plan to escort the defendant to his truck to obtain his medication, the defendant was once again advised of his constitutional rights by using a second MPD waiver of rights 103 form. Declaration, Exhibit A (MPD 103 form, gov't bates #48 (MPD 103 form #2)). On the MPD 103 form #2, the defendant initialed and signed it, and wrote the accurate time of his signature of 10:11 p.m. on March 15, 2020. *Id.* Because this form was only for purposes of obtaining his medication and not for the purpose of giving statements to law enforcement, the defendant circled "NO," indicating that he was not willing to speak to law enforcement while obtaining his medication. *Id.* Defendant also signed a Consent to Search form in connection with obtaining his medication from his truck. *See* Declaration, Exhibit

---

[7] Defendant's vehicle had been impounded at the Kihei Police Station after the defendant's arrest. *Id.* Defendant informed officers that his medication was located in an orange bag inside the vehicle (a truck) that he drove earlier that day to meet up with what he believed was a 13-year-old for sex. *Id.*

14

C (MPD Form #113, gov't bates #44).  Defendant signed this form on March 15,

2020 at 10:14 p.m.  *Id.*  Also attached for reference is a list of items recovered

from the search of Defendant's truck, including his medications.  Declaration,

Exhibit D (gov't bates #46).  The report MPD Officer Cabral created at or around

the time of events corroborates this timeline and these documents to demonstrate

that the 10:11 p.m.  MPD 103 form #2 was not connected to any statements of the

defendant in this case.  *See* Declaration, Exhibit B (gov't bates #223).  Thus, the

form that defense relies on in his Motion to Suppress (MPD form 103 #2) is

irrelevant to any of the statements that he seeks to suppress.  That form relates only

to obtaining the defendant's medication and was signed  well after the completion

of his arrest and interview on March 15, 2020.  Therefore, the government

respectfully requests that the defendant's motion to suppress statements be denied.

DATED: April 14, 2023, at Honolulu, Hawaii.

Respectfully Submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By *Christine Olson*
   Christine Olson
   REBECCA A. PERLMUTTER
   Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

15

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following via email:

JOSEPH R. MOTTL, III

Counsel for defendant Lyle Rikio Cummings

DATED: April 14, 2023, at Honolulu, Hawaii.

/s/ Christine Olson
United States Attorney's Office
District of Hawaii

16

000079

# EXHIBIT 1

# Video – Interview 2.avi

Case 1:22-cr-00023-DKW   Document 75-2   Filed 04/17/23   Page 1 of 21   PageID.280
**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                          **Case Number:  HL07QS20HL0007**

## INTERVIEW OF LYLE RIKIO CUMMINGS

The following was transcribed by Homeland Security Investigations (HSI) Special Agent (SA) Special Agent (SA) Murray Acosta from October 2-6, 2020.  The transcript describes an audio/visual recording interview of Lyle Rikio CUMMINGS at the Maui Police Department, Kihei Substation which took place on March 15, 2020.

Legend:
| | |
|---|---|
| LAGG: | Maui Police Department, Detective Lee Ann Galario-Guzman |
| LC: | Lyle Rikio CUMMINGS |
| LD: | HSI SA Laura Dai |
| IA: | Inaudible |
| UI: | Unintelligible |

(Video Camera Activated)

(LD presents her badge and credentials for LC to observe and inspect.)

LD:         I'm a Special Agent with Homeland Security [Investigations].  We're working together.

(LC affirmatively nods his head.)

Yeah.  Yeah.

LAGG:     Okay.  So...um...before I ask questions, we're going to read you your rights and then...(UI) it's up to you if you want to say anything or not.  Okay?  But...um... let me start with this okay.

(LAGG presents MAUI POLICE DEPARTMENT, YOUR CONSTITUTIONAL RIGHTS form to LC.)

Okay, so...today's date is March 15, 2020.  The time now is 8:36 p.m.  We're in the Kihei Police Station, in interview room number two.  Um...state your full name.

LC:        Lyle R. Cumming'...Rikio Cummings.

LAGG:     Ly'...Lyle...

LC:        Rikio Cummings.

LAGG:     Rikio...?

**M. ACOSTA**

**Page 1 of 21**

                                                    CUMMINGS_000764

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

(LC affirmatively nods his head.)

Okay.  Okay…uh…this is for report number 20-010287.  Um…regarding Electronic Enticement of a Child in the First Degree.  Okay.  Lyle, before we start, yeah, you can…um…write your full name over here on the top.

(LAGG hands LC a pen to write with.  LC writes his name on the MAUI POLICE DEPARTMENT, YOUR CONSTITUTIONAL RIGHTS form.)

And then I going read this aloud to you, you just g'…follow with me.  Yeah, after every sentence I like you initial…after I'm done reading the…the sentence.  It's just so you understand it.  Alright?

(LAGG reads from the MAUI POLICE DEPARTMENT, YOUR CONSTITUTIONAL RIGHTS form.)

"Before we ask you any questions, we want to tell you about your rights." So if you understand that, can you initial.

(LC writes his initial.)

Uh…"You have the right to remain silent."  You understand?  You understand that?

(LC writes his initial.)

LC:        Yes.

LAGG:    Okay, "Anything you say can be used against you in court."

LC:        Yes.

(LC writes his initial.)

LAGG:    You understand?  Okay.  "You have the right to talk to a lawyer for advice before we ask you any questions and to have your lawyer with you during questioning."  You understand?

LC:        Yeah.

(LC writes his initial.)

LAGG:    Okay…um…"If you cannot afford a lawyer one will be appointed for you before any questioning."  You understand?

LC:        Yes.

M. ACOSTA

**Page 2 of 21**

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

(LC writes his initial.)

LAGG:    Okay.  Initial please.  Okay…so…we'll ask you…skip that part and just like you read this one out loud.  And if you understand it sign, today's date, and time.

LC:    "I understand the English language.  I have read and heard this statement of my rights and I understand what my rights are."

LAGG:    You understand, yeah, what just read?

LC:    Yeah.

LAGG:    Okay.  Just sign

(LC signs his name.)

Today's date is March 15, 2020.

(LC writes the date.)

Right now it's 8:38 p.m.

(LC writes the time.)

Okay and the next line is "Would you like to waive your rights and speak with me now?"  So…like I…like how you…right now is…if you want to speak with us and then later on say you don't to speak with us, that's fine.  We'll end the conversation and…and you get…um…taken with the officers out there.

LC:    Okay.

LAGG:    You want to speak with me?

LC:    Yeah.

LAGG:    Okay.

(LC writes his initials on the line corresponding with the word "Yes" indicating that he wished to speak with law enforcement.  LC then hands the RIGHTS form to LAGG.)

(LAGG signs her name on the "Warnings given by" section on the form and writes the date and time.)

**M. ACOSTA**

**Page 3 of 21**

                    CUMMINGS_000766

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

Okay, Lyle, so…tonight…um…

(LD signs her name on the "Witness" section on the form and writes the date and time.)

You know why you're here?

LC:       Yes.

LAGG:     Okay.  Why…why you're here?

LC:       Because I was…on the phone with one…supposedly, one young girl.

LAGG:     Okay.  How young did this girl say she was, the person you was on the phone with?

LC:       On the phone said eighteen.

LAGG:     You sure she said eighteen?

LC:       On the phone it said eighteen.

LAGG:     What phone…what phone like…what are you talking about?

LC:       Get…get their name and age on the top.

LAGG:     Okay you were on…what…your…your regular phone or some kind of social media site?

LC:       Yeah, one site.

LAGG:     Okay, what site was this?

LC:       *Skout.*

LAGG:     You was on *Skout*?  So on *Skout* she said she was eighteen?

LC:       It had it on top…eighteen.

LAGG:     Did she talk to you in any other format?  Did she continue to talk to you on *Skout* or…did she talk to you in any other way?

LC:       (UI.)

LAGG:     Did she send you messages?  You sent her messages?

**M. ACOSTA**

**Page 4 of 21**

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                              **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | We both sent back and forth. |
| LAGG: | Okay. |
| LC: | Then she gave me her number. |
| LAGG: | Okay, so you got her number? |
| LC: | She gave me her number. |
| LAGG: | Okay. |
| LC: | Text her. |
| LAGG: | Okay, so you were texting her? |
| LC: | Yup.  (Affirmative.) |
| LAGG: | Okay, and so what was the conversation then? |
| LC: | Um…"What you like do?" and I…was, "Whatever.  If you like hang out." |
| LAGG: | Okay.  Okay, so…um…what else was said in that conversation? |
| LC: | She kept asking what I like do?  What I like do?  I said, "I don't know.  If you like hang out, we can hang out." |
| LAGG: | Okay, did she at any time mention how old she was during those conversations? |
| LC: | Uh…she mentioned her cousin was seventeen. |
| LAGG: | Her cousin was seventeen.  What about her?  Did she mention how old she was? |
| LC: | Um…no.  (Negatively shakes his head.) |
| LAGG: | Okay, so…not at any time did sh'…you…you sure she never mention her age because…um… |
| LC: | I think she said…she going be…she was fourteen or something. |
| LAGG: | Fourteen?  Okay, she said she was going to turn fourteen, I think, yeah?  She was going turn fourteen next month.  But if I understand correctly, from the messages. |

**M. ACOSTA**

CUMMINGS_000768

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | I think so. |
| LAGG: | Okay.  So you know sh'…you know, at that point, she was…around thirteen or fourteen? |
| LC: | (UI) she was young. |
| LAGG: | Yeah.  And you continue conversation? |
| LC: | Um…she kept asking, oh, if I, "What you like do?  What you like do?" |
| LAGG: | Mm-hmm.  (Affirmative.) |
| LC: | I was like, "Oh, whatever, if you like hang out."  'Cause she was having problems with her cousin or something she said. |
| LAGG: | Okay.  And…you remember what else was said? |
| LC: | Mmmm.  (Pondering.)  (UI) cruise with you if you like. |
| LAGG: | Okay.  And was there any conversation of wanting to…um…participate in any type of sexual… |
| LC: | At one point… |
| LAGG: | …contact? |
| LC: | …she kept going and going, I just wen'…say I would do something. |
| LD: | Okay. |
| LAGG: | Remember what you said? |
| LC: | Yeah. |
| LAGG: | What was that you said on text? |
| LC: | "I'll eat your pussy." |
| LAGG: | Okay, you told her that on text messaging? |
| LC: | Yes. |
| LAGG: | Okay, and…did the conversation continue?  You remember what else you said? |

**M. ACOSTA**

CUMMINGS_000769

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                              **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | Umm.  (Negatively shakes his head.)  That's about it. |
| LAGG: | That's about it. |
| LC: | (UI) but…I just…I wasn't in for that…I just wanted for cruise. |
| LAGG: | Okay, so you remember telling her that you were wanting to be in a relationship with her? |
| LC: | No. |
| LAGG: | And you were going to treat her to whatever she wants? |
| LC: | Yes. |
| LAGG: | Bring her to… |
| LC: | (UI.) |
| LAGG: | Mm-hmm.  (Affirmative.)  You remember that conversation? |
| LC: | Yes. |
| LAGG: | Okay.  Um…also you remember…uh…asking her…um…wanting to sh'…telling her that you would…you would shower her with money? |
| LC: | She wanted me to shower her with money, she said. |
| LAGG: | Okay.  And you said you was going to bring down some money…for her, in the conversation you guys…text conversation you guys had? |
| LC: | I said, I would have money with me. |
| LAGG: | You said you would have money with you.  Did you bring money with you… |
| LC: | (Shrugs his shoulders.) |
| LAGG: | …to give to her? |
| LC: | No, I guess…well, what I carry with me. |
| LAGG: | What you usually carry with you? |
| LC: | I have a few hundred. |

**M. ACOSTA**

CUMMINGS_000770

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LAGG: | A few hundred.  What is a "…few…" like…? |
| LC: | Three hundred. |
| LAGG: | Three hundred.  That's all you…you have? |
| LC: | Uh…uh…I had…uh…I just got paid so I had…(UI) had my paycheck with me. |
| LAGG: | How much you usually get paid? |
| LC: | I had eleven hundred. |
| LAGG: | Okay.  So you had eleven hundred i'…on you? |
| LC: | No.  (Negatively shakes his head.)  I did not. |
| LAGG: | You just had three hundred from the eleven hundred? |
| LC: | I had…I had a little more…I had more than three hundred.  I not sure exactly. |
| LAGG: | Okay.  So you have around three hundred?  A little bit more or a little bit less? |
| LC: | Maybe five…five…five hundred or something. |
| LAGG: | Um…do you do this often? |
| LC: | I…I go on the website for…but I never did go to (UI). |
| LAGG: | Okay, you ever go…um…on any other sites…besides *Skout*? |
| LC: | I have like *MeetMe* but I never do…I don't go on that. |
| LAGG: | Okay.  So you have a *MeetMe* account? |
| LC: | I…uh…it's same as…it's same as *Skout*, I believe. |
| LAGG: | Same as *Skout*?  Okay.  So you have a *Skout* accout, *MeetMe* account.  Any others? |
| LC: | *Snapchat.* |
| LAGG: | *Snapchat.* |

**M. ACOSTA**

CUMMINGS_000771

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | *Instagram.* |
| LAGG: | Okay. |
| LC: | *Facebook.* |
| LAGG: | Okay. |
| LC: | I don't know if *TikTok* is one of those whatever. |
| LAGG: | Okay. Have you ever…um…been involved in any other…um…in other relationships with any of the other people you chat with? |
| LC: | Oh, I usually before (UI) Vegas (UI). |
| LAGG: | And what is this…through just text messaging or you… |
| LC: | Hmmm.  (Ponders.) |
| LAGG: | 'Cause certain parts of Vegas is legal, right, for…outside of Vegas…um…actually in Nevada… |
| LC: | Yeah. |
| LAGG: | …right?  Okay, so… |
| LC: | (UI) for meet people. |
| LAGG: | "…for meet people."  Okay…um…let me…this ques'…let me read…read this question and…:  Anybody under the age of sixteen? |
| LC: | (Negatively shakes his head.) |
| LAGG: | You ever been involved with…any… |
| LC: | No. |
| LAGG: | …female under the age of sixteen? |
| LC: | No. |
| LAGG: | Okay.  So you saying that this is your first time? |
| LC: | I wasn't involved with her? |
| LAGG: | Involved with who? |

**M. ACOSTA**

**Page 9 of 21**

                                   CUMMINGS_000772

Case 1:22-cr-00023-DKW   Document 75-2   Filed 04/17/23   Page 10 of 21   PageID.289
**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

LC:         This girl.

LAGG:      Okay.  No but (UI) are you...were you involved with anybody else under
            the age of sixteen...

LC:         No.  (Negatively shakes his head.)

LAGG:      ...besides today?

LC:         No.  (Negatively shakes his head.)

LAGG:      And d'...do you take medication for anything?

LC:         Yeah.

LAGG:      What you take medication for?

LC:         High blood pressure, diabetes...

LAGG:      Mm-hmm.  (Affirmative.)

LC:         ...all kind.

LAGG:      Okay.  And you took your medication already tonight?

LC:         I take it every morning.

LAGG:      (UI) every morning.  Where is that medication now?

LC:         At home.

LAGG:      So the medication that you going need?

LC:         (IA.)

LAGG:      You take it every morning:  your blood pressure and diabetes.

LC:         (UI.)

LAGG:      Okay.  Um...other than that, you...you do any other type of drugs or
            you...you took any other type of drugs?

LC:         Marijuana.

**M. ACOSTA**

CUMMINGS_000773

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LAGG: | Marijuana.  Guess when…how long ago was it? |
| LC: | Hmm.  (Ponders.)  Like six o'clock this evening… |
| LAGG: | Okay. |
| LC: | …after dinner. |
| LAGG: | Okay.  But it's not going to prevent you from like…speaking with us or…you know, making sound decisions right? |
| LC: | It shouldn't.  (Negatively shakes his head.) |
| LAGG: | Okay.  Are you willing to do…um…polygraph exam, if we are able to do it today? |
| LC: | Uh… |
| LAGG: | A lie detector test? |
| LC: | …(UI) I like talk to my lawyer. |
| LAGG: | You like talk to your attorney?  Okay.  Alright.  And you like talk to your lawyer because of the polygraph? |
| LC: | Yeah. |
| LAGG: | You fine talking with us still or you…you want to talk to your attorney already? |
| LC: | Depends on the questions. |
| LAGG: | Okay.  So you're still willing for speak with us? |
| LC: | Yeah. |
| LAGG: | Okay. |
| LD: | Okay. |
| LAGG: | So y'…y'…you're telling us, this is the first time you've been involved with…conversation with an underage? |
| LC: | Yes. |
| LAGG: | Okay, you've never done this before? |

**M. ACOSTA**

**Page 11 of 21**

                    CUMMINGS_000774

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | No. |
| LAGG: | Um… |
| LC: | (Turns away and coughs.) |
| LAGG: | …so if we looked at your…your *Skout* account, would we be…would we find information where you're chatting with somebody under the age…would it show that…any other people besides who you spoke with today? |
| LC: | (UI) if it's (UI) I just put in…I just…I put anything on *Skout*. |
| LAGG: | Okay.  (UI). |
| LC: | (UI). |
| LAGG: | (UI.)  And so…the person that you speaking with tonight…before you got here, what was her name? |
| LC: | Uh…Kiana (phonetic) I believe. |
| LAGG: | Kiana. |
| LC: | (UI) on top there. |
| LAGG: | That's what said on the…on the account. |
| LC: | Yes. |
| LAGG: | Okay. |

(Brief pause.)

(To LD.)  (IA.)

| | |
|---|---|
| LD: | Um…I do have some questions regarding…um…your chat with Kiana, earlier.  Um…if you can refresh your memory.  At one point, earlier, you said that…um…you were going to…she asked you to shower her with money. |
| LC: | Mm-hmm.  (Affirmative.) |
| LD: | How did that conversation came about? |

**M. ACOSTA**

CUMMINGS_000775

SUSPECT:  LYLE RIKIO CUMMINGS
DATE: March 15, 2020                    Case Number:  HL07QS20HL0007

LC:      She asked me…she said, oh, if I'm hustling 'cause I…I show a lot of money…oh, my pictures I get money.

LD:      Mm-hmm.  (Affirmative.)

LC:      'Cause I put pictures of money.

LD:      Okay, what else?

LC:      What you mean, "What else?"

LD:      Um…like, you were going to take her shopping and stuff.  Wha'…tell me about that?

LC:      I just told her, "If you like go hang out," I…I go take her shopping.

LD:      Mm-hmm.  Mm-hmm.  (Affirmative.)  What was your intent to take her to shopping?

LC:      Make her feel good.

LD:      Mm-hmm.  (Affirmative.)  Were you planning to buy her stuff?

LC:      Umm…I'm not sure.

LD:      Or was it just like…talking about it?

LC:      (UI) talk.

LD:      Mm.  (Affirmative.)  Did you have plan to take her to Wailea or anywhere to shop…and buy her stuff?

LC:      No.

LD:      Mmm, okay.

LAGG:    'Cause in your text conversation I believe it says that you will shower her with gifts.

LC:      Not, I said I would (UI) her go.

LAGG:    (UI.)

LD:      Mm-hmm.  Mm-hmm.  (Affirmative.)

**M. ACOSTA**

**Page 13 of 21**

**SUSPECT:   LYLE RIKIO CUMMINGS**

**DATE: March 15, 2020**                           **Case Number:   HL07QS20HL0007**

| | |
|---|---|
| LAGG: | (UI) but…I'm saying that "…if you want to be my girlfriend…" and then she's saying, "What do you want?  What do you want?" and you ask her what she wanted? |
| LC: | Right. |
| LAGG: | Yeah, so you're trying to initiate a relationship with Ki'…Kiana? |
| LC: | No. |
| LAGG: | No?  Just (UI) to hook up? |
| LC: | Just hang out.  She said like she needed…she was in trouble…like she…she…I don't know.  Nowadays, kids they get in trouble sometimes they need somebody just for talk to. |
| LD: | Mm-hmm.  (Affirmative.) |
| LC: | It seems like she kind of in that situation? |
| LD: | Mm-hmm.  (Affirmative.)  Are you in any relationship with anyone that…right now? |
| LC: | Yes, I am. |
| LD: | Okay, are you married? |
| LC: | No. |
| LD: | Okay, you have a girlfriend? |
| LC: | Yes. |
| LD: | Okay, you mind sharing her name? |
| LC: | Vienna.  (Phonetic.) |
| LD: | Vien'…how old is Vienna? |
| LC: | She's thirty-seven. |
| LD: | Mm-hmm.  (Affirmative.)  Does she know that you… |
| LC: | (Negatively shakes his head.) |
| LD: | …came out?  Okay.  Are you living with…with her…right now? |

**M. ACOSTA**

CUMMINGS_000777

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                          **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | I kind of stay with her. |
| LD: | Okay, where does she live? |
| LC: | On South Kihei Road. |
| LD: | South Kihei Road.  Oh, okay.  You said she's about thirty-six years old? |
| LC: | Thirty-six.  Thirty-seven.  Ten... |
| LD: | Thirty-six... |
| LC: | ...years younger. |
| LD: | ...thirty-seven.  What's Vienna's last name? |
| LC: | Ki'...Kihana...Kihana...Kihana |
| LD: | Kihana. |
| LC: | (UI.) |
| LD: | Okay.  Does she work? |
| LC: | Yes. |
| LD: | Where does she work? |
| LC: | *Three's Bar & Grill.* |
| LAGG: | *Three's Bar & Grill.* |
| LD: | Oh, okay. |
| LAGG: | The number three. |
| LD: | Okay, sorry I'm not familiar with... |
| LAGG: | No.  No.  No, I'm familiar with the area. |
| LD: | You have any children? |
| LC: | No. |
| LD: | No.  Anyone else you have a relationship with besides your girlfriend? |

**M. ACOSTA**

CUMMINGS_000778

**SUSPECT:  LYLE RIKIO CUMMINGS**

**DATE: March 15, 2020**                          **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | No. |
| LD: | Hmm.  (Ponders.)  How long have you been with Vienna? |
| LC: | Umm…maybe two…three years? |
| LD: | Two to three years.  Um…tell me something about her.  What do you guys normally do? |
| LC: | Oh, she works late hours so…I usually just sleep over and then go work and then we go have dinner (UI). |
| LD: | Mm-hmm.  Mm-hmm.  (Affirmative.)  Okay.  I'm trying to take you back to when you were talking to Kiana.  You mentioned that she asked you to shower her with money, right? |
| LC: | She asked me, yeah. |
| LD: | Yeah, she asked you.  How do you respond to that? |
| LC: | See I don't remember? |
| LD: | Mm…okay, what I'm trying to…to have you…when you met up with Vienna, is she the type that also wanted you to shower with…with money as well or…? |
| LC: | No. |
| LD: | No. |
| LC: | She don't ask me for that. |
| LD: | Okay.  Any'…anybody else that…ask you…or you attempt to offer any kind of money to them for any kind of sexual relationship? |
| LC: | No. |
| LD: | No.  Okay.  (To LAGG.)  Alright. |
| LAGG: | Hey, Lyle, just a few…um…information.  "Lyle," yeah, is your…Lyle Cummings? |
| LC: | Yes. |
| LAGG: | Yeah.  Your birthdate, Lyle? |

**M. ACOSTA**

**Page 16 of 21**

Case 1:22-cr-00023-DKW   Document 75-2   Filed 04/17/23   Page 17 of 21   PageID.296

**SUSPECT:   LYLE RIKIO CUMMINGS**
**DATE:  March 15, 2020**                        **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | 8-9-73. |
| LAGG: | And your Social Security Number. |
| LC: | 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. |
| LAGG: | And your home address?  Where you live? |
| LC: | 24 Nena. |
| LAGG: | Elena? |
| LC: | Nena. |
| LAGG: | Nena. |
| LC: | N-e-n-a. |
| LAGG: | Okay.  Uh…Haliimaile? |
| LC: | Yes. |
| LAGG: | Okay.  Um…where do you work at? |
| LC: | Um…(UI) in Kihei. |
| LAGG: | Um…what do you do for them? |
| LC: | T.M.O. |
| LAGG: | What is that? |
| LC: | Tractor Motor Operator. |
| LAGG: | Tractor Motor Operator. |
| LC: | Parts Department. |
| LAGG: | Okay.  You have any other number you can be reached at? |
| LC: | No.  Well, my home number but that phone not that good. |
| LAGG: | Okay, what is…what is the home phone number 'cause we…what happens is…um…you never get consent to search for your truck so we're going to apply for a search warrant and your phone is in there, as well. |

**M. ACOSTA**

**Page 17 of 21**

CUMMINGS_000780

Case 1:22-cr-00023-DKW   Document 75-2   Filed 04/17/23   Page 18 of 21   PageID.297

**SUSPECT:  LYLE RIKIO CUMMINGS**

**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | Mm-hmm.  (Affirmative.) |
| LAGG: | There is also an application for a search warrant on the phone.  Okay.  Um…what is the phone number for home? |
| LC: | 8-0-8-5-7-2-7-5-8-3. |
| LAGG: | Okay.  And this is the…another way to get a hold of you? |
| LC: | (IA.) |
| LAGG: | You have another number we can get a hold of you? |
| LC: | (IA.) |
| LAGG: | No?  Okay. |
| LD: | What about your girlfriend? |
| LC: | It's… |
| LD: | You have her number? |
| LC: | …(UI) I don't have her number…on me (UI). |
| LAGG: | (UI) your phone. |
| LD: | It's on your phone? |
| LAGG: | Okay. |
| LD: | Okay.  The phone that you were using, what number was it? |
| LC: | 8-0-8-3-5-7-3-7-1-1 |
| LD: | Okay, who is this phone subscribed to?  Are you the subscriber of this phone? |
| LC: | Yes. |
| LD: | Which services you have? |
| LC: | Verizon. |

**M. ACOSTA**

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                      **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LD: | Verizon.  How long have you been using this particular number in…with Verizon? |
| LC: | Oh, long time. |
| LD: | Like…more than five years? |
| LC: | Oh, yeah.  (UI.) |
| LD: | Less than five?  One year? |
| LC: | Maybe twenty years. |
| LD: | Maybe five years. |
| LAGG: | Twenty years. |
| LD: | Twenty.  Oh, okay. |
| LAGG: | Okay. |
| LD: | Anybody else have access to your phone?  Are you the only person using it? |
| LC: | Yeah. |
| LD: | Okay.  Is it password protected? |
| LC: | With a number? |
| LD: | Yeah, so a number. |
| LC: | Mm-hmm.  (Affirmative.) |
| LD: | So it has a…a number (UI) iPhone… |
| LC: | Mm-hmm.  (Affirmative.) |
| LD: | …or…or…something like that.  Okay. |
| LAGG: | Yeah, what kind of phone do you have? |
| LC: | iPhone. |
| LAGG: | What brand?  iPhone 7? |

**M. ACOSTA**

CUMMINGS_000782

**SUSPECT:  LYLE RIKIO CUMMINGS**
**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LC: | (Affirmatively raises his eyebrows.) |
| LD: | Okay.  Have you given your password to anybody? |
| LC: | The Detective. |
| LD: | The Detective, okay.  So...you've been using this iPhone – today is what?  Sunday – what about the last five days? |
| LC: | That's the only phone I got. |
| LD: | Okay, so the phone have always been in your possession? |
| LC: | Yes. |
| LD: | Okay.  Alright. |
| LAGG: | Yeah. |
| LD: | You have any question for me? |
| LAGG: | Or for us? |
| LD: | For us? |
| LC: | (Negatively shakes his head.) |
| LAGG: | Okay.  Like...um...what I explained earlier, when I was reading you your rights, the charges, Electronic Enticement of a Child in the First Degree...okay...um...the investigation is still ongoing so...um...we're going to check if there are more charges and so it's a pending investigation; therefore...um...I know you trying to make a phone call right now because it's still pending – the investigation – but once we're...um...clear with the investigation, the detective will come see you to let you know you can make your phone call and/or give you the...your bail amount.  Okay. |
| LC: | (Affirmatively nods his head.) |
| LAGG: | You have... |
| LC: | (Negatively shakes his head.) |
| LAGG: | ...any other questions for us?  No? |
| LC: | No.  (Negatively shakes his head.) |

**M. ACOSTA**

CUMMINGS_000783

**SUSPECT:  LYLE RIKIO CUMMINGS**

**DATE: March 15, 2020**                    **Case Number:  HL07QS20HL0007**

| | |
|---|---|
| LAGG: | Okay. |
| LD: | Well, thank you for being cooperative with us.  I appreciate you being honest and talking to us. |
| LC: | (Affirmatively nods his head.) |
| LAGG: | Okay, thank you, Lyle.  End of interview at 2057 [hours]. |
| LD: | (UI.) |

(LAGG and LD exit the interview room.  LC remains in the interview room.)

(Video recorder is deactivated.)

**M. ACOSTA**

CUMMINGS_000784

**MAUI COUNTY POLICE DEPARTMENT**

YOUR CONSTITUTIONAL RIGHTS

TO: *Lyle Rikio Cummings*_____ POLICE REPORT NO.: *20-010287*

(Print or type name of person warned)

### WARNING OF RIGHTS

Before we ask you any questions, we want to tell you about your rights. _*Lc*_

You have the right to remain silent. _*dL*_

Anything you say can be used against you in court. _*Lc*_

You have the right to talk to a lawyer for advice before we ask you any questions and to have your lawyer with you during questioning. _*Lc*_

If you cannot afford a lawyer one will be appointed for you before any questioning. _*dc*_

**(Additional Warnings to Juveniles)**

You have the right to talk to your parents, guardians, or any other adult before you are asked any questions and to have any one of them present with you during questioning._____

In certain instances, you may be subject to the same penalties and punishment as an adult._____

I understand the English language.  I have read and heard this statement of my rights and I understand what my rights are.

Signed _*Lyl R C*_____

Date _*3/15/20*_____  Time _*8:38pm*_

Would you like to waive your rights and speak with me now?     YES _*Lc*_   NO_____

Warnings given by _____  Date *3/15/20*  Time *2029 Hrs*

Witness _____  Date *03-15-2020*  Time *2039 Hrs.*

MPD Form No. 103 (9/2011)

## EXHIBIT 3

000102

CUMMINGS_000029

# EXHIBIT 4

# Video – IMG_0036.MOV

# EXHIBIT 5

# Video – IMG_0037.MOV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00023 DKW |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECLARATION OF ANDREW |
| vs. | ) | CABRAL JR. |
| | ) | |
| LYLE RIKIO CUMMINGS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>DECLARATION OF ANDREW CABRAL JR.</u>

I, the undersigned, Andrew Cabral Jr., declare that the following information

is true and accurate to the best of my knowledge, under the penalties of perjury:

1.      I, Andrew Cabral Jr., was a Police Sergeant with the Maui Police

Department (MPD) from approximately April 01, 2020, until April 08, 2023.

Generally, my duties included (but were not limited to) coordination/supervision of

the Police Recruit Academy, conducting various training within the department,

and ensuring training records within the department were maintained.

2.      On March 15, 2020, I provided some support during an operation

involving electronic enticement of minors.  I was located at the Kihei Police

Station that day during the times pertinent to this affidavit.

3.      It is my understanding that on that same day, March 15th, 2020, an

individual identified to be Lyle Rikio Cummings (hereinafter "Cummings") was

arrested by law enforcement from the MPD in connection with that operation.

4.    Following Cummings' arrest, it is my understanding that Cummings was transported to the Kihei Police Station located on Maui. Cummings' vehicle was impounded and also towed to the Kihei Police Station. While at the Kihei Police Station, and prior to being transported to the Wailuku Police Station, it is my understanding that Cummings informed law enforcement that he needed multiple medications for certain pre-existing medical conditions. Cummings stated that his medication was located in an orange bag inside the impounded vehicle. To obtain the medication, Cummings agreed to be escorted by police to his vehicle and consented to being monitored by police to obtain medication from the orange bag.

5.    While at Kihei Police Station, as part of the plan to escort Cummings to his car to obtain Cummings' medication, Cummings was advised of his constitutional rights using MPD Form #103 (the "form," attached hereto as Exhibit A, gov't bates #48). On the form, Cummings initialed and signed it, indicating that he understood his rights, and wrote the accurate time of signature of 10:11 p.m. and the date of March 15, 2020. Because this form was only used in connection with the plan to obtain Cummings' medication from his vehicle, Cummings circled "No" after the question "Would you like to waive your rights and speak with me now". Circling "No" on this form at this time indicated that he did not plan to give

2

statements about his case while obtaining his medication from the vehicle.

6.     It is my recollection upon re-reviewing the form, that Cummings initially started to circle "Yes" on this form after the question "Would you like to waive your rights and speak with me now," but he then chose instead to circle "No." My initials are reflected above the partially circled "Yes" to indicate that change. I also signed my name at the end of the form and wrote "E# 15222" near my signature to indicate that my employee number is 15222. I also put the accurate date of March 15, 2020 and time of 22:11 (that is, 10:11 p.m.) next to my signature.

7.     In a separate report that I completed and signed on or about March 15, 2020 (attached hereto as Exhibit B, government bates #223), I made a typographical error in stating that Cummings signed the form (Exhibit A) while he was at the Wailuku Police Station. In that report, the noted location was an error and should have stated that Cummings signed the form (Exhibit A) while at the Kihei Police Station, where his impounded car was located. The time of signing the form included in the report (Exhibit B) at 10:11 p.m. is accurate.

8.     I am unaware of any statements that Cummings made related to his case in connection with the form that he signed (Exhibit A) for the retrieval of his medication.

9.     Cummings was also presented with MPD Form #113, Consent to

3

Search, in connection with obtaining his medication from his vehicle. Exhibit C, government bates #44. Cummings signed the consent to search form, indicating that he consented to the search of his vehicle only for purposes of obtaining his medication. The accurate date and time next to Cummings' signature on this form indicate March 15, 2020 at 10:14 p.m. I also signed this form on March 15, 2020.

10.     Attached hereto as Exhibit D is a list of items recovered from the search of Cummings vehicle, which included his medications. Cummings and I signed the bottom of this form on March 15, 2020 at 10:30 p.m. after retrieval of Cummings' medications.

11.     I was not involved in an interview of Cummings earlier that day. Nor was I present or involved in him signing a separate MPD waiver of rights form (government bates #335) in connection with that interview.

12.     My employment with the MPD ended on or about April 08, 2023. I am currently in the process of relocating to Springfield, Missouri, and will arrive in Missouri with my family on April 17, 2023.

Dated: April 13, 2023, in Wailuku, Hawaii.

ANDREW CABRAL JR.



Case 1:22-cr-00023-DKW   Document 75-7   Filed 04/17/23   Page 1 of 1   PageID.308

## MAUI COUNTY POLICE DEPARTMENT

### YOUR CONSTITUTIONAL RIGHTS

TO: *Lyk Rikio Cumming* POLICE REPORT NO.: 20-0|0287

(Print or type name of person warned)

### WARNING OF RIGHTS

Before we ask you any questions, we want to tell you about your rights. _____

You have the right to remain silent. _____

Anything you say can be used against you in court. _____

You have the right to talk to a lawyer for advice before we ask you any questions and to have your lawyer with you during questioning. _____

If you cannot afford a lawyer one will be appointed for you before any questioning. _____

**(Additional Warnings to Juveniles)**

You have the right to talk to your parents, guardians, or any other adult before you are asked any questions and to have any one of them present with you during questioning. _____

In certain instances, you may be subject to the same penalties and punishment as an adult. _____

I understand the English language. I have read and heard this statement of my rights and I understand what my rights are.

Signed _____

Date 3/15/20 _____ Time 10:11pm _____

Would you like to waive your rights and speak with me now? YES    (NO)

Warnings given by _____ Date 03/15/2020 Time 2211

Witness _____ Date _____ Time _____

MPD Form No. 103 (9/2011)

# EXHIBIT A

000109

CUMMINGS_000048

ASSIGNMENT:

On March 15th, 2020 (Sunday) at 1400 hours, I was assigned to assist in an ELECTRONIC ENTICEMENT OF A MINOR type of investigation. The following is documented under Police report number 20-010287.

INFORMATION LEARNED:

On March 13, 14, and 15, 2020 Lyle CUMMINGS (CUMMINGS) used the app "SKOUT" to engage in communications with an undercover law enforcement officer (undercover) posing as a thirteen (13) year old female.  The chat transitioned to text messaging shortly after starting on Skout.  During the communications, the undercover disclosed the undercover's age as thirteen (13) years old.  Following the disclosure, CUMMINGS continued to chat with the undercover and talk about performing sexual acts with the undercover after the age disclosure.

Following the disclosure that the undercover was below the legal age of consent and the discussion of performing sexual acts, CUMMINGS agreed to meet with the undercover for the purposes of engaging in sexual acts which, if actually performed with a person aged thirteen, would constitute a felony offense.

CUMMINGS then traveled to a pre-determined meet location within Kihei, Hawaii, where the undercover told CUMMINGS that the undercover would be waiting.

Upon arrival to the pre-determined location, CUMMINGS was arrested without incident.

Within the center console of his truck, a touch screen cellular phone was observed. A test message was sent to CUMMINGS' mobile device by the undercover.  Officers noticed that the phone within CUMMINGS' vehicle lit up and received a notification when the test messages were sent.

CUMMINGS' vehicle had been impounded at the Kihei Police Station pending the execution of a search warrant after he declined to consent to a search of his vehicle LAJ777.

Following CUMMINGS' arrest, he was advised of his Constitutional Rights and subsequently stated that he was just cruising. He gave the passcode for his cell phone which was in his vehicle however, refused to a consent to search his vehicle.

# EXHIBIT B

CUMMINGS_000223

## TRANSPORT TO KIHEI POLICE STATION / VERBAL CONSENT:

He was transported to the Kihei Police Station. LAJ777 was impounded and towed to the Kihei Police Station. Prior to being transported to the Wailuku Police Station, CUMMINGS relayed hen needed multiple medications for his pre-existing medical conditions. He relayed that within vehicle LAJ777, within an orange bag, was his medication. He relayed he would be willing to be escorted by Police to LAJ777 and consented to being watched by Police as he grabbed his medication from the orange bag. He also verbally consented that Police could look within the bag to ensure he was going to only grab his medication.

## TRANSPORT TO WAILUKU POLICE STATION:

I later assisted in transporting CUMMINGS to the Wailuku Police Station. CUMMINGS did not make any utterances regarding this matter while being transported.

## WARNING OF RIGHTS:

After arriving at the Wailuku Police Station, CUMMINGS was advised of his Constitutional Rights using MPD Form #103. CUMMINGS initialed and signed the form indicating he understood his rights. This was in regards to allowing Police to search his orange bag prior to him obtaining his needed medication.

Refer to accompanying form for more details.

## CONSENT TO SEARCH:

CUMMINGS was presented with MPD Form # 113. CUMMINGS signed the form regarding Police searching his vehicle LAJ777, for only the orange bag, and searching the orange bag only for his medication.

Refer to accompanying form for more details.

## EXHIBIT A:

A total of four (4) packets of medication were recovered from the aforementioned orange bag which was located within LAJ777.

Refer to accompanying form for more details.

BAIL ACKNOWLEDGMENT:

Due to the facts and circumstances learned during this investigation, I was assigned to apprise CUMMINGS that he was being charged for the offense of ELECTRONIC ENTICEMENT OF A CHILD – I, in violation of Hawaii Revised Statutes (HRS) Section 707-756. I advised CUMMINGS regarding this matter using MPD Form #121 (refer to attached form for more details). CUMMINGS signed the form indicating he understood.

ADDITIONAL INFORMATION:

Refer to all other reports for more details.

DISPOSITION:

Refer to main report for more details.

Submitted by,

Andrew CABRAL Jr., E# 15222

Sergeant, Juvenile Division

CUMMINGS_000225



Case 1:22-cr-00023-DKW   Document 75-9   Filed 04/17/23   Page 1 of 1   PageID.312

## MAUI COUNTY POLICE DEPARTMENT
### CONSENT TO SEARCH

REPORT NO. 20-010287

**CHECK AREA TO BE SEARCHED:**

**INITIALS OF PERSON CONSENTING TO SEARCH:**

☐ Search of Person .............................................. _____

☐ Search of Premises (includes home, land or other or personal property) .............................. _____

☑ Search of Vehicle ...... LAJ777 Back Seat (Passenger side) ........ Lc.

☑ Other ...... ORK, AL bag for Medion .............. Lc

Location where permission to search obtained:
2201 Piilani Hwy, Ki. Ht. 96753

I, Lyle Cummings, having been informed of my constitutional rights not to have a search made of my vehicle, LAJ 777 herein mentioned without a search warrant, and of my right to refuse to consent to such a search, hereby authorize Ofc. A. Chinal and Sgt. M. Kaya, Ofc. J. Acosta and other officers of the Maui Police Department, County of Maui, State of Hawaii, to conduct a complete search of my Drug BAG w/in LAJ 777 for medicine. (Person, Premises, etc.) located at 2201 Piilani Hwy, Ki. Ht. 96753. These officers are authorized by me to take from the above described any evidence, tangible objects, data, photographs, letters, papers, materials, or other property which may desire in connection with the case they are investigating. This written permission is being given by me to the above named officers voluntarily and without any threats or promises of any kind.

WITNESS: _____  SIGNATURE: _____

Date and time: 03, 15, 2020    Date and time: 3/15/ 20   10:14 pm

WITNESS: _____

Date and time: ___/___/___

MPD FORM NO. 113  (6/05)

# EXHIBIT C

000113

CUMMINGS_000044

EXHIBIT "A"

The items listed below were recovered as evidence following the execution of a search
warrant at _2201 Piiholo Hwy, HI 96753_____, County of Maui,
on _03/15/2020_____ at _1955____ hours.

4 PACKS OF PILLS.

① 1 PACK : 1X ATORVASTATIN CALCIUM 80mg
   14 PILLS  1X PIOGLITAZONE HYDROCHLORIDE 40mg.
             2X METOPROLOL SUCCINATE EXTENDED RELEASE 200mg.
             1X AMLODIPINE BESYLATE 2mg.
             1X HYDRALAZINE HYDROCHLORIDE 100mg.
             2X ACARBOSE 100mg.
             1X JANUVIA 100mg
             1X GLYBURIDE 5mg.
             4X METFORMIN HYDROCHLORIDE EXT. RELEASE 500mg.

② 1 PACK    "        "        "        "

③ 1 PACK    "        "        "        "

④ 1 PACK    "        "        "        "

NOTHING FOLLOWS

Recipient: X _____   Witnessed by: _____ 3.15.22
Date: 3/15/20   Time: 10:30 p    Date: 03/15/2020  Time: 22:30

Witnessed by: _____

**EXHIBIT D**

000114

CUMMINGS_000046

# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 22-00023 DKW |
| CASE NAME: | USA v. (1) Lyle Rikio Cummings |
| ATTYS FOR PLA: | *Christine Olson<br>Rebecca Ann Perlmutter |
| ATTYS FOR DEFT: | (1)*Joseph R. Mottl III |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Derrick K. Watson | REPORTER: | Gloria Bediamol |
| DATE: | 4/212023 | TIME: | 10:05 - 10:45 |

COURT ACTION:  EP: Hearing on [69] Defendant's Motion to Suppress Evidence and [70] Motion to Suppress Statements ("Motions") held.

Defendant Lyle Cummings present, not in custody.

Court addressed defense's late filing of supplemental authorities for Motions.

Arguments heard.

[69] Defendant's Motion to Suppress Evidence and [70] Motion to Suppress Statements taken under advisement.  Court to issue a written order.

In advance Court stated for the record that both Motions are denied.

Due to simultaneous jury trials scheduled for 6/5/2023, with the consent of the parties Jury Selection/Trial scheduled for 6/5/2023 will be continued to 6/7/2023 at 9:00 a.m. in Aha Kupono before Chief Judge Derrick K. Watson.

Submitted by: Tammy Kimura, Courtroom Manager

IIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LYLE RIKIO CUMMINGS,<br><br>Defendant. | Case No. 22-cr-00023-DKW<br><br>**ORDER DENYING FIRST MOTION TO SUPPRESS** |

Defendant Lyle Rikio Cummings moves to suppress certain drug evidence seized from his vehicle pursuant to a search warrant on the grounds that the officers' search exceeded the warrant's scope.  Dkt. No. 69.  Because Cummings' contention is plainly not true, the motion is DENIED.

## LEGAL STANDARD

The Fourth Amendment to the U.S. Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  Among other things, this provision generally prohibits warrantless searches.  *See Coolidge v. New Hampshire*, 403 U.S. 443, 444 (1971).

Search warrants must be based on probable cause, and they must "particularly describe[e] the place to be searched, and the persons or things to be

1

seized." U.S. Const. amend. IV. "If the scope of the search exceeds that permitted by the terms of a validly issued warrant . . . , the subsequent seizure is unconstitutional without more." *Horton v. California*, 496 U.S. 128, 140 (1990). "Whether a search exceeds the scope of a search warrant is an issue we determine through an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search." *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir. 2002), *amended on other grounds by* 298 F.3d 1021 (9th Cir. 2002).

## RELEVANT FACTUAL ALLEGATIONS

On March 15, 2020, Cummings was arrested by members of the Maui Police Department for electronic enticement of a child in violation of Hawaiʻi Revised Statutes ("H.R.S") §§ 707–756, pursuant to an undercover operation involving law enforcement posing as a fictitious 13-year-old girl online. At the time of the arrest, Cummings had been driving his vehicle, a 2008 Toyota Tacoma. The arresting officer asked Cummings for permission to search his vehicle, and Cummings refused. Dkt. Nos. 74-6–7 (arrest videos). That resulted in the officers impounding the vehicle. *Id.*

The next day, on March 16, 2020, investigators obtained a search warrant, authorizing them to search Cummings' vehicle for the following:

A touchscreen cellular phone; [and]

2

> Articles of identification or items containing the name(s),
> photographic impressions, latent fingerprints or palm prints,
> handwriting or printing of CUMMINGS and other such articles or
> items which would serve as evidence of ownership, occupancy,
> possession, or control of the [Tacoma vehicle].  Such items may
> include driver's licenses, identification cards, passports, certificate of
> title, registration paperwork, insurance or other motor vehicle cards,
> pay stubs, and mail or other personal items addressed to
> CUMMINGS[.]

Dkt. No. 74-1 at S-2 (page 2 of 10).

The officers executed the warrant the same day.  They quickly discovered a cellular phone in plain view.  Then, while searching for "articles of identification," the officers discovered "approximately 87 grams of cocaine packaged in small baggies, cocaine base (or 'crack'), drug paraphernalia, and cash" located in or around the center console of the vehicle.  Dkt. No. 74 at 6.

## RELEVANT PROCEDURAL BACKGROUND

Maui County charged Cummings with Electronic Enticement of a Child in the First Degree in violation of H.R.S. §§ 707–756, pursuant to their undercover operation.  Later, on June 18, 2021, Cummings was charged in a two-count federal criminal complaint with the enticement of a minor in violation of 18 U.S.C. § 3422(b) and possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1)(C), the latter on the basis of the drugs discovered in Cummings' Tacoma on March 16, 2020.  Trial on the federal counts is set for June 7, 2023.  Dkt. No. 81.

3

On March 24, 2023, Cummings filed the instant motion to suppress the drug evidence. Dkt. No. 69. The Government opposed the motion on April 17, 2023, Dkt. No. 74, and Cummings elected not to file a reply brief. *See* Dkt. No. 81. At a hearing on April 21, 2023, the parties agreed that the disposition of the motion would be appropriate without evidentiary testimony. Dkt. No. 81. The Court thereafter heard oral argument from both parties and verbally DENIED the motion. *Id.* This written Order follows.

## DISCUSSION

Cummings' argument is straightforward. He does not challenge the validity of the warrant, nor does he assert the absence of probable cause. Cummings asserts only that the officers exceeded the scope of the warrant when, after discovering one item of identification—*i.e.*, the vehicle registration information—they continued to search the vehicle, leading to their discovery of the drugs. *See* Dkt. No. 69 at 3; *see also* Dkt. No. 81.[1] He contends that the officers were obligated to cease their search upon finding a single such "article of identification[]," that any search beyond that point was unconstitutional, and that the drug evidence should thus be suppressed because it was among the items

---

[1] Although the written motion makes certain inarticulate statements regarding the breadth of the warrant, Cummings' counsel clarified at oral argument that the only issue for the Court's determination is whether the officers exceeded the scope of the warrant by searching after having discovered at least one "article of identification" pursuant to the warrant. *See* Dkt. No. 81 ("Your Honor is correct; it is that and that alone.").

4

discovered by law enforcement after finding identification linking Cummings to the vehicle.

Cummings provides no legal authority for his contention that the officers were limited to a single "article of identification[]," after which their search had to cease. *See* Dkt. Nos. 69, 81 ("We found no helpful case law, Your Honor."). The warrant explicitly authorized the officers to search the entire truck for "[a]rticles" (plural) or "items" (plural) tending to show Cummings' "ownership, occupancy, possession, or control" of the vehicle. Dkt. No. 74-1 at S-2 (page 2 of 10). It did not limit the search to a singular article or item. *See id.* (providing a non-exhaustive, lengthy list of the types of articles or evidence indicated). The officers were not required to cease their search when they found one item—or indeed *any* number of items—responsive to the warrant. And their search of the area in and around the center console was entirely reasonable, given that a vehicle console is a place where individuals commonly keep articles of identification and was likewise within the scope of warrant. The officers' search, in short, did not exceed the plain language of the warrant.[2]

---

[2]Aside from the warrant's language, the Court notes that law enforcement is generally allowed to seek cumulative evidence in any given case—not only to corroborate facts already believed to be true, but also in the event that any one piece of evidence is challenged by a defendant. Moreover, as the Government pointed out in its opposition brief, even if the officers' search *had* exceeded the scope of the warrant, the drug evidence would still be permitted by both the inevitable discovery and automobile exceptions. *See, e.g.*, *Nix v. Williams*, 467 U.S. 431, 444 (1984) (describing the inevitable discovery exception); *United States v. Ruckes*, 586 F.3d 713, 718–19 (9th Cir. 2009) (applying the inevitable discovery exception to a search of a vehicle that

5

## **CONCLUSION**

For the foregoing reasons, Cummings' first Motion to Suppress, Dkt. No. 69, is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Lyle Cummings*; Cr. 22-00023 DKW; **ORDER DENYING FIRST MOTION TO SUPPRESS**

---

would have inevitably been inventoried after impoundment); *United States v. Ross*, 456 U.S. 798, 799, 806–09 (1982) (describing the automobile exception, which allows an officer to search the entirety of a vehicle and any containers within if there is probable cause to believe the vehicle and/or containers contain evidence of a crime); *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam) (explaining the automobile exception applies even absent exigent circumstances); *United States v. Garcia*, 205 F.3d 1182, 1187–88 (9th Cir. 2000) (same).

6

IIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00023-DKW |
| Plaintiff, | **ORDER DENYING SECOND MOTION TO SUPPRESS** |
| vs. | |
| LYLE RIKIO CUMMINGS, | |
| Defendant. | |

     Defendant Lyle Rikio Cummings moves to suppress certain statements he made during a Maui Police Department ("MPD") investigation into his involvement with the criminal enticement of a minor. Dkt. No. 70. First, Cummings claims a cellphone-related statement he made to his arresting officer should be suppressed because the officer did not use certain specific language when providing *Miranda* warnings. Second, Cummings claims all statements made after a certain point during a post-arrest, recorded interview should be suppressed because he withdrew his *Miranda* waiver in the middle of the interview.

    As explained more fully below, neither claim has merit. First, it is well-established that law enforcement officers are not required to use any particular language when providing *Miranda* warnings, so long as the warnings reasonably

convey the *Miranda* rights. Here, the officer's warnings were more than adequate in this respect, even though the officer did not read from a card. Second, although Cummings did state during the post-arrest interview, "I like talk to my lawyer," he clearly cabined that request to his response to a *single question* about whether he would submit to a polygraph examination. In fact, Cummings immediately clarified that he *did not* want to terminate the interview more generally, and the officers did not ask any additional questions about a polygraph exam. Thus, Cummings' request did not vitiate his consent to speak with the investigators about matters unrelated to the polygraph. The motion is DENIED.

## LEGAL STANDARD

### I.   Provision of *Miranda* Warnings

The Fifth and Sixth Amendments to the U.S. Constitution afford certain protections to criminal detainees during custodial interrogations, including the rights against self-incrimination and of counsel. *See* U.S. Const. amends. V, VI; *see also Vega v. Tekoh*, 142 S. Ct. 2095, 2099–2100 (2022) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)). Accordingly, prior to any custodial interrogation, law enforcement officials must provide what has become known as *Miranda* warnings -- informing a detainee that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be

2

appointed for him prior to any questioning." *Vega*, 142 S. Ct. at 2099–2100

(quoting *Miranda*, 384 U.S. at 479). If such warnings are not provided, evidence

obtained as a result of an interrogation risks exclusion prior to trial.

It is well-established that no particular language need be used when giving

the warnings, so long as the warnings "reasonably 'convey to a suspect his rights

as required by *Miranda*.'" *Duckworth v. Eagan*, 492 U.S. 195, 202–03 (1989)

(quoting *California v. Prysock*, 453 U.S. 355, 360 (1981)); *see also Prysock*, 453

U.S. at 359–60 ("This Court has never indicated that the 'rigidity' of *Miranda*

extends to the precise formulation of the warnings given a criminal defendant. . . .

Quite the contrary, *Miranda* itself indicated that no talismanic incantation was

required to satisfy its strictures.").

## II.   Waiver of *Miranda* Rights

A detainee may waive his *Miranda* rights, so long as the waiver is voluntary,

knowing, and intelligent. *Miranda*, 384 U.S. at 444–45, 465. In order to be

considered voluntary, a waiver must be "the product of a free and deliberate choice

rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412,

421 (1986) (citing *Edwards v. Arizona*, 451 U.S. 477, 482 (1981) and *Brewer v.*

*Williams*, 430 U.S. 387, 404 (1977)). "An admission is involuntary if coerced

either by physical intimidation or psychological pressure." *United States v. Shi*,

525 F.3d 709, 730 (9th Cir. 2008) (citation omitted). In order to be considered

3

knowing and intelligent, a waiver must be "made with a full awareness of both the

nature of the right being abandoned and the consequences of the decision to

abandon it." *Moran*, 475 U.S. at 421 (citing *Edwards*, 451 U.S. at 482 and *Brewer*,

430 U.S. at 404). In the Ninth Circuit, several factors are relevant to evaluating

whether a waiver is knowing and intelligent:

> (i)    the defendant's mental capacity;
>
> (ii)   whether the defendant signed a written waiver;
>
> (iii)  whether the defendant was advised in his native tongue or had a translator;
>
> (iv)   whether the defendant appeared to understand his rights;
>
> (v)    whether the defendant's rights were individually and repeatedly explained to him; and
>
> (vi)   whether the defendant had prior experience with the criminal justice system.

*United States v. Price*, 980 F.3d 1211, 1226–27 (9th Cir. 2019) (quoting *United*

*States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007)).

It is the Government's burden to prove the validity of any *Miranda* waiver.

*Bumper v. North Carolina*, 391 U.S. 543, 548 (1968). "Only if the 'totality of the

circumstances surrounding the interrogation' reveal both an uncoerced choice and

the requisite level of comprehension may a court properly conclude that the

*Miranda* rights have been waived." *Moran*, 475 U.S. at 421. Waiver need not be

express. *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010). Implicit waiver is

4

shown, and suffices, where the government establishes both that *Miranda* warnings were given and that the accused understood his rights, after which the accused made an uncoerced statement. *Id.* The law presumes that an individual who, with a full understanding of his rights, acts in a manner inconsistent with those rights' exercise has made a deliberate choice to relinquish the protections the rights afford. *Id.* at 385.

## III.   Withdrawal of Waiver

Waiver of any *Miranda* right—including, as relevant here, the right to counsel during questioning—may be withdrawn at any time during an interrogation. "[I]f at any point during an interrogation a suspect invokes his right to counsel, all questioning must cease and may not resume in the absence of counsel unless the suspect himself initiates the further discussions." *Robinson v. Borg*, 918 F.2d 1387, 1390 (9th Cir. 1990) (citing *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981)); *see also Desire v. Att'y Gen. of Cal.*, 969 F.2d 802, 804–05 (9th Cir. 1992) ("When a defendant has invoked his rights, the police cannot question him further, and cannot ask about whether he wants to talk about the case without his lawyer.") (citing *Smith v. Illinois*, 469 U.S. 91, 93 (1984)).

That said, courts must "determine whether the accused *actually* invoked his right to counsel." *Davis v. United States*, 512 U.S. 452, 458–59 (1994) (emphasis in original) (quoting *Smith*, 469 U.S. at 95). "[T]his is an objective inquiry. . . .

5

[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Id.* In other words, a detainee "must articulate his desire to have counsel present sufficiently clearly that a reasonable officer in the circumstances would understand the statement to be a request for an attorney." *Id.* at 459; *United States v. Ogbuehi*, 18 F.3d 807, 813 (9th Cir. 1994) (explaining that courts review a detainee's words "as ordinary people would understand them," and "[i]f the defendant's request clearly 'expresses his desire to deal with the police only through counsel,' then all interrogation must cease") (quoting *Edwards*, 451 U.S. at 484). "If the desire is not clearly expressed, then further questioning must be limited to clarifying the defendant's intention." *Id.* (quoting *Edwards*, 451 U.S. at 484).

## RELEVANT FACTUAL ALLEGATIONS

On March 15, 2020, MPD officers arrested Cummings for electronic enticement of a child in violation of Hawai'i Revised Statutes ("H.R.S") §§ 707–756, pursuant to an undercover operation that involved law enforcement posing as a fictitious 13-year-old girl online. Immediately following the arrest, while Cummings was standing on the sidewalk handcuffed outside of his vehicle, MPD Detective Oran Satterfield engaged in the following colloquy with Cummings:

6

**OS:** Mr. Cummings, turn around.  My name is Detective Satterfield with the Maui Police Department.  You have the right to remain silent.  Anything you say can be used against you in court.  You have the right to talk to an attorney before we ask any questions and to have that attorney present with you during questioning.  If you cannot afford an attorney, one will be appointed to you before any questioning.  Mr. Cummings, do you understand your rights?

**LC:** Yes.

**OS:** Where you headed tonight?

**LC:** Just cruising.

**OS:** Just cruising?

**LC:** Yeah.

**OS:** Okay.  Anything in your pockets?

**LC:** No.

**OS:** We're going to search you.  Anything in your pockets, anything we can poke ourselves with?

**LC:** No.

**OS:** Nothing?  Anything in your pocket—you have a cell phone?

**LC:** No.

**OS:** No cell phone.

**LC:** It stay in the car.

**OS:** Stay in the car?  Okay.  What's the password for your cell phone?

**LC:** 071122.

7

**OS:** 071122?  071122.  Okay.  Can we have consent to search your car?  You can refuse us consent; I'm just asking your permission.

**LC:** I refuse.

**OS:** You refuse consent?  Okay.  We're going to impound your car.

Dkt. No. 75-5 (arrest video).  The colloquy concluded and officers searched Cummings' pockets.

Cummings was then transported to the Kihei Police Station, where he was interviewed by two law enforcement officers, MPD Officer LeeAnn Galario-Guzman and Homeland Security Investigations Agent Laura Dai.  This interview was video-recorded.  Dkt. No. 75-1 (interview video).  Prior to the commencement of the interview, Officer Galario-Guzman presented Cummings with a waiver of rights form, MPD Form 103.  *Id.*  The form stated, as relevant here:

## WARNING OF RIGHTS

Before we ask you any questions, we want to tell you about your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions and to have your lawyer with you during questioning.

If you cannot afford a lawyer one will be appointed for you before any questioning. . . .

I understand the English language.  I have read and heard this statement of my rights and I understand what my rights are.

8

Dkt. No. 75-3.  Beneath this warning, there was a blank for a signature, date, and time, and the question, "Would you like to waive your rights and speak with me now?" along with a space to mark "YES" or "NO."  *Id.*  As Galario-Guzman provided the form to Cummings, she said:

> Okay.  So, um, before I ask questions, we're going to read you your rights and then . . . it's up to you if you want to say anything or not.  Okay?  . . .  And then I going [*sic*] read this aloud to you, you just g'. . . follow with me. . . .  It's just so you understand it.  Alright?

Dkt. No. 75-2 at 1.

Galario-Guzman then instructed Cummings to follow along on the form as she read the contents aloud and to write his initials next to each sentence if he understood.  She read the form:

> **GG:** "Before we ask you any questions, we want to tell you about your rights."  So if you understand that, you can initial.
>
> **LC:** (Writes his initials.)
>
> **GG:** "You have the right to remain silent."  You understand?  You understand that?
>
> **LC:** Yes.  (Writes his initials.)
>
> **GG:** "Anything you say can be used against you in court."
>
> **LC:** Yes.  (Writes his initials.)
>
> **GG:** You understand?  Okay.  "You have the right to talk to a lawyer for advice before we ask you any questions and to have your lawyer with you during questioning."  You understand?

9

**LC:** Yeah.  (Writes his initials.)

**GG:** Okay.  "If you cannot afford a lawyer one will be appointed for you before any questioning."  You understand?

**LC:** Yes.  (Writes his initials.)

**GG:** Okay.  Initial please.  Okay, so, we'll ask you . . . skip that part and just like you read this one out loud.  And if you understand it, sign, today's date, and time.

**LC:** "I understand the English language.  I have read and heard this statement of my rights and I understand what my rights are."

**GG:** You understand, yeah, what just read?

**LC:** Yeah.

**GG:** Okay.  Just sign.

**LC:** (Signs his name with date and time.) . . .

**GG:** Okay and the next line is "Would you like to waive your rights and speak with me now?"  So like I—like how you—right now is—if you want to speak with us and then later on say you don't want to speak with us, that's fine.  We'll end the conversation and—and you get—um—taken with the officers out there.

**LC:** Okay.

**GG:** You want to speak with me?

**LC:** Yeah.

**GG:** Okay.

**LC:** (Writes his initials on the line corresponding with the word "YES" on the form, indicating that he wished to speak with law enforcement.  Then hands the form to Galario-Guzman.)

10

*Id.* at 1–3.

Questioning ensued, with Cummings voluntarily answering questions for approximately seven minutes (until minute 9:45 on the video recording). *See id.* at 3–11. At that point, the following conversation took place:

> **GG:** Are you willing to do . . . um . . . polygraph exam, if we are able to do it today?
>
> **LC:** Uh . . .
>
> **GG:** A lie detector test.
>
> **LC:** I like talk to my lawyer.
>
> **GG:** You like talk to your attorney?  Okay.  Alright.  And you like talk to your lawyer because of the polygraph?
>
> **LC:** Yeah.
>
> **GG:** You fine talking with us still or you . . . you want to talk to your attorney already?
>
> **LC:** Depends on the questions.
>
> **GG:** Okay.  So you're still willing for speak with us?
>
> **LC:** Yeah.
>
> **GG:** Okay.

*Id.* at 11. Questioning then continued for about nine additional minutes, with Cummings continuing to answer questions without further mention or invocation of his right to counsel. *Id.* at 11–21.

11

## **RELEVANT PROCEDURAL BACKGROUND**

Maui County charged Cummings with Electronic Enticement of a Child in the First Degree in violation of H.R.S. §§ 707–756 pursuant to their undercover operation.  On June 18, 2021, Cummings was charged in a two-count federal criminal complaint with the enticement of a minor in violation of 18 U.S.C. § 3422(b) and possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1)(C).  Trial on the federal counts is set for June 7, 2023.  Dkt. No. 81.

On March 24, 2023, Cummings filed the instant motion to suppress certain statements.  Dkt. No. 69.  First, he contends the provision of his cellphone passcode to Detective Satterfield at the time of his arrest should be suppressed, along with evidence obtained pursuant to that statement.  He claims the *Miranda* warnings Satterfield gave were invalid because Satterfield did not ask, "Would you like to speak with [me]?" at the conclusion of the warnings, as is written on the bottom of MPD Form 103.  *See* Dkt. Nos. 75-3, 81.  Second, Cummings contends that any statements he made in the post-arrest interview after he said, "I like talk to my lawyer," should be suppressed because the officers were obligated to end the interview immediately upon that statement.

The Government opposed the motion on April 17, 2023, Dkt. No. 75, and Cummings elected not to file a reply brief.  *See* Dkt. No. 81.  At a hearing on April

12

21, 2023, the parties agreed that the Court's disposition of the motion was appropriate without evidentiary testimony. Dkt. No. 81. The Court thereafter heard oral argument from both parties and verbally DENIED the motion. *Id.* This written Order follows.

## DISCUSSION

### I.   Detective Satterfield's *Miranda* warnings were valid.

*Miranda* compels an interrogating officer to inform a detainee that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning." *Vega*, 142 S. Ct. at 2099–2100 (quoting *Miranda*, 384 U.S. at 479). Detective Satterfield informed Cummings of each of these rights when he said, prior to initiating questioning:

> My name is Detective Satterfield with the Maui Police Department.
> You have the right to remain silent. Anything you say can be used
> against you in court. You have the right to talk to an attorney before
> we ask any questions and to have that attorney present with you
> during questioning. If you cannot afford an attorney, one will be
> appointed to you before any questioning. Mr. Cummings, do you
> understand your rights?

Dkt. No. 75-5 (arrest video). Further, as reflected in the arrest video provided by the government, Detective Satterfield's warnings were given in a professional, serious manner. *See id.* Satterfield did not rush through the warnings or otherwise

13

render them unclear or coercive. *See id.*; *Doody v. Schriro*, 548 F.3d 847, 862 (9th Cir. 2008) (validity of warnings depends on the manner in which they were given). Moreover, Satterfield ensured that Cummings understood the warnings before proceedings with his first question, "Where you headed tonight?" *Id.* (asking, "Mr. Cummings, do you understand your rights?" to which Cummings replied, "Yes").

Cummings contends that the warnings were invalid because Satterfield did not specifically ask the question, "Would you like to speak with [me]?" at the conclusion of the warnings—a question that appears on the MPD Form 103. *See* Dkt. Nos. 75-3, 81.[1] However, as the Supreme Court has made clear, there is no particular language that must be used when providing *Miranda* warnings. *See, e.g.*, *Prysock*, 453 U.S. at 359–60 (holding *Miranda*'s "rigidity" does not "extend[] to the precise formulation of the warnings given a criminal defendant"). Instead, the question is whether the warnings "reasonably 'convey[ed]'" the *Miranda* rights. *Duckworth*, 492 U.S. at 202–03 (quoting *Prysock*, 453 U.S. at 360).

Here, Detective Satterfield's warnings certainly did so, there is no evidence or even argument that Cummings did not understand those rights, having, in fact, admitted that he did, and there is no evidence that Cummings wished to invoke any of his rights at that time, as he subsequently did when interviewed by law

---

[1] Cummings admits there is no caselaw to support his position that this particular question must be asked simply because it appears on the MPD rights form. Dkt. No. 81.

enforcement officers later that evening at the Kihei Police Station.  Though Cummings' waiver was not express, "the 'totality of the circumstances surrounding the investigation' reveal both an uncoerced choice and the requisite level of comprehension . . . ."  *See Berghuis*, 560 U.S. at 384; *Moran*, 475 U.S. at 421; *see also ibid.* (no evidence or allegation of "intimidation, coercion, or deception"); *Shi*, 525 F.3d at 730 (no evidence or allegation of "physical intimidation or psychological pressure"); *Price*, 980 F.3d at 1226–27 (six relevant factors).  In short, there was nothing constitutionally defective about Cummings' March 15, 2020 interview by Detective Satterfield.

## II.     Cummings did not withdraw his waiver of his right to counsel.

It is undisputed that Cummings voluntarily, knowingly, and intelligently waived his *Miranda* rights *prior to* the commencement of his post-arrest interview by Officer Galario-Guzman and Agent Dai.  However, Cummings asserts that he withdrew his waiver in the middle of the interview by making the statement, "I like talk to my attorney," upon being asked if he would submit to a polygraph exam.  *See* Dkt. Nos. 75-1 (interview video at minute 09:45); 75-2 at 11 (interview transcript); 81 (oral argument).

No such withdrawal occurred.  Viewing the circumstances of Cummings' statement "objective[ly]" and "as ordinary people would understand them," Cummings did not "articulate his desire to have counsel present sufficiently clearly

15

that a reasonable officer in the circumstances would understand the statement to be

a request for an attorney." *See Davis*, 512 at 458–59; *Ogbuehi*, 18 F.3d at 813.

Rather, a reasonable officer would have interpreted Cummings' statement exactly

as Galario-Guzman and Dai appear to have interpreted it—as a *response* to

Galario-Guzman's specific question about whether Cummings would submit to a

polygraph examination.  Cummings made the statement in the same tone of voice

and with the same rate of speech as the rest of his responses to the officer's

questions over the prior seven minutes.  *See* Dkt. No. 75-1.  It was, at most,

ambiguous whether he wanted an attorney *in general* for the rest of the interview,

or whether he wanted to consult with an attorney about submitting to a polygraph,

the particular issue with which he had just been presented.  Accordingly, the

officers appropriately clarified Cummings' request.  *See Ogbuehi*, 18 F.3d at 813

("If the desire is not clearly expressed, then further questioning must be limited to

clarifying the defendant's intention.").  In a measured and neutral manner, Galario-

Guzman asked, "You like talk to your attorney?  Okay.  Alright.  And you like talk

to your lawyer because of the polygraph?" to which Cummings promptly replied,

"Yeah." Dkt. No. 75-2 at 11.  Galario-Guzman then clarified Cummings' intention

twice more:

> **GG:** You fine talking with us still or you . . . you want to talk to your
> attorney already?

> **LC:** Depends on the questions.

16

**GG:** Okay.  So you're still willing for speak with us?

**LC:** Yeah.

**GG:** Okay.

*Id.*  Thus, Cummings clearly indicated that he was invoking only his right not to answer questions relating to a polygraph without an attorney present.  And, moreover, he indicated his willingness and ability to invoke that right as the interview proceeded, "[d]epend[ing] on the questions" posed.  *Id.*  Thus, as the officers correctly clarified, Cummings did not "*actually invoke* his right to counsel" as it pertained to the interrogation as a whole.  *See Davis*, 512 U.S. at 458–59 (emphasis in original).  No further questions relating to a polygraph examination were posed during the interview, and there was no violation of Cummings' right to counsel.

## CONCLUSION

For the foregoing reasons, Cummings' second Motion to Suppress, Dkt. No. 70, is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

17

**Joseph R. Mottl, Esq. #3118**
P.O. Box 235979
Honolulu, HI 96823
Phone: (808) 371-7595

**Attorney for Defendant**
**Lyle Rikio Cummings**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **United States of America,**<br><br>            Plaintiff,<br>    vs.<br><br>**Lyle Rikio Cummings**,<br><br>            Defendant. | **Cr. No. 22-00023 DKW**<br><br>**Defendant Lyle Rikio Cummings'**<br>**Motion in Limine #1 ; Exhibits A - D**<br><br>**Trial Date; 6/7/23 at 900 a.m.**<br>**Judge:  Hon. Derrick K. Watson** |

**Defendant Lyle Rikio Cummings' Motion in Limine  #1**

Defendant Lyle Rikio Cummings, through counsel, moves for pretrial orders

as follows.  Due to continuing problems with computer word processing a

memorandm of points and authorities will be soon filed.

1.  **Motion in Limine No. 1:  Re Exclusion from Introduction at**
    **Trial of Illegal Substances Allegedly Seized from Defendant's**
    **Truck (i.e. Property Control Numbers 748028, 748031, 748039,**
    **748046, and 748047).**

    Defendant Lyle Rikio Cummings moves this Honorable Court to

    exclude from evidence at trial the illegal substances seized from

    Defendants truck and placed into evidence with Property Control

    Numbers 748028, 748031, 748039, 748046, and 748047. This motion is

    brought on grounds that on the evening of March 15, 2020 officers of the

    Maui Police Department, including Sgt. Andres Cabral, Jr., entered the

Defendant's impounded truck, sealed and stored in evidence at Kihei Police Substation, searched the interior of the impounded truck, removed items from within impounded truck, and possibly engaged in other activities without a search warrant and without making entries on the truck's related Property Report #20-101287.

This broke the Chain of Custody of the impounded truck before a search warrant was obtained and the truck searched pursuant to the warrant the next day, March 16, 2020. When the above-referenced illegal substances were seized and placed into evidence under Property Control Numbers 748028, 748031, 748039, 748046, and 748047 they had no verifiable connection with the truck as it was when in the possession of Lyle Cummings.

Following their unauthorized breaking and entering of the truck, the officers transported the Defendant directly to the Kahului Main Station where he was booked and asked to complete another waiver of Miranda rights form and a written Authorization to Search his truck.

Dated at. Honolulu, Hawaii, May 22, 2023.

_____ /s/ Joseph R. Mottl _____
Joseph R. Mottl, Esq.
For Defendant
Lyle Rikio Cummings

2

**ASSIGNMENT:**

On March 15th, 2020 (Sunday) at 1400 hours, I was assigned to assist in an ELECTRONIC ENTICEMENT OF A MINOR type of investigation. The following is documented under Police report number 20-010287.

**INFORMATION LEARNED:**

On March 13, 14, and 15, 2020 Lyle CUMMINGS (CUMMINGS) used the app "SKOUT" to engage in communications with an undercover law enforcement officer (undercover) posing as a thirteen (13) year old female. The chat transitioned to text messaging shortly after starting on Skout. During the communications, the undercover disclosed the undercover's age as thirteen (13) years old. Following the disclosure, CUMMINGS continued to chat with the undercover and talk about performing sexual acts with the undercover after the age disclosure.

Following the disclosure that the undercover was below the legal age of consent and the discussion of performing sexual acts, CUMMINGS agreed to meet with the undercover for the purposes of engaging in sexual acts which, if actually performed with a person aged thirteen, would constitute a felony offense.

CUMMINGS then traveled to a pre-determined meet location within Kihei, Hawaii, where the undercover told CUMMINGS that the undercover would be waiting.

Upon arrival to the pre-determined location, CUMMINGS was arrested without incident.

Within the center console of his truck, a touch screen cellular phone was observed. A test message was sent to CUMMINGS' mobile device by the undercover. Officers noticed that the phone within CUMMINGS' vehicle lit up and received a notification when the test messages were sent.

CUMMINGS' vehicle had been impounded at the Kihei Police Station pending the execution of a search warrant after he declined to consent to a search of his vehicle LAJ777.

Following CUMMINGS' arrest, he was advised of his Constitutional Rights and subsequently stated that he was just cruising. He gave the passcode for his cell phone which was in his vehicle however, refused to a consent to search his vehicle.

# Exhibit A

CUMMINGS_0

### TRANSPORT TO KIHEI POLICE STATION / VERBAL CONSENT:

He was transported to the Kihei Police Station. LAJ777 was impounded and towed to the Kihei Police Station. Prior to being transported to the Wailuku Police Station, CUMMINGS relayed he needed multiple medications for his pre-existing medical conditions. He relayed that within vehicle LAJ777, within an orange bag, was his medication. He relayed he would be willing to be escorted by Police to LAJ777 and consented to being watched by Police as he grabbed his medication from the orange bag. He also verbally consented that Police could look within the bag to ensure he was going to only grab his medication.

### TRANSPORT TO WAILUKU POLICE STATION:

I later assisted in transporting CUMMINGS to the Wailuku Police Station. CUMMINGS did not make any utterances regarding this matter while being transported.

### WARNING OF RIGHTS:

After arriving at the Wailuku Police Station, CUMMINGS was advised of his Constitutional Rights using MPD Form #103. CUMMINGS initialed and signed the form indicating he understood his rights. This was in regards to allowing Police to search his orange bag prior to him obtaining his needed medication.

Refer to accompanying form for more details.

### CONSENT TO SEARCH:

CUMMINGS was presented with MPD Form # 113. CUMMINGS signed the form regarding Police searching his vehicle LAJ777, for only the orange bag, and searching the orange bag only for his medication.

Refer to accompanying form for more details.

EXHIBIT A:

A total of four (4) packets of medication were recovered from the aforementioned orange bag which was located within LAJ777.

Refer to accompanying form for more details.

BAIL ACKNOWLEDGMENT:

Due to the facts and circumstances learned during this investigation, I was assigned to apprise CUMMINGS that he was being charged for the offense of ELECTRONIC ENTICEMENT OF A CHILD – I, in violation of Hawaii Revised Statutes (HRS) Section 707-756. I advised CUMMINGS regarding this matter using MPD Form #121 (refer to attached form for more details). CUMMINGS signed the form indicating he understood.

ADDITIONAL INFORMATION:

Refer to all other reports for more details.

DISPOSITION:

Refer to main report for more details.

Submitted by,

Andrew CABRAL Jr., E#15222

Sergeant, Juvenile Division

CUMMINGS_000225

# MAUI COUNTY POLICE DEPARTMENT    PROPERTY REPORT

FORM 137
REPORT NO.
**20-010287**

| PRISONER PROPERTY RECEIPT | | DATE ARRESTED | CHARGE | | | |
|---|---|---|---|---|---|---|
| NAME OF PRISONER | LAST NAME | FIRST | MIDDLE | OFFICER CONDUCTING SEARCH | | DISTRICT REPORT NO |
| PRISONER SIGNATURE | | | | DATE PROPERTY TAKEN - TIME | WITNESS TO SEARCH | |

| PROPERTY RECEIPT | OFFICER RECEIVING PROPERTY | | | | DATE PROPERTY REC - TIME |
|---|---|---|---|---|---|
| NAME OF OWNER (IF KNOWN) | LAST NAME | FIRST | MIDDLE | ADDRESS | |

**EVIDENCE RECORD**

| CLASSIFICATION ELECT/ENTICEMENT | DATE OCCURED 03.15.20 | RECOVERED BY DET. O. SATTERFIELD | NAME | DATE RECOVERED 03.15.20 | TIME |
|---|---|---|---|---|---|
| COMPLAINANT STATE OF HAWAII | LAST NAME | FIRST | MIDDLE | ADDRESS | |
| NAME OF OWNER | LAST NAME | FIRST | MIDDLE | ADDRESS | |
| LOCATION/PERSON RECOVERED FROM LAST NAME | FIRST | MIDDLE | ADDRESS KILOHANA DR. / S. KIHEI RD. | | |
| WITNESS TO RECOVERY LAST NAME | FIRST | MIDDLE | ADDRESS | | |

BRIEF FACTS AND CIRCUMSTANCES OF RECOVERY
BELOW LISTED VEHICLE RECOVERED THROUGH INVESTIGATION OF THE ABOVE CASE.

| IT NO | QTY | ITEM/ARTICLE | DESCRIPTION (TRADEMARK, COLOR, SIZE, ETC) | SERIAL NO | $ VALUE | WHERE/HOW MARKED (EVIDENCE ONLY) |
|---|---|---|---|---|---|---|
| 1 | 1 | VEHICLE | WHITE 2008 TOYOTA TACOMA PKUP TRUCK, VIN 5TETX22N28Z529314 PLATES LAJ 777 | | | |

CHAIN OF CUSTODY - PROPERTY TRANSFER

| ITEM NO. | RECEIVED FROM SIGNATURE | RECEIVED BY SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| 1 | 100946  DET. ___ 100653. | DET. ___ 100653 | 03.15.20 | 2010 |
| 1 | | | 03.15.20 | 2040 |

| REPORT WRITTEN DET. ___ 100653 | DATE 03.15.20 | TIME 23.20 | SUPERVISOR APPROVAL | DATE | TIME |
|---|---|---|---|---|---|

RECEIVED BY THE CHIEF OF POLICE, PCR OFFICER
I HEREBY CERTIFY THAT I AM THE LEGAL OWNER OR LEGAL AGENT OF OWNER OF THE ABOVE DESCRIBED PROPERTY.
THE ABOVE DESCRIBED PROPERTY

| SIGNATURE | ADDRESS | STREET | CITY/TOWN | STATE | DATE | TIME |
|---|---|---|---|---|---|---|
| **FINAL DISPOSITION OF PROPERTY** | | | | | DATE | TIME |

## Exhibit B

000144

Maui Police Department
Drug Analysis Unit

Received by:

## MAUI POLICE DEPARTMENT
## CRIME LAB WORK REQUEST

**MAUI POLICE DEPARTMENT**
**CRIME LABORATORY - DRUG ANALYSIS UNIT**
55 Mahalani St., Wailuku, HI 96793
Tel (808) 244-6448, Fax (808) 270-6514

Request Date: **2020-07-27**
Agency Case No.: **20-010371**
Classification/Offense: **PRO/DANG/DRUG I**

Requesting Agency/District: **Maui Police Department/Criminal Investigation Division**
Agency Address: **55 Mahalani Street Wailuku, HI 96793**
Requestor: **Detective Matthew Bigoss**        Requestor's Phone #: **(808) 244-6313**
Date of Offense: **2020-03-16**             Trial Date: _____
Suspect: **Lyle Cummings**                 Due Date: _____

**Attach copy of the Evidence/Property Report to Crime Lab Work Request**

| Has this evidence been analyzed by another laboratory? | List of Evidence to be Analyzed | | |
|---|---|---|---|
| | Report No. | Property Control Number | Latent Fingerprints |
| ☐ Yes (Attach copy of report) | 20-010371 | 748028 | ☐ |
| ☒ No | 20-010371 | 748031 | ☐ |
| | 20-010371 | 748039 | ☐ |
| Specify: ☒ New case | 20-010371 | 748046 | ☐ |
| ☐ Additional Evidence | ~~20-017971~~ | 748047 | ☐ |
| ☐ Resubmission | 20-010371 | | ☐ |
| | | | ☐ |
| Will processing for latent fingerprints be requested on any items? | | | ☐ |
| ☐ Yes (Submit MPD Form 187) | | | ☐ |
| ☒ No | | | ☐ |

**Comments:**
Please test and weigh the suspected cocaine and marijuana concentrate associated with the property #s above.  Note that positive field tests and weights of the cocaine were obtained when initially recovered.

Requested by: **Detective Matthew Bigoss / E#13232 /**        Date: **2020-07-27**
                    Print Name / ID# / Signature
Supervisor Approval: **Detective Matthew Bigos / E#13232 /**   Date: **2020-07-27**
                    Print Name / ID# / Signature

By submitting this request the requestor agrees to and understands that the MPD Crime Laboratory will select the appropriate method(s) for the processing/testing of the evidence.  Submitted evidence will be processed/analyzed according to laboratory policies and procedures.  The laboratory may perform technically justifiable deviations from policies and procedures.  If you do not receive results within 21 working days you may contact the Criminal Investigation Division Commander at 244-6426.

MPD FORM 914 (rev. 01/18)                                    Page 1 of 1

CUMMINGS_000327

# Exhibit C

Need Property
+ SEARCH WARRANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00023 DKW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DECLARATION OF ANDREW |
| vs. | ) | CABRAL JR. |
| | ) | |
| LYLE RIKIO CUMMINGS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF ANDREW CABRAL JR.

I, the undersigned, Andrew Cabral Jr., declare that the following information is true and accurate to the best of my knowledge, under the penalties of perjury:

1.   I, Andrew Cabral Jr., was a Police Sergeant with the Maui Police Department (MPD) from approximately April 01, 2020, until April 08, 2023. Generally, my duties included (but were not limited to) coordination/supervision of the Police Recruit Academy, conducting various training within the department, and ensuring training records within the department were maintained.

2.   On March 15, 2020, I provided some support during an operation involving electronic enticement of minors.  I was located at the Kihei Police Station that day during the times pertinent to this affidavit.

3.   It is my understanding that on that same day, March 15th, 2020, an individual identified to be Lyle Rikio Cummings (hereinafter "Cummings") was

# Exhibit D

000146

arrested by law enforcement from the MPD in connection with that operation.

4.      Following Cummings' arrest, it is my understanding that Cummings

was transported to the Kihei Police Station located on Maui.  Cummings' vehicle

was impounded and also towed to the Kihei Police Station.  While at the Kihei

Police Station, and prior to being transported to the Wailuku Police Station, it is

my understanding that Cummings informed law enforcement that he needed

multiple medications for certain pre-existing medical conditions.  Cummings stated

that his medication was located in an orange bag inside the impounded vehicle.  To

obtain the medication, Cummings agreed to be escorted by police to his vehicle

and consented to being monitored by police to obtain medication from the orange

bag.

5.      While at Kihei Police Station, as part of the plan to escort Cummings

to his car to obtain Cummings' medication, Cummings was advised of his

constitutional rights using MPD Form #103 (the "form," attached hereto as Exhibit

A, gov't bates #48).  On the form, Cummings initialed and signed it, indicating that

he understood his rights, and wrote the accurate time of signature of 10:11 p.m.

and the date of March 15, 2020.  Because this form was only used in connection

with the plan to obtain Cummings' medication from his vehicle, Cummings circled

"No" after the question "Would you like to waive your rights and speak with me

now".  Circling "No" on this form at this time indicated that he did not plan to give

2

statements about his case while obtaining his medication from the vehicle.

6.     It is my recollection upon re-reviewing the form, that Cummings initially started to circle "Yes" on this form after the question "Would you like to waive your rights and speak with me now," but he then chose instead to circle "No." My initials are reflected above the partially circled "Yes" to indicate that change. I also signed my name at the end of the form and wrote "E# 15222" near my signature to indicate that my employee number is 15222. I also put the accurate date of March 15, 2020 and time of 22:11 (that is, 10:11 p.m.) next to my signature.

7.     In a separate report that I completed and signed on or about March 15, 2020 (attached hereto as Exhibit B, government bates #223), I made a typographical error in stating that Cummings signed the form (Exhibit A) while he was at the Wailuku Police Station. In that report, the noted location was an error and should have stated that Cummings signed the form (Exhibit A) while at the Kihei Police Station, where his impounded car was located. The time of signing the form included in the report (Exhibit B) at 10:11 p.m. is accurate.

8.     I am unaware of any statements that Cummings made related to his case in connection with the form that he signed (Exhibit A) for the retrieval of his medication.

9.     Cummings was also presented with MPD Form #113, Consent to

3

Search, in connection with obtaining his medication from his vehicle.  Exhibit C, government bates #44.  Cummings signed the consent to search form, indicating that he consented to the search of his vehicle only for purposes of obtaining his medication.  The accurate date and time next to Cummings' signature on this form indicate March 15, 2020 at 10:14 p.m.  I also signed this form on March 15, 2020.

10.     Attached hereto as Exhibit D is a list of items recovered from the search of Cummings vehicle, which included his medications.  Cummings and I signed the bottom of this form on March 15, 2020 at 10:30 p.m. after retrieval of Cummings' medications.

11.     I was not involved in an interview of Cummings earlier that day.  Nor was I present or involved in him signing a separate MPD waiver of rights form (government bates #335) in connection with that interview.

12.     My employment with the MPD ended on or about April 08, 2023.  I am currently in the process of relocating to Springfield, Missouri, and will arrive in Missouri with my family on April 17, 2023.

Dated: April 13, 2023, in Wailuku, Hawaii.

ANDREW CABRAL JR.

4

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CHRISTINE OLSON
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Christine.Olson2@usdoj.gov
        Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br><br>LYLE RIKIO CUMMINGS,<br><br><br>　　　　Defendant. | CR. NO. 22-00023 DKW<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #1; ECF 109; CERTIFICATE OF SERVICE<br><br>Hearing: June 7, 2023 at 1:30 p.m.<br>Chief Judge Derrick K. Watson |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #1, ECF 109

I

By and through the undersigned, the United States hereby files its opposition to Defendant Lyle Rikio Cummings' Motion in Limine #1 (the "Motion"), filed on May 24, 2023, ECF No. 109. At the final pretrial conference on May 24, 2023, the Court identified the Motion as a motion to suppress in substance that should have been filed by the March 24, 2023 deadline. The Motion and the attached exhibits filed with it show that Cummings has not raised any issues with legal merit or contested factual issues with credible support that are relevant to determining suppression of the drugs seized from the defendant's truck pursuant to a search warrant executed on March 16, 2020.

## I.    SUMMARY OF FACTS AND ARGUMENT

### A. Relevant Facts

On the evening of March 15, 2020, between approximately 7:00 to 8:00 p.m., Cummings was arrested in or around Kihei, Maui, by the Maui Police Department (MPD) during an undercover operation involving enticement of a minor. Cummings was then transferred to the Kihei Police Station. At the Kihei Station, Cummings participated in a voluntary interview with law enforcement at around 8:30 p.m.

The truck that Cummings was driving at the time of his arrest was towed, impounded, and secured at the Kihei Police Station's Salley Port. As part of the operation and investigation, MPD officers applied for a search warrant of the truck

2

that they planned to execute, and did in fact execute, the day after Cummings'

arrest, on March 16, 2020.

Because Kihei Station is not a long-term holding facility, Cummings was set

to be transferred to the Wailuku Police Station later that same night of his arrest.

*See* Gov't Response in Opp. to Motion to Suppress, ECF No. 75, Exhs. 75-6, -8.

Prior to his transfer, officers learned from Cummings that he had personal

medications stored in the truck.  Pursuant to MPD protocol, officers sought consent

to "search" for the medications in the truck and retrieve them for Cummings to

bring with him to the Wailuku Station.  Thus, prior to moving Cummings to the

Wailuku station, officers had Cummings sign a consent to search form, and waiver

of rights form, and escorted Cummings to the truck's location in the Kihei Station

Salley Port.  *See* ECF No. 75, Exhs. 75-6, -7, -8, and -9.

Cummings and three officers were present at the Kihei Police Station when

the medications were obtained from the truck, located in an orange bag that

Cummings had identified.  *See* ECF No. 75, Exhs. 75-6, -8, -9, and -10.  Pursuant

to the verbal and written consent to search, officers searched the orange bag and

listed the items contained in it on the property form.  *Id.*  Thereafter, Cummings

was transported to the Wailuku Police Station.  *Id.*

None of the medications in the orange bag are charged as part of Count 2 of

the indictment.  The controlled substances that are charged in Count 2 including

cocaine and cocaine base, in addition to the marijuana and THC, were found the following day during the execution of the search warrant on the truck.  *See* ECF 74, Exhs. 74-1 to -3 (Search Warrant, Return, and Selected Photographs from the Execution of the Search Warrant).

### B. Defendant's Argument

In the instant Motion, without providing any legal support or credible evidence, the defendant appears to argue that the cocaine, cocaine base (known as "crack"), and THC/marijuana seized from the truck on March 16, 2020 pursuant to a search warrant (collectively, the "seized drugs")[1], should be suppressed.  The defendant argues that, on the night of his arrest on March 15, 2020, prior to properly obtaining a search warrant, law enforcement went into Cummings' truck (that had been impounded at the Kihei Police Station) without Cummings' consent.  From the Motion and the accompanying documents, it is unclear exactly what Cummings is alleging law enforcement did improperly during this initial "search."  The defendant writes obliquely that MPD, including Sgt. Andrew Cabral, entered the truck, searched the interior, and "removed items from within impounded truck, and possibly engaged in other activities without a search

---

[1] In his Motion, the defendant asks to suppress the illegal substances taken from the truck that have been labeled with Property Control Numbers (PCN) 748028, 748031, 748039, 748046, and 748047.  A comparison to the lab report produced by the government shows that these PCNs correspond to the cocaine, cocaine base, and THC/marijuana.

warrant…" Motion at p.2. An orange bag of medications was indeed removed from the truck, but it's the "other activities" statement that Cummings fails to specify or present evidence of any possible wrongdoing that could have occurred.

Furthermore, based on defense counsel's specific statements during the pretrial conference on May 24, 2023, and a post-hearing conversation between the undersigned and defense counsel on May 24, 2023, counsel represented that *defendant is not arguing that officers seized the "seized drugs" (the cocaine, crack, and THC/marijuana) from the truck on March 15, 2020.* This position is also consistent with the documentation in this case. It is well documented that law enforcement seized the drugs that are subject to Count 2 plus the marijuana/THC from the truck pursuant to a valid search warrant on March 16, 2020. And Cummings has zero evidence to present to the contrary at an evidentiary hearing. Rather, Cummings seems to be arguing only that the March 15, 2020 consent search "broke the Chain of Custody of the impounded truck." Motion at p. 2. As discussed above, Cummings does not provide any articulable explanation of how the orange bag with Cummings' medications that was taken from the truck prior to the execution of the search warrant relates to the seized drugs.

Cummings appears to base his entire argument on the fact that Officer Cabral wrote a declaration in connection with the government's opposition to

Cummings' prior motion to suppress statements.  In that declaration, Cabral

admitted that he made a typographical error in a separate report that he had

completed on March 15, 2020 (Cabral's March 15th Report).  ECF No. 75, Exhs. 6

and 8.  In Cabral's March 15th Report, he mistakenly wrote that Cummings signed

an MPD 103 Waiver of Rights form while Cummings was at Wailuku Police

Station.

Cabral explains in his declaration that his March 15th Report should have

stated that Cummings signed the waiver form while Cummings was still at Kihei

Police Station, which is what in fact happened.  *Id.*  The MPD 103 Waiver of

Rights form has a time of 10:11 p.m. on it, and the form the defendant signed

giving his consent for officers to help him obtain his medication from his truck (the

Consent Form) has the time of 10:14 p.m., all on March 15, 2020.  ECF No. 75,

Exhs. 7 and 9.  Cummings has provided no evidence to the contrary.  Regardless of

the forms, Cabral's uncontroverted summary report from the evening also shows

that Cummings provided his verbal consent to search the truck/orange bag for

Cummings' medications.  ECF No. 75, Exh. 8.

C. The Government's Argument

After reviewing Cummings' Motion more closely and taking into account

defense counsel's representations regarding the Motion, Cummings appears to be

arguing that the consent search broke the chain of custody and that law

enforcement may have somehow tampered with the contents of the truck on the night of Cummings' arrest.  Cummings appears to be on a baseless fishing expedition for some unspecified type of officer wrongdoing.  Thus, an evidentiary hearing on this matter does not appear to be necessary as there are no facts in dispute that would warrant suppression of the seized drugs.  Regardless, at an evidentiary hearing on the Motion, the government will be prepared to offer witness testimony, specifically of Cabral, regarding the facts of the consent search for Cummings' medication.

Relatedly, the defendant has cited to no credible evidence of any illegal search.  As Officer Cabral explains in the declaration, Cummings informed officers that he had medication in the truck and signed the MPD 103 Waiver of Rights form and the Consent Form on the evening of March 15, 2020, while he was still at the Kihei Police Station and before officers allowed the defendant to take his medication from the truck.  Even if Cummings had signed the MPD 103 Waiver of Rights and Consent Forms *after* he obtained his mediations from the truck, based just on Cummings' verbal consent, there would still not be any basis for suppression of the drugs seized the next day pursuant to the search warrant. The documentation is a useful tool for law enforcement to record the request/consent, but it is not legally required.  Taking this hypothetical a step further, even if the

7

search for the medication in the orange bag was non-consensual, there is no legal basis for suppression of the seized drugs.[2]

## II.   GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS THE SEIZED DRUGS

A. <u>Legal Issues</u>

The Fourth Amendment requires that a search warrant describe with "particular[ity] ... the place to be searched and the persons or things to be seized." U.S. Const. Fourth Amend.  "The mere fact that evidence obtained by state officers, under a state warrant, based upon violations of state law, is used in a federal prosecution does not invoke the requirements of Rule 41.  In such cases the standard is whether the warrant comports with the requirements of the Fourth Amendment."  *United States v. Crawford*, 657 F.2d 1041, 1046 (9th Cir. 1981).

The Supreme Court has stressed that suppression of evidence should be "our last resort, not our first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). Suppression is appropriate only if a Fourth Amendment violation is the but-for cause of the government obtaining the challenged evidence. *United States v. Rosenow*, 50 F.4th 715, 736-37 (9th Cir. 2022).

---

[2] Furthermore, officers could have legally done an inventory search of the impounded truck. Such an inventory search of the impounded truck would not result in suppression of the seized drugs.

8

Moreover, "the possibility of a break in the chain of custody goes only to the weight of the evidence." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991). In addition, the prosecution is not required to produce all persons who had possession of evidence. *Id.* If the evidence is an object connected with the commission of a crime, the proponent must also establish the chain of custody. *Id.* (citing *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960)). The prosecution must introduce sufficient proof so that a reasonable juror could find that the items in the bag are in "substantially the same condition" as when they were seized. *Id.* The district court may admit the evidence if there is a "reasonable probability the article has not been changed in important respects." *Id.* Further, in the absence of any evidence of tampering, a presumption exists that public officers "properly discharge[ ] their official duties." *Id.*

In addition, the inevitable discovery exception permits the admission of evidence that ultimately or inevitably would have been discovered by lawful means. *Nix v. Williams*, 467 U.S. 431, 444 (1984). The government must prove that the relevant evidence would have been inevitably discovered by a preponderance of the evidence. *Id.*

Finally, a defendant is not entitled to an evidentiary hearing as a matter of right. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving

papers allege facts with sufficient definiteness, clarity, and specificity to enable the
trial court to conclude that contested issues of fact exist.") (citing *United States v.
Walczak*, 783 F.2d 852, 857 (9th Cir. 1986), *United States v. Harris*, 914 F.2d 927,
933 (7th Cir. 1990), *United States v. Irwin*, 612 F.2d 1182, 1187 n.14 (9th Cir.
1980), and *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972)); *United
States v. Wardlow*, 951 F.2d 1115, 1116 (9th Cir. 1991) (the broad declaration of
defense counsel asserting that the defense motion's statement of facts was based
upon discovery, rather than a declaration from an individual competent to testify,
was not sufficient to require the granting of an evidentiary hearing); *United States
v. Marcello*, 731 F.2d 1354, 1358 (9th Cir. 1984) ("[T]o mandate an evidentiary
hearing, the challenger's attack must be more than conclusory and must be
supported by more than a desire to cross-examine.").[3]

---

[3] *United States v. Woodson*, No. CR 11-00531 WHA, 2011 WL 5884913, at *6 (N.D. Cal. Nov.
23, 2011) (denying a defense request for an evidentiary hearing because "mere refusal to accept
the uncontradicted evidence does not create a material issue of fact"); *United States v. Walker*,
239 F. Supp. 3d 738, 739 (S.D.N.Y. 2017) ("While [an evidentiary hearing] might have been
warranted if there were important credibility issues that could not be addressed from the paper
record, the defendant has made no showing that that is the case here."); *United States v.
Martinez*, 992 F. Supp. 2d 322, 325–26 (S.D.N.Y. 2014) ("A defendant is not entitled to an
evidentiary hearing in connection with a motion to suppress unless he can show that there are
'contested issues of fact going to the validity of the search'" and in the absence of an affidavit
"by someone with personal knowledge that disputed facts exist" an evidentiary hearing is
unnecessary) (citations omitted).

## B. Defendant's Motion Has No Support in Law or Fact

First, as discussed above, the defendant specified in his Motion that he is making a chain of custody argument. Chain of custody arguments go to the weight of the case and are appropriate for the jury to consider. *See Harrington*, 923 F.2d at 1374. The prosecution must introduce sufficient proof so that a reasonable juror could find that the items in the truck were in "substantially the same condition" as when they were seized. *Id.* The district court may admit the evidence if there is a "reasonable probability the article has not been changed in important respects." *Id.*

Next, **in the absence of any evidence of tampering, a presumption exists that public officers "properly discharge[ ] their official duties."** *Id.* (emphasis added). Cummings has presented no evidence in his Motion or the documents that he attached to demonstrate any potential tampering of any evidence prior to the execution of the search warrant on March 16, 2023. The typographical error in Cabral's report alone is not sufficient or credible evidence of possible tampering with the seized drugs.

Here, the prosecution has sufficient evidence so that a reasonable juror could find that the drugs pertaining to Count 2 were in the same condition when they were seized on March 16, 2020, as when the truck was first impounded. There is no dispute that the truck was taken directly from the site of the arrest to the Kihei Police Station where it was impounded. *See* Stipulation of Evidence, ECF. No.

11

108. The government will also call witnesses at trial to testify regarding the chain of custody for the drugs once they were seized during the execution of the search warrant on March 16, 2020.

Moreover, the inevitable discovery doctrine would apply here. Even if law enforcement did look in the truck the night of March 15, 2020 without the defendant's consent, the defense has not explained what import that could have on suppression of the drugs that were seized the next day. The defendant has not argued that the officers found, moved, or removed the seized drugs from the truck the evening of March 15, 2023. It is clear, however, that law enforcement would have found the illegal drugs the next day regardless during the execution of the search warrant.

In addition, the automobile exception could apply here as well. Although officers obtained a search warrant and conducted a legal search within the parameters of their warrant, it is worth referencing the automobile exception. The automobile exception allows an officer to conduct a search of a vehicle if there is probable cause that it contains evidence of a crime. *United States v. Ross*, 456 U.S. 798, 799, 806-09 (1982). This exception extends to any part of the vehicle and any containers that might contain evidence of that particular crime. *Id.* at 821-24. It also applies even if the search is not conducted until after the vehicle has been immobilized or impounded, *Michigan v. Thomas*, 458 U.S. 259, 261 (1982)

(per curiam); *United States v. Garcia*, 205 F.3d 1182, 1187-88 (9th Cir. 2000); and even if containers are removed from the vehicle and then searched without unreasonable delay, *United States v. Johns*, 469 U.S. 478, 485-88 (1985).

Finally, based on the attached exhibits and for the reasons set forth above, the Court can rule as a matter of law that the defendant's argument is not a basis for suppression. Although there are some disputed facts, such as if and when and how the defendant asked for his medications, the Court can presume that officers properly discharged their duties due to the absence of any evidence of tampering.

Therefore, the government respectfully requests that the defendant's Motion be denied.

DATED:  May 31, 2023, at Honolulu, Hawaii.

<div style="margin-left: 40%">

Respectfully Submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By *Christine Olson*
   Christine Olson
   REBECCA A. PERLMUTTER
   Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

</div>

13

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below,

a true and correct copy of the foregoing was served on the following via email:

JOSEPH R. MOTTL, III

Counsel for defendant Lyle Rikio Cummings

DATED:  May 31, 2023, at Honolulu, Hawaii.

/s/ Christine Olson
United States Attorney's Office
District of Hawaii

14

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CHRISTINE OLSON
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Christine.Olson2@usdoj.gov
          Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00023 DKW |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' SUPPLEMENT |
| | ) | TO ITS OPPOSITION |
| vs. | ) | TO DEFENDANT'S MOTION IN |
| | ) | LIMINE #1; ECF 109; HEARING |
| | ) | EXHIBITS 9, 10, AND 11; |
| | ) | CERTIFICATE OF |
| | ) | SERVICE |
| LYLE RIKIO CUMMINGS, | ) | |
| | ) | |
| | ) | Hearing: June 7, 2023 at 1:30 p.m. |
| Defendant. | ) | Chief Judge Derrick K. Watson |
| | ) | |

UNITED STATES' SUPPLEMENT TO ITS OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE #1, ECF 109

1

By and through the undersigned, the United States hereby files this supplement to its opposition to Defendant Lyle Rikio Cummings' Motion in Limine #1 (the "Motion"), filed on May 24, 2023, ECF No. 109. At the final pretrial conference on May 24, 2023, the Court identified the Motion as a motion to suppress in substance that should have been filed by the March 24, 2023 deadline. The defendant raised new arguments in the late-filed Motion at issue. In response, within the limited time constraints, the government sought to investigate the newly raised factual arguments and allegations in the Motion, and filed an opposition to the Motion on May 31, 2023. ECF No. 113.

In that opposition, the government attached a declaration from former Maui Police Department (MPD) Officer Andrew Cabral, providing his best recollection of the relevant events from 2020, and indicating that there was an error in his prior report (Hearing Exh. 6) that he wrote close in time to the events of March 15, 2020, while he was an officer with MPD. *See* ECF No. 113, citing to ECF No. 75, Ex. 6 (Cabral Declaration); also attached as Exh. 4 for the June 7, 2023 evidentiary hearing. In an effort to confirm the facts from 2020, the government also asked MPD to provide any documents that would show what time Cummings left the Kihei Police Station and/or arrived at Wailuku Police Station on March 15, 2020, the night of his arrest, in an abundance of caution. In response to the government's request, on Thursday, June 1, 2023, the government received

2

additional documentation from MPD regarding the defendant's movements on the

night of his arrest. *See* Hearing Exhs. 9, 10, and 11. The government produced

these newly obtained documents to defense counsel on the morning of June 5,

2023, after confirming their relevance, accuracy, and processing the documents

for production.

Upon careful review of the newly obtained documents, the government

anticipates that at an evidentiary hearing set for June 7, former MPD Sgt. Cabral

(hereinafter, "Sgt. Cabral") will explain that he made a mistake in his recent

declaration submitted to the Court. Sgt. Cabral has reviewed the recently

obtained booking forms for Cummings on March 15, 2020 to further refresh his

recollection of the timing of events, and determined that his original 2020 report

regarding the events was correct. The government anticipates that Sgt. Cabral

will explain that, consistent with the information in his report written close in time

to the events at issue, Cummings signed the MPD Waiver of Rights Form

(Hearing Ex. 5) and the MPD Consent to Search Form (Hearing Ex. 7) while

Cummings was at the Wailuku Police Station and after Cummings had been

allowed to get his medications from the truck at Kihei Police Station with the

accompaniment of MPD officers.

Based on this information, the government is submitting this supplement to

notify the Court and the defendant of the error in Cabral's declaration that the

government relied on in its opposition to the Motion. The government plans to have Sgt. Cabral testify at the June 7 evidentiary hearing so that he can explain the events the night of Cummings' arrest on March 15, 2020, and admit to the error in his declaration. The government also anticipates that Sgt. Cabral will also testify that, although he had Cummings sign the consent and waiver forms *after* the medication had been obtained from the truck, Cummings gave verbal consent *before* they allowed him to take his medication from the truck.

Verbal consent is all that is legally required, as stated in the government's original opposition brief to the Motion. The fact that the consent form was not signed until after the consent search for the medication does not warrant suppression of the drugs (*i.e.*, cocaine, cocaine base, and marijuana/THC) that were found in the truck and seized pursuant to the valid search warrant executed on March 16, 2020. The remainder of the facts, exhibits, and government arguments are not affected by the error in Cabral's declaration.

Therefore, the government continues to respectfully request that the

defendant's Motion be denied.

DATED:  June 5, 2023, at Honolulu, Hawaii.

Respectfully Submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By *Christine Olson*
Christine Olson
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below,

a true and correct copy of the foregoing was served on the following via email:

JOSEPH R. MOTTL, III

Counsel for defendant Lyle Rikio Cummings

DATED:  June 5, 2023, at Honolulu, Hawaii.

/s/ Christine Olson
United States Attorney's Office
District of Hawaii

6

**MPD**

# Booking Sheet

**ORI :** HI0050000

Booking Number # :  **2001127**

**Print Date :** 05/30/2023 09:48

| Arrestee Information | | | |
|---|---|---|---|
| Booking Number : | 2001127 | DOB : | 08/09/1973 |
| Linked Name : | CUMMINGS, LYLE R | Height : | 6'04" |
| Primary Address : | 24 NENA ST, HALIIMAILE, HI, 96768 | Weight : | 400 |
| Arrestee Last Name : | CUMMINGS | Fingerprinted : | ☒ |
| Arrestee First Name : | LYLE | DNA : | ☒ |
| Arrestee Middle Name : | R | NCIC Check : | ☒ |
| Title : | | Live Scan : | ☒ |
| Suffix : | | FBI # : | 582408HD5 |
| Ethnicity : | NON-HISPANIC | SBI # : | |
| Gender : | MALE | SID # : | A6031347 |
| Race : | HAWAIIAN | Citizenship : | UNITED STATES |
| | | Residence Status : | RESIDENT OF MAUI COUNTY |

Error: Subreport could not be shown.

| At Time Of Arrest Information | | | |
|---|---|---|---|
| Primary Address : | 24 NENA ST, HALIIMAILE, HI, 96768 | DOB : | 08/09/1973 |
| Last Name : | CUMMINGS | Height : | 6'04" |
| First Name : | LYLE | Weight : | 400 |
| Middle Name : | R | Fingerprinted : | ☒ |
| Title : | | DNA : | ☒ |
| Suffix : | | FBI # : | |
| Ethnicity : | NON-HISPANIC | SBI # : | |
| Gender : | MALE | SID # : | |
| Race : | HAWAIIAN | Citizenship : | UNITED STATES |
| | | Residence Status : | RESIDENT OF MAUI COUNTY |



EXHIBIT

9

Page 1 of 5

000170

CUMMINGS_000905

**Booking Number # :**  **2001127**                                        **Print Date :**  05/30/2023 09:48

## Booking Information

| | | | |
|---|---|---|---|
| **Booking Type :** | | **Offender Tracking Number :** | |
| **Active Status :** | ☒ | | |
| **Status Reason :** | INACTIVE | **Hold Reason :** | |
| **Photo Status :** | Taken | **FCCR Number :** | |
| **Detention Location :** | WAILUKU | **Process Control Number :** | |
| **Booking District :** | | **Police ID # :** | |
| **Watch :** | | **SID # :** | |

**Comments :**  Weekender: N
Race: H
Sex: M
Adult/Juvenile: A

## Duration

| | | | |
|---|---|---|---|
| **Begin Date/Time :** | 03/15/2020 22:00 | **Secure Detention In :** | |
| **Completed Date/Time :** | | **Secure Detention Out :** | |

## Booking Charge Information

### Charge Information :

| | | | |
|---|---|---|---|
| **Charge Code :** | <707-0756-90Z> ELECTRONIC ENTICEMENT OF A CHILD 1 | | |
| **Convicted Charge :** | | | |
| **Parent Sentence :** | | **Charge Type :** | STATE |
| **Primary :** | ☑ | **Charge Counts :** | 1 |
| **Modifier :** | | **District # :** | |
| **Offense Date :** | | **Incident # :** | 20010287 |
| **Convicted :** | ☒ | **Arrest # :** | |
| **Active :** | ☒ | **Docket Number :** | |
| **Severity :** | | **Judicial Status :** | |
| **Charge OTN :** | | **State Status :** | |
| | | **Classification :** | |

**Charge Synopsis :**  ELECTRONIC ENTICEMENT OF A CHILD 1 (Arrest ID: 20001686)

CUMMINGS_000906

**Booking Number # :  2001127**                              **Print Date :**  05/30/2023 09:48

## Bail/Bond Information :

| | |
|---|---|
| **Bail Amount Set :** $20,000.00 | **Bond Judge :** |
| **Bail/Bond Posted Amt :** $20,000.00 | **Bail Post Date :** 03/17/2020 20:07 |
| **Bail Receipt # :** 00350120 | **Bail/Bond Posted By # :** |
| **Balance Paid By Time Served :** ☒ | **Bail Status :** POSTED BOND |
| **Bond Court Code :** | **Bond Type :** SECURED BOND |
| | **Bond Court Date :** |
| **Charge Description :** | |

## Court Information :

| | |
|---|---|
| **Court Code :** WAILUKU DISTRICT | **Court Date :** 04/23/2020 10:30 |
| **Court Judge :** | **Fine Amount :** |
| **Final Disposition :** RELEASED ON BAIL | **Disposition Date :** 03/17/2020 00:00 |
| **Issued By Court :** | **Issued By Agency :** |
| **Issued By Court On :** | **Sentence Date :** |
| **Sentence Years :** | **Reporting Date :** |
| **Sentence Months :** | |
| **Sentence Days :** | |
| **Already Served Days :** | |
| **Sentence :** | |

## Bound Over :

| | |
|---|---|
| **Bound :** ☒ | **Date/Time :** |
| **Agency :** | |

CUMMINGS_000907

**Booking Number # :  2001127**                                    **Print Date :**  05/30/2023 09:48

## Involved Officers

| | | |
|---|---|---|
| **Officer :**  SEPPALA, CONNOR A (30627) | **Involvement :**  BOOKING | |
| **Other Officer :** | **Date/Time :**  03/15/2020 22:00 | |
| **Officer :**  SEPPALA, CONNOR A (30627) | **Involvement :**  FINGERPRINTING | |
| **Other Officer :** | **Date/Time :**  03/15/2020 22:00 | |
| **Officer :**  SEPPALA, CONNOR A (30627) | **Involvement :**  SEARCHING | |
| **Other Officer :** | **Date/Time :**  03/15/2020 22:00 | |
| **Officer :**  SEPPALA, CONNOR A (30627) | **Involvement :**  PHOTOGRAPHED | |
| **Other Officer :** | **Date/Time :**  03/15/2020 22:00 | |
| **Officer :**  GILROY, HEATHER M (12687) | **Involvement :**  RELEASED | |
| **Other Officer :** | **Date/Time :**  03/17/2020 20:04 | |

## Properties

**Property Information :**

| | | |
|---|---|---|
| **Item Type :**  OTHER / MEDICATION | **Action :**  RETURN |
| **Quantity :**  4 | **Cash Value :**  $0.00 |
| **Inventoried By :**  FOGARTY, PATRICK E (15164) | **Inventoried Date/Time :**  03/15/2020 22:30 |
| **Witnessed By :** | **Storage Locker # :**  JAIL | WAILUKU | STORAGE CLOSET | 1 | A |
| **Released By :**  FOGARTY, PATRICK E (15164) | |
| **Released Date/Time :**  03/17/2020 19:54 | |
| **Item Description :**  Property Description: OTHER / MEDICATION Detailed Description: 1 | |

**Property Transfer :**

| | | |
|---|---|---|
| **Authorization On File :** | **Transfer To :**  CUMMINGS, LYLE R |
| **Transfer Date/Time :** | **Relationship :** |

CUMMINGS_000908

**Booking Number # :** **2001127**                                   **Print Date :**  05/30/2023 09:48

## Release

### Release Information :

| | |
|---|---|
| Scheduled Release Date/Time : | To Agency : |
| Release Reason : | Release To : |
| Actual Release Date/Time : 03/17/2020 20:04 | Relationship : |
| Release Notes : | |

### Bail/Bond Information :

| | |
|---|---|
| Bailed Amount Set : | Bail/Bond Status : |
| Bail Receipt Number : | Bond Amount : |
| Bail Posted On : | Bond Type : |
| Bail Posted By : | |

## Booking Related Arrests

| Arrest Number | Arrest Date/Time | Tracking Number | Case |
|---|---|---|---|
| 20001686 | 03/15/2020 19:48 | | 20010287 |

## Booking Related Inmate Tracking

| | |
|---|---|
| Inmate Number : 2001127 | Attorney : |
| Intake Date/Time : 03/15/2020 22:00 | Scheduled Date/Time : |
| Offender Tracking Number : | Actual Release Date/Time : 03/17/2020 20:04 |
| Arrestee Information : CUMMINGS, LYLE R | |

CUMMINGS_000909

# Event Search

| Event Date | Event Time |
|---|---|
| 03/15/20 | 19:57:27 |

Event Number:        P2003006012

| Agency | Type | ESZ | Area | Group |
|---|---|---|---|---|
| MPD | SEXA | 51 | 644 | P6 |

Location:      Apt  , Mun KIH
Location Info:

Comments:
Xstreets:      KILOHANA DR
S KIHEI RD

Caller Name:
Caller Addr:
Caller Phone:                    Phone2:
Call Source:

Remarks

** LOI search completed at 03/15/20 19:57:27
1K12 AMIC FROM KILOHAHA
** LOI search completed at 03/15/20 19:57:39
** LOI search completed at 03/15/20 19:57:47
** Event Location changed from "2201 PIILANI HWY
KIH: @KPD PIILANI HWY" to "KILOHANA
DR/PIILANI HWY KIH: alias KILOHANA DR/HWY 31
KIH" at: 03/15/20 19:57:47
** >>>> on terminal: cadlahaina
** Case number PC20010287 has been assigned to event
P2003006012
** >>>> on terminal: cadlahaina
** LOI search completed at 03/15/20 20:00:16
** Event Location changed from "KILOHANA
DR/PIILANI HWY KIH: alias KILOHANA DR/HWY 31
KIH" to "2201 PIILANI HWY KIH: @KPD PIILANI
HWY" at: 03/15/20 20:00:16
** >>>> on terminal: cadlahaina
** LOI search completed at 03/15/20 20:00:39

5/30/2023 09:57:35                    Event_Search                    Page 1

EXHIBIT
10

CUMMINGS_000899

Remarks

** Event Location changed from "2201 PIILANI HWY
KIH: @KPD PIILANI HWY" to "KILOHANA DR/S
KIHEI RD KIH" at: 03/15/20 20:00:39
** >>>> on terminal: cadlahaina
1K25 NEED IMPOUND TOW TO D6 LAJ777
CALLING MAUI TOW
2 ATTEMPYS NO ANSWER
KITS ER ETA 25 MIN
** Disposition code changed from: RTF to: AIC
** >>>> on terminal: cadlahaina
** LOI search completed at 03/15/20 21:31:38
J12, TRC D1
Y2 - AMIC TO D6
** LOI search completed at 03/15/20 23:38:08
Y2 – 10-9 D6
** Disposition code changed from: AIC to: MIC
** >>>> on terminal: cadlahaina
Y2: AMIC TO D1
** LOI search completed at 03/15/20 23:53:40
** Cross Referenced to Event # P2003006275 at: 03/16/20
13:07:55
** >>>> on terminal: cademsfire

Times:

| Add | Dispatch | Arrive | Close | Closing ID | C Terminal | Comments |
|---|---|---|---|---|---|---|
| 19:57:27 | 19:57:31 | 19:57:32 | 01:00:19 | 15215 | cadlahaina | |

| Case Number | Event Number |
|---|---|
| PC20010287 | P2003006012 |

| Units | Car ID |
|---|---|
| 1A33 | 714 |
| 1J12 | |
| 1K12 | |
| 1K25 | |
| Y2 | |

disposition

MIC

5/30/2023 09:57:35                    Event_Search                              Page 3

CUMMINGS_000901

# Event Chronology

Case 1:22-cr-00023-DKW   Document 119-2   Filed 06/05/23   Page 4 of 6   PageID.604

### Summary

| Event Number/Type | Location | First Call |
|---|---|---|
| P2003006012 | KILOHANA DR/S KIHEI RD KIH | |
| SEXA (SEX OFFENSES/REPORT) | Cross Streets KILOHANA DR/S KIHEI RD | |

| Assigned Units | Dispositions | Event Times |
|---|---|---|
| | RTF, AIC, MIC | Started 3/15/2020 7:57:07 PM |
| | | Created 3/15/2020 7:57:27 PM |
| | | First Dispatch 3/15/2020 7:57:31 PM |
| Case Numbers | Cross References | First Enroute 3/15/2020 10:45:51 PM |
| PC20010287 | P2003006275 | First Arrive 3/15/2020 7:57:32 PM |
| | | Closed 3/16/2020 1:00:19.AM |

| Date/Time | Operator | Terminal | Details |
|---|---|---|---|
| 3/15/2020 7:57:27 PM | POMEROY, JASON C (15156) | cadlahaina | **MPD event P2003006012 created** at 2201 PIILANI HWY KIH: @KPD PIILANI HWY Cross Street KANANI RD Cross Street ALANUI KE ALII Type SEXA (SEX OFFENSES/REPORT) Dispatch Group P6 Priority 2 Beat 643 Alarm Level 1 |
| 3/15/2020 7:57:27 PM | POMEROY, JASON C (15156) | cadlahaina | **New Comment** 1K12 AMIC FROM KILOHAHA |
| 3/15/2020 7:57:31 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action** Unit 1K12 Agency MPD Group PO Action DP 2201 PIILANI HWY KIH: @KPD PIILANI HWY |
| 3/15/2020 7:57:31 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** Total Assigned Units  1 |
| 3/15/2020 7:57:31 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** First Unit Dispatched Time  3/15/2020 7:57:31 PM Primary Employee Id  11545 Primary Unit Id  1K12 |
| 3/15/2020 7:57:31 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** First Unit Arrived Time  3/15/2020 7:57:32 PM |
| 3/15/2020 7:57:32 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action** Unit 1K12 Agency MPD Group PO Action OS 2201 PIILANI HWY KIH: @KPD PIILANI HWY |
| 3/15/2020 7:57:39 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action** Unit 1K12 Agency MPD Group PO Action TR AMIC TO D6 |
| 3/15/2020 7:57:39 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** First Unit Transported Time  3/15/2020 7:57:39 PM |
| 3/15/2020 7:57:47 PM | POMEROY, JASON C (15156) | cadlahaina | **New Call** |
| 3/15/2020 7:57:47 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** Location KILOHANA DR/PIILANI HWY KIH: alias KILOHANA DR/HWY 31 KIH Beat  644 Esz  51 AgencyEventData_MauiInitialTycod Cross Street1  KILOHANA DR Cross Street2  PIILANI HWY Has Loi Data  False Latitude  20.7057538282731 Longitude  -156.434684307313 |
| 3/15/2020 8:00:05 PM | POMEROY, JASON C (15156) | cadlahaina | **Case Number PC20010287 Assigned** |
| 3/15/2020 8:00:05 PM | POMEROY, JASON C (15156) | cadlahaina | |
| 3/15/2020 8:00:16 PM | POMEROY, JASON C (15156) | cadlahaina | **Updated Call** |
| 3/15/2020 8:00:16 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** Location 2201 PIILANI HWY KIH: @KPD PIILANI HWY Beat  643 Esz  50 Cross Street1  KANANI RD Cross Street2  ALANUI KE ALII Has Loi Data  True Latitude  20.7270432171011 Longitude  -156.440736113725 |
| 3/15/2020 8:00:39 PM | POMEROY, JASON C (15156) | cadlahaina | **Updated Call** |
| 3/15/2020 8:00:39 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated** Location KILOHANA DR/S KIHEI RD KIH Beat  644 Esz  51 Cross Street1  KILOHANA DR Cross Street2  S KIHEI RD Has Loi Data  False Latitude  20.7023556915372 Longitude  -156.444778387917 |
| 3/15/2020 8:00:45 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action** Unit 1K25 Agency MPD Group PO Action DP KILOHANA DR/S KIHEI RD KIH |

CUMMINGS_000902

| | | | |
|---|---|---|---|
| 3/15/2020 8:00:45 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated**<br>Total Assigned Units 3 |
| 3/15/2020 8:00:46 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action**<br>Unit 1K25 Agency MPD Group PO Action OS<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 8:02:00 PM | POMEROY, JASON C (15156) | cadlahaina | **New Comment**<br>1K25 NEED IMPOUND TOW TO D6 LAJ777 |
| 3/15/2020 8:03:46 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action**<br>Unit 1K12 Agency MPD Group PO Action TC<br>AMIC TO D6 |
| 3/15/2020 8:03:46 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated**<br>First Unit Transport Arrived Time  3/15/2020 8:03:46 PM |
| 3/15/2020 8:05:48 PM | SYSTEM | cadcalltaker1 | **Unit Action**<br>Unit 1K12 Agency MPD Group PO Action ~<br>AMIC TO D6 |
| 3/15/2020 8:12:19 PM | POMEROY, JASON C (15156) | cadlahaina | **New Comment**<br>CALLING MAUI TOW |
| 3/15/2020 8:13:24 PM | POMEROY, JASON C (15156) | cadlahaina | **New Comment**<br>2 ATTEMPYS NO ANSWER |
| 3/15/2020 8:14:19 PM | POMEROY, JASON C (15156) | cadlahaina | **New Comment**<br>KITS ER ETA 25 MIN |
| 3/15/2020 8:20:46 PM | SYSTEM | cadrelief | **Unit Action**<br>Unit 1K25 Agency MPD Group PO Action ~<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 8:21:09 PM | POMEROY, JASON C (15156) | cadlahaina | |
| 3/15/2020 8:34:10 PM | KEENER, BRIDGET A (13665) | cadwailuku | **Unit Action**<br>Unit 1K12 Agency MPD Group PO Action CU<br>AMIC TO D6 |
| 3/15/2020 8:34:10 PM | KEENER, BRIDGET A (13665) | cadwailuku | **Unit Action**<br>Unit 1K25 Agency MPD Group PO Action CU<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 9:31:33 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action DP<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 9:31:33 PM | POMEROY, JASON C (15156) | cadlahaina | **Event Updated**<br>Total Assigned Units  3 |
| 3/15/2020 9:31:34 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action OS<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 9:31:38 PM | POMEROY, JASON C (15156) | cadlahaina | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action TR<br>AMIC TO D1 |
| 3/15/2020 9:51:38 PM | SYSTEM | cadcalltaker1 | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action ~<br>AMIC TO D1 |
| 3/15/2020 9:53:14 PM | KEENER, BRIDGET A (13665) | cadwailuku | **New Comment**<br>J12. TRC D1 |
| 3/15/2020 9:53:18 PM | KEENER, BRIDGET A (13665) | cadwailuku | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action TC<br>AMIC TO D1 |
| 3/15/2020 9:55:18 PM | SYSTEM | cadcalltaker1 | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action ~<br>AMIC TO D1 |
| 3/15/2020 10:45:50 PM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action DP<br>KILOHANA DR/S KIHEI RD KIH<br>Mileage 100370 |
| 3/15/2020 10:45:50 PM | WOLFF, KEVIN M (15029) | cademsfire | **Event Updated**<br>Total Assigned Units  4 |
| 3/15/2020 10:45:50 PM | WOLFF, KEVIN M (15029) | cademsfire | **Event Updated**<br>First Unit Enrouted Time  3/15/2020 10:45:51 PM |
| 3/15/2020 10:45:51 PM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action ER<br>KILOHANA DR/S KIHEI RD KIH<br>Mileage 100370 |
| 3/15/2020 10:45:53 PM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit 1J12 Agency MPD Group PO Action AV |
| 3/15/2020 10:45:53 PM | WOLFF, KEVIN M (15029) | cademsfire | **Event Updated**<br>Total Assigned Units  3 |
| 3/15/2020 11:05:51 PM | SYSTEM | cadrelief | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action ~<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 11:06:41 PM | KAMAKA, ZACHARY R (15486) | $1A33 | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action UU<br>Mileage 100370 |
| 3/15/2020 11:06:41 PM | KAMAKA, ZACHARY R (15486) | $1A33 | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action UE<br>Mileage 100370 |
| 3/15/2020 11:06:42 PM | KAMAKA, ZACHARY R (15486) | $1A33 | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action UC<br>KILOHANA DR/S KIHEI RD KIH |

CUMMINGS_000903

| | | | |
|---|---|---|---|
| 3/15/2020 11:10:42 PM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action AS<br>Mileage 100370 |
| 3/15/2020 11:10:42 PM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit 1A33 Agency MPD Group P1 Action UC<br>Mileage 100370 |
| 3/15/2020 11:10:42 PM | WOLFF, KEVIN M (15029) | cademsfire | **Event Updated**<br>Total Assigned Units  2 |
| 3/15/2020 11:37:57 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action DP<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 11:37:57 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Event Updated**<br>Total Assigned Units  3 |
| 3/15/2020 11:37:58 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action OS<br>KILOHANA DR/S KIHEI RD KIH |
| 3/15/2020 11:38:03 PM | ADOLPHO, TORI M (15215) | cadlahaina | **New Comment**<br>Y2 - AMIC TO D6 |
| 3/15/2020 11:38:07 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action TR<br>AMIC TO D6 |
| 3/15/2020 11:40:48 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action TC<br>AMIC TO D6 |
| 3/15/2020 11:40:53 PM | ADOLPHO, TORI M (15215) | cadlahaina | **New Comment**<br>Y2 – 10-9 D6 |
| 3/15/2020 11:42:27 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Disposition Type MIC Assigned**<br>Case Number PC20010287 |
| 3/15/2020 11:42:48 PM | SYSTEM | cadcalltaker1 | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action ~<br>AMIC TO D6 |
| 3/15/2020 11:53:31 PM | ADOLPHO, TORI M (15215) | cadlahaina | **New Comment**<br>Y2: AMIC TO D1 |
| 3/15/2020 11:53:40 PM | POMEROY, JASON C (15156) | db_server | **Updated Call** |
| 3/15/2020 11:53:40 PM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action TR<br>AMIC TO D1 |
| 3/16/2020 12:12:24 AM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action TC<br>AMIC TO D1 |
| 3/16/2020 12:14:24 AM | SYSTEM | cademsfire | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action ~<br>AMIC TO D1 |
| 3/16/2020 12:50:46 AM | WOLFF, KEVIN M (15029) | cademsfire | **Unit Action**<br>Unit Y2 Agency MPD Group PO Action AV |
| 3/16/2020 12:50:46 AM | WOLFF, KEVIN M (15029) | cademsfire | **Event Updated**<br>Total Assigned Units  2 |
| 3/16/2020 1:00:17 AM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit 1K12 Agency MPD Group PO Action AV |
| 3/16/2020 1:00:17 AM | ADOLPHO, TORI M (15215) | cadlahaina | **Event Updated**<br>Total Assigned Units  1 |
| 3/16/2020 1:00:19 AM | ADOLPHO, TORI M (15215) | cadlahaina | **Unit Action**<br>Unit 1K25 Agency MPD Group PO Action AV |
| 3/16/2020 1:00:19 AM | ADOLPHO, TORI M (15215) | cadlahaina | **Event Updated**<br>Total Assigned Units  0 |
| 3/16/2020 1:00:19 AM | ADOLPHO, TORI M (15215) | cadlahaina | **Event Closed** |
| 3/16/2020 1:00:19 AM | ADOLPHO, TORI M (15215) | cadlahaina | **Event Updated**<br>Rms Transfer Time  3/16/2020 1:00:19 AM |
| 3/16/2020 1:07:55 PM | ROBELLO,    LORELEE N (11297) | cademsfire | **Cross-Referenced to P2003006275** |

**MPD**
# Inmate Tracking Report

ORI : HI0050000

**Inmate Number # :  2001127**

Print Date : 05/30/2023 10:24

INCARCERATED

---

## Inmate Information

| | | | |
|---|---|---|---|
| Inmate Number : | 2001127 | DOB : | 08/09/1973 |
| Inmate Date/Time : | 03/15/2020 22:00 | Height : | 6'4" |
| Last Name : | CUMMINGS | Weight : | 400 |
| First Name : | LYLE | SBI # : | |
| Middle Name : | R | SID # : | A6031347 |
| Linked Name : | CUMMINGS, LYLE R INDIVIDUAL | Fingerprinted : | ☒ |
| Primary Address : | 24 NENA ST, HALIIMAILE, HI, 96768 | DNA : | ☒ |
| Title : | | Ethnicity : | NON-HISPANIC |
| Suffix : | | Gender : | MALE |
| Citizenship : | UNITED STATES | Race : | HAWAIIAN |
| Residence Status : | RESIDENT OF MAUI COUNTY | FBI # : | 582408HD5 |

### Booking

| | | | |
|---|---|---|---|
| Linked Booking : | 2001127 | Linked Juvenile Booking : | |

### Attorney

| | | | |
|---|---|---|---|
| Name : | | Work Phone : | |
| Primary Address : | | Other Phone : | |

### Emergency Contact

| | | | |
|---|---|---|---|
| Name : | | Relationship : | |
| Phone : | | | |

### Intake Information

| | | | |
|---|---|---|---|
| Offender Tracking Number : | | Solitary : | ☒ |
| Age : | | Suicide : | ☒ |
| Security : | | At Risk : | ☒ |
| Comments : | Weekender: N<br>Race: H | | |



EXHIBIT

**11**

000181

Page 1 of 11

CUMMINGS_000888

**Inmate Number # :  2001127**

Print Date :  05/30/2023 10:24

INCARCERATED

Sex: M
Adult/Juvenile: A

**Current Status**                    .

Weekender :  ☒

Status Date/Time :

Status :

Location :  #.6 | 01

Temporary Location :

| Holds | | | |
|---|---|---|---|
| Entered By : | WRIGHT, JAMIE P (12115) | Entered Date/Time : | 03/16/2020 04:46 |
| Reason Held : | CID | Released By : | CABRAL, ANDREW P. (15222) |
| Release Date/Time : | 03/17/2020 20:08 | Released Reason : | |

| Housing Logs | | | |
|---|---|---|---|
| Transfer Date/Time | Housing | Status Date/Time | Status |
| 03/15/2020 22:00 | MAIN | 1 | | |
| 03/15/2020 23:38 | #.6 | 02 | | |
| 03/17/2020 19:12 | #.6 | 01 | | |

CUMMINGS_000889

Inmate Number # : **2001127**                          Print Date :  05/30/2023 10:24

                                                                              INCARCERATED

## Housing/Transfers

### Transfer/Movement Information :

| | |
|---|---|
| Transfer Date/Time :  03/15/2020 22:00 | Status : |
| Status Date/Time : | Transferring Officer : |
| Arrival  Date/Time : | Receiving Officer : |
| Departure Mileage : | Arrival Mileage : |
| Responsible Court : | Responsible County : |
| Comments : | |

### Transfer/Movement Location :

| | |
|---|---|
| Housing :  MAIN \| 1 | Outside Address : |
| Outside Location : | |

### Transfer/Movement Information :

| | |
|---|---|
| Transfer Date/Time :  03/15/2020 23:38 | Status : |
| Status Date/Time : | Transferring Officer : |
| Arrival  Date/Time : | Receiving Officer : |
| Departure Mileage : | Arrival Mileage : |
| Responsible Court : | Responsible County : |
| Comments : | |

### Transfer/Movement Location :

| | |
|---|---|
| Housing :  #.6 \| 02 | Outside Address : |
| Outside Location : | |

### Transfer/Movement Information :

| | |
|---|---|
| Transfer Date/Time :  03/17/2020 19:12 | Status : |
| Status Date/Time : | Transferring Officer : |

CUMMINGS_000890

**Inmate Number # :** **2001127**                    **Print Date :** 05/30/2023 10:24

                                                                 INCARCERATED

| | |
|---|---|
| **Arrival  Date/Time :** | **Receiving Officer :** |
| **Departure Mileage :** | **Arrival Mileage :** |
| **Responsible Court :** | **Responsible County :** |
| **Comments :** | |

**Transfer/Movement Location :**

| | |
|---|---|
| **Housing :** #.6 \| 01 | **Outside Address :** |
| **Outside Location :** | |

## Inmate Property

**Inmate Property :**

| | | | |
|---|---|---|---|
| **Item Type :** OTHER / MEDICATION | | **Action :** RETURN |
| **Quantity :** 4 | | **Cash Value :** 0.0000 |
| **Inventoried By :** FOGARTY, PATRICK E (15164) | | **Inventoried  Date/Time :** 03/15/2020 22:30 |
| **Witnessed By :** | | **Storage Locker # :** JAIL \| WAILUKU \| STORAGE CLOSET \| 1 \| A |
| **Released By :** FOGARTY, PATRICK E (15164) | | **Storage Location :** |
| **Released Date/Time :** 03/17/2020 19:54 | | |
| **Item Description :** Property Description: OTHER / MEDICATION  Detailed Description: 1 | | |

**Property Transfer :**

| | |
|---|---|
| **Authorization On File :** | **Transfer To :** CUMMINGS, LYLE R INDIVIDUAL |
| **Transfer Date/Time :** | **Relationship :** |

## Jail Logs

| Log Date/Time | Log Category | Comments |
|---|---|---|
| 03/17/2020 20:04 | | ILEADS EVENT TYPE : RELS  LOCATION : OTHER |
| 03/17/2020 20:08 | | ILEADS EVENT TYPE : BOND |
| 03/17/2020 20:07 | | ILEADS EVENT TYPE : BOND |
| 03/17/2020 20:07 | | ILEADS EVENT TYPE : BOND |

CUMMINGS_000891

**Inmate Number # :  2001127**                                      **Print Date :**  05/30/2023 10:24

INCARCERATED

| | |
|---|---|
| 03/17/2020 19:30 | ILEADS EVENT TYPE : PHON<br>LOCATION : WKU |
| 03/17/2020 19:12 | ILEADS EVENT TYPE : INMT |
| 03/17/2020 05:24 | ILEADS EVENT TYPE : IME<br>LOCATION : WKU |
| 03/16/2020 05:43 | ILEADS EVENT TYPE : JQME<br>LOCATION : WKU |
| 03/16/2020 04:46 | ILEADS EVENT TYPE : HOLD |
| 03/16/2020 00:35 | ILEADS EVENT TYPE : JQSU |
| 03/16/2020 00:35 | ILEADS EVENT TYPE : JQSU |
| 03/15/2020 23:38 | ILEADS EVENT TYPE : INMT |
| 03/15/2020 22:38 | ILEADS EVENT TYPE : MIGC<br>LOCATION : WKU |
| 03/15/2020 22:08 | ILEADS EVENT TYPE : JQME |
| 03/15/2020 22:00 | ILEADS EVENT TYPE : INMT |
| 03/15/2020 22:00 | ILEADS EVENT TYPE : BOOK |

## Sentence - Booking

| | | | |
|---|---|---|---|
| **Charge Code :** | ELECTRONIC ENTICEMENT OF A CHILD 1 (342014) | **Charge Type :** | STATE |
| **Convicted Charge :** | | **Years :** | |
| **Months :** | | **Days :** | |
| **Active :** | ☒ | | |

## Release Information

| | | | |
|---|---|---|---|
| **Scheduled Date/Time :** | | **Actual Release Date/Time :** | 03/17/2020 20:04 |
| **Reason :** | | **To Agency :** | |
| **To Other :** | | **Relationship :** | |
| **Comments :** | | | |

Page 5 of 11

CUMMINGS_000892

Case 1:22-cr-00023-DKW   Document 119-3   Filed 06/05/23   Page 6 of 11   PageID.612

**Inmate Number # :**  **2001127**

**Print Date :**  05/30/2023 10:24

INCARCERATED

| Medical Questionnaire | | | |
|---|---|---|---|
| MEDICAL | Observation of deformities | NO | |
| MEDICAL | Are you currently under a physician`s care? If yes, explain. | Dr. Seraguchi in Wailuku. | |
| MEDICAL | Are you currently pregnant? If yes, how many months? | | |
| MEDICAL | Are you currently taking medications? If yes, list type(s), dosage(s), frequency and for what condition. | Takes medication for diabetes, and high blood pressure. Does not know the names - no prescription with him. | |
| MEDICAL | Do you suffer from Hepatitis? | NO | |
| MEDICAL | Do you suffer from shortness of breath? | NO | |
| MEDICAL | Do you suffer from abdominal pains? | NO | |
| MEDICAL | Do you suffer from high blood pressure? | YES | |
| MEDICAL | Do you suffer from tuberculosis? | NO | |
| MEDICAL | Do you suffer from schizophrenia? | NO | |
| MEDICAL | Do you suffer from alcohol addiction? | NO | |
| MEDICAL | Do you suffer from epilepsy or blackouts? | NO | |
| MEDICAL | Do you suffer from heart disease? | NO | |
| MEDICAL | Do you suffer from chest pains? | NO | |
| MEDICAL | Do you suffer from ulcers? | NO | |
| MEDICAL | Do you suffer from major depression? | NO | |
| MEDICAL | Do you suffer from venereal disease? | NO | |
| MEDICAL | Do you suffer from diabetes? | YES | |
| MEDICAL | Do you suffer from drug addiction? | NO | |

CUMMINGS_000893

**Inmate Number # :**  **2001127**                                          **Print Date :**   05/30/2023 10:24

<div align="right">

**INCARCERATED**

</div>

| | | |
|---|---|---|
| MEDICAL | Do you suffer from asthma? | NO |
| MEDICAL | Do you suffer from bipolar disease? | NO |
| MEDICAL | Do you suffer from any other medical condition? | |
| MEDICAL | Have you ever attempted suicide? If yes, when, how and why? | |
| MEDICAL | Have you ever considered suicide? If yes, when and why? | |
| MEDICAL | Are you now or have you ever been treated for mental health or emotional problems? If yes, when? | |
| MEDICAL | Were you treated as an inpatient? | NO |
| MEDICAL | Were you treated as an outpatient? | NO |
| MEDICAL | What condition were you treated for? | |
| MEDICAL | Have you recently experienced a significant loss (job, death of a family member or close friend, relationship, etc.) If yes, explain. | |
| MEDICAL | Has a family member or close friend ever attempted to commit suicide? If yes, explain. | |
| MEDICAL | Do you feel that there is nothing to look forward to in the immediate future? (Expressing helplessness or hopelessness). If yes, explain. | Feels Helpless due to current situation. |
| MEDICAL | Are you thinking of killing yourself? If yes, explain. | |
| MEDICAL | Observation of assaultive behavior? | NO |
| MEDICAL | Observation of loud or obnoxious behavior? | NO |
| MEDICAL | Observation of any noticeable scars? | NO |
| MEDICAL | Observation of any bizarre behavior? | NO |
| MEDICAL | | NO |

<div align="right">

Page 7 of 11

</div>

CUMMINGS_000894

Case 1:22-cr-00023-DKW   Document 119-3   Filed 06/05/23   Page 8 of 11   PageID.614

**Inmate Number # :  2001127**                                    Print Date :  05/30/2023 10:24

<div align="right"><b>INCARCERATED</b></div>

| | | | |
|---|---|---|---|
| | | Observation of alcohol or drug withdrawal? | |
| | MEDICAL | Observation of unusual suspiciousness? | NO |
| | MEDICAL | Observation of hearing or seeing voices or visions? | NO |
| | MEDICAL | Observation of other signs of depression? | |
| | MEDICAL | Observation of crying or tearful? | NO |
| | MEDICAL | Observation of being confused? | NO |
| | MEDICAL | Observation of being uncooperative? | NO |
| | MEDICAL | Observation of being passive? | YES |
| | MEDICAL | Observation of being intoxicated? | NO |
| | MEDICAL | Observation of being scared? | NO |
| | MEDICAL | Observation of being incoherent? | NO |
| | MEDICAL | Observation of being embarassed? | NO |
| | MEDICAL | Was detainee a medical, mental or suicide risk during any prior arrest or confinement with the Maui Police Department? | |
| | MEDICAL | Observation of pain or injury? If YES, explain | |
| | SUICIDE | Observation of Assaultive Behavior? | NO |
| | SUICIDE | Observation of Assaultive Behavior? | NO |
| | SUICIDE | Does the officer believe the detainee is a medical, mental or suicide risk now? | |
| | SUICIDE | Does the officer believe the detainee is a medical, mental or suicide risk now? | |
| | SUICIDE | Observation of any noticable scars? | NO |

<div align="right">Page 8 of 11</div>

CUMMINGS_000895

Case 1:22-cr-00023-DKW   Document 119-3   Filed 06/05/23   Page 9 of 11   PageID.615

**Inmate Number # :  2001127**                          **Print Date :**  05/30/2023 10:24

**INCARCERATED**

| | | |
|---|---|---|
| SUICIDE | Observation of any noticable scars? | NO |
| SUICIDE | Observation of bizarre behavior? | NO |
| SUICIDE | Observation of bizarre behavior? | NO |
| SUICIDE | Observation of alcohol or drug withdrawl? | NO |
| SUICIDE | Observation of alcohol or drug withdrawl? | NO |
| SUICIDE | Observation of unusual suspiciousness? | NO |
| SUICIDE | Observation of unusual suspiciousness? | NO |
| SUICIDE | Observation of hearing or seeing voices or visions? | NO |
| SUICIDE | Observation of hearing or seeing voices or visions? | NO |
| SUICIDE | Observation of pain or injury? If YES, explain | |
| SUICIDE | Observation of pain or injury? If YES, explain | |
| SUICIDE | Observation of other signs of depression? | |
| SUICIDE | Observation of other signs of depression? | |
| SUICIDE | Observation of crying or tearful? | NO |
| SUICIDE | Observation of crying or tearful? | NO |
| SUICIDE | Observation of confusion? | NO |
| SUICIDE | Observation of confusion? | NO |
| SUICIDE | Observation of being uncooperative? | NO |
| SUICIDE | Observation of being uncooperative? | NO |
| SUICIDE | | NO |

CUMMINGS_000896

Case 1:22-cr-00023-DKW   Document 119-3   Filed 06/05/23   Page 10 of 11   PageID.616

**Inmate Number # :** **2001127**                    **Print Date :**  05/30/2023 10:24

INCARCERATED

| | | | |
|---|---|---|---|
| | | Observation of loud or obnoxious behavior? | |
| | SUICIDE | Observation of loud or obnoxious behavior? | NO |
| | SUICIDE | Observation of being passive? | YES |
| | SUICIDE | Observation of being passive? | YES |
| | SUICIDE | Observation of being intoxicated? | NO |
| | SUICIDE | Observation of being intoxicated? | NO |
| | SUICIDE | Observation of being scared? | NO |
| | SUICIDE | Observation of being scared? | NO |
| | SUICIDE | Observation of being incoherent? | NO |
| | SUICIDE | Observation of being incoherent? | NO |
| | SUICIDE | Observation of being embarassed? | NO |
| | SUICIDE | Observation of being embarassed? | NO |
| | SUICIDE | Observation of body deformities? | |
| | SUICIDE | Observation of body deformities? | |

**Officer Information**

| | | |
|---|---|---|
| **Officer :** SEPPALACONNOR A (30627) | | **Unit :** |
| **Involvement :** BOOKING | | |
| **Officer :** SEPPALACONNOR A (30627) | | **Unit :** |
| **Involvement :** FINGERPRINTING | | |
| **Officer :** SEPPALACONNOR A (30627) | | **Unit :** |
| **Involvement :** SEARCHING | | |

Page 10 of 11

CUMMINGS_000897

**Inmate Number # :  2001127**                              **Print Date** :  05/30/2023 10:24

**INCARCERATED**

| | |
|---|---|
| **Officer :** SEPPALACONNOR A (30627) | **Unit :** |
| **Involvement :** | |
| **Officer :** SEPPALACONNOR A (30627) | **Unit :** |
| **Involvement :** SCREENING | |
| **Officer :** CABRALANDREW P. (15222) | **Unit :** |
| **Involvement :** SCREENING | |
| **Officer :** GILROYHEATHER M (12687) | **Unit :** |
| **Involvement :** | |

CUMMINGS_000898

INSTRUCTION NO. 11

You have heard testimony from three witnesses, Homeland Security Investigations Resident Agent in Charge Ryan Faulkner, Maui Police Department Detective Matthew Bigoss, and Maui Police Department Criminalist Brandi Kaoni, who testified about their opinions and the reasons for those opinions. The opinion testimony from these witnesses is allowed because of the specialized knowledge, skill, experience, training, or education of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

11

## INSTRUCTION NO. 10

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it was given by a law enforcement officer.

10

| | | |
|---|---|---|
| 08:56AM | 1 | having been conclusively proved. |
| 08:56AM | 2 | "INSTRUCTION NO. 10 |
| 08:56AM | 3 | "The testimony of a law enforcement officer should be |
| 08:56AM | 4 | weighed and considered, and credibility determined, in the same |
| 08:56AM | 5 | way as that of any other witness.  A law enforcement officer's |
| 08:56AM | 6 | testimony is not entitled to any greater weight, nor should you |
| 08:56AM | 7 | consider it to be more credible than that of any other witness |
| 08:56AM | 8 | simply because it was given by a law enforcement officer. |
| 08:56AM | 9 | "INSTRUCTION NO. 11 |
| 08:56AM | 10 | "You have heard testimony from three witnesses, |
| 08:56AM | 11 | Homeland Security Investigations Resident Agent in Charge Ryan |
| 08:57AM | 12 | Faulkner, Maui Police Department Detective Matthew Bigoss and |
| 08:57AM | 13 | Maui Police Department Criminalist Brandi Kaoni, who testified |
| 08:57AM | 14 | about their opinions and the reason for their opinions.  The |
| 08:57AM | 15 | opinion testimony from these witnesses is allowed because of |
| 08:57AM | 16 | the specialized knowledge, skill, experience, training, or |
| 08:57AM | 17 | education of these witnesses. |
| 08:57AM | 18 | "Such opinion testimony should be judged like that of |
| 08:57AM | 19 | any other testimony.  You may accept it, you may reject it, and |
| 08:57AM | 20 | you may give it as much weight as you think it deserves |
| 08:57AM | 21 | considering the witness's knowledge, skill, experience, |
| 08:57AM | 22 | training or education, the reason given for the opinions, and |
| 08:57AM | 23 | all the other evidence in this case. |
| 08:57AM | 24 | "INSTRUCTION NO. 12 |
| 08:57AM | 25 | "You have heard evidence of the defendant's statements |

57

03:39PM 1  A    From my training and experience, that would be a smoking
03:39PM 2  emoji reference to smoking marijuana.
03:39PM 3  Q    I'd like to talk a little bit more about your training and
03:39PM 4  experience here going back to how you said you have significant
03:39PM 5  training and experience in child exploitation cases.
03:39PM 6       Why does Mr. Cummings offer her marijuana at this
03:39PM 7  point in your training and experience?
03:39PM 8  A    In order to persuade and to coax, and to entice her to
03:39PM 9  gain her favor.
03:39PM 10 Q    Is that something that's common in your experience in
03:39PM 11 investigating child exploitation cases?
03:39PM 12 A    Yes.
03:39PM 13 Q    Can you expand a little bit on that?
03:39PM 14 A    I'm sorry.  Can you repeat the question?
03:39PM 15 Q    Could you expand a little bit on that?
03:39PM 16 A    On which part?
03:39PM 17 Q    How it's common in child exploitation cases to offer
03:39PM 18 marijuana or other drugs?
03:39PM 19 A    That would be something that would be common in that for
03:39PM 20 an adult to offer various drugs to minors in order to gain
03:40PM 21 favor, to groom, to manipulate, to induce, to coax them.
03:40PM 22 Q    Thank you.
03:40PM 23      Please continue reading.
03:40PM 24 A    "Cummings.  So should I come down or you can't come out if
03:40PM 25 I come down?.?  Lol why you don't answer?"

58

| | | |
|---|---|---|
| 03:40PM | 1 | "Kiana. My girlfriend is over rn. Watchin a movie." |
| 03:40PM | 2 | Q   Let me stop you. |
| 03:40PM | 3 | So in this point in the conversation DuckFat34 we'll |
| 03:40PM | 4 | say, has asked you repeatedly to meet in person. |
| 03:40PM | 5 | Why are you not agreeing at this point to meet in |
| 03:40PM | 6 | person? |
| 03:40PM | 7 | A   I'm still understanding his intent and still building a |
| 03:40PM | 8 | rapport with him. |
| 03:40PM | 9 | Q   Thank you. |
| 03:41PM | 10 | Please continue. |
| 03:41PM | 11 | A   "My girlfriend is over rn. Watchin a movie." |
| 03:41PM | 12 | "Cummings. Send a pic of you two." |
| 03:41PM | 13 | "Kiana. You haven't even sent me one pic yet." |
| 03:41PM | 14 | Q   Can I ask you, why did you say that? |
| 03:41PM | 15 | A   Because he hasn't sent me a picture of himself and I've |
| 03:41PM | 16 | sent two pictures of Kiana. |
| 03:41PM | 17 | Q   Okay. |
| 03:41PM | 18 | A   "Cummings." Then picture of him from his Skout profile. |
| 03:41PM | 19 | "Cummings. My profile picture. |
| 03:41PM | 20 | The next image on the top is stacks of $100 bills. |
| 03:41PM | 21 | "Cummings. Is your gf going home soon?.?" |
| 03:41PM | 22 | "Kiana. I already saw the profile pic." Money |
| 03:42PM | 23 | emojis. "How can I get one of those stacks?" |
| 03:42PM | 24 | "Cummings. When you ride with me. Is tonight gonna |
| 03:42PM | 25 | happen for us or just talk." |

59

03:42PM    1          "Kiana.  What you gonna do.  We."

03:42PM    2          "Cummings.  Come down pick you up go by the beach,

03:42PM    3    listen music talk n hang out for a few hours.

03:42PM    4          "Kiana.  So just talk wit you and I get a stack?"

03:42PM    5          "Cummings." Few" hundred emojis.  You know you not

03:42PM    6    going, yes or no or we just do tomorrow either Shops of Wailea,

03:42PM    7    outlets in Lahaina or Victoria Secret."

03:42PM    8          "What, I not going." "Kiana.  U didn't even send me a

03:43PM    9    pic yet."

03:43PM   10          "Cummings.  What pic you like?"

03:43PM   11          "Kiana.  Whatever."

03:43PM   12   Q    Let me stop you there.

03:43PM   13          Why did you say that, because he did send you a

03:43PM   14   picture?  Why did you say you didn't send me one when he

03:43PM   15   already did?

03:43PM   16   A    The picture that he had sent was the same one that had

03:43PM   17   been in the Skout profile and the other pictures were just of

03:43PM   18   money.  They weren't of what he represented to be him.

03:43PM   19   Q    So you were trying to get a picture that was different

03:43PM   20   from the profile picture?

03:43PM   21   A    Yes.

03:43PM   22   Q    Okay.

03:43PM   23   A    "Cummings.  You not going come with me..  you just talking

03:43PM   24   like you like go.  Lol you want me come get you tonight??

03:43PM   25          "Kiana.  Pic of u not from profile."

03:43PM  1          "Cummings.  Good night."

03:43PM  2          "Kiana.  I not playin games.  Why can't you just send

03:44PM  3  a pic..  all is former profile."

03:44PM  4          "Cummings.  I know more any."

03:44PM  5          "Kiana.  You like see pics of me but you don't have

03:44PM  6  any??"  Upside down emoji.  Crying emoji.

03:44PM  7  Q    Let me stop you here.

03:44PM  8          Could you just note the date and time of the next

03:44PM  9  entry?

03:44PM 10  A    Next entry is at 11:01 a.m. the following morning.  The

03:44PM 11  last one ended around midnight.

03:44PM 12  Q    How many days -- what's the -- in the next entry, how many

03:44PM 13  days have you been chatting already?

03:44PM 14  A    From the initial contact on the 13th through 14th at 2:53.

03:44PM 15  Q    So this was the beginning of the third day; is that right?

03:44PM 16  A    Correct.

03:44PM 17  Q    Okay.

03:44PM 18  A    "Cummings.  Good morning."

03:45PM 19          "Kiana."  Waving emoji.  Yawning emoji.

03:45PM 20          "Cummings.  You still sleeping."

03:45PM 21  Q    Let me stop you again so I can ask you a question.

03:45PM 22          Why did you wait for Cummings to reach out to you the

03:45PM 23  next morning?  Why didn't you initiate the conversation on

03:45PM 24  March 15th?

03:45PM 25  A    Didn't have a specific reason in the morning time.  He's

61

03:45PM  1   the one that just had initiated a conversation.

03:45PM  2   Q    Okay.  Continue.

03:45PM  3   A    "Cummings:  You still sleeping."

03:45PM  4        "Kiana.  Jus wakin."

03:45PM  5        "Cummings.  You have any plans for today??"

03:45PM  6        "Kiana:  Dunno yet.  Cousin just got back .. she kinda

03:45PM  7   get in irraz already."

03:45PM  8   Q    Can I stop you?

03:45PM  9        What does irraz mean?  Why does it say that?

03:45PM  10  A    Irraz would be slang for irritated.

03:45PM  11  Q    Thank you.

03:45PM  12  A    "Cummings.  Can you get away.. let me take you shops of

03:45PM  13  Wailea couple hours or go by the beach."

03:46PM  14       "Kiana.  Dunno yet.  She all up in my bizness -- she

03:46PM  15  all up in bizness rn."

03:46PM  16       Page 7 the top, "Cummings.  Wanna go hang out

03:46PM  17  .. couple hours.  Okay babes lmk."

03:46PM  18  Q    What does lmk mean?

03:46PM  19  A    My training and experience, that would be let me know.

03:46PM  20  Q    Okay.

03:46PM  21  A    "Kiana.  Brah.  So such stupid shit."  Angry emoji.  "I

03:46PM  22  want to go beach and cousin just fckin watching movies."

03:46PM  23       "Cummings.  Well let me come get you n disappear for a

03:46PM  24  few hours.  Let's go buy you a..." bikini emoji "...n go

03:46PM  25  beach."

| | | |
|---|---|---|
| 03:46PM | 1 | "Kiana." Iirrrrrraaaaaazzzzzzzzz" scorpion emoji. "I |
| 03:46PM | 2 | wish." |
| 03:46PM | 3 | "Cummings. Babes want me come get you." |
| 03:47PM | 4 | "Kiana. She's cool and all. Like my hanai sister but |
| 03:47PM | 5 | she's hella boring." |
| 03:47PM | 6 | "Cummings. Let's go have our own fun n you can go |
| 03:47PM | 7 | back be boring later." |
| 03:47PM | 8 | "Kiana. Can't just skip on obv kine. She's all up in |
| 03:47PM | 9 | my biz cause she knows what I'm like..lol." Devil emojis. |
| 03:47PM | 10 | "She's only 17, but she watch ova me more than my moms." |
| 03:47PM | 11 | "Cummings. We should just go for a little while." |
| 03:47PM | 12 | "Kiana. Can later prolly." |
| 03:47PM | 13 | "Cummings. Yeah lmk. Give me at least 30/45 min |
| 03:47PM | 14 | early so I can get to Kihei. I stay up country." |
| 03:48PM | 15 | "Kiana. Kk." |
| 03:48PM | 16 | "Cummings. We can go do what Evers you like n go take |
| 03:48PM | 17 | you shopping. What you think you want to go do?.?" |
| 03:48PM | 18 | The top, "Kiana" page 8. "Why you really want to buy |
| 03:48PM | 19 | me..." swimming suit emoji and dress emoji. "Just be real. |
| 03:48PM | 20 | Hate games dat HS boys play." |
| 03:48PM | 21 | Q   What does HS stand for?  What were you trying to get at |
| 03:48PM | 22 | there? |
| 03:48PM | 23 | A   HS would stand for high school. |
| 03:48PM | 24 | "Cummings. We not playing games .. babes. I'll spoil |
| 03:48PM | 25 | you if you wanna hang with me. You just be real too. What we |

03:48PM  1   going get be between us .. no one need to know where or how you

03:48PM  2   being spoiled --

03:48PM  3   Q    Let me stop you here for a second.

03:49PM  4        On that last entry from Cummings, the last message, in

03:49PM  5   your training and experience, why does he say that?

03:49PM  6   A    My training and experience, why he's saying "not playing

03:49PM  7   games," meaning that his intentions are real and that he wanted

03:49PM  8   to spoil me and hang with me; that it would just be between us.

03:49PM  9   It would be secretive in nature and nobody else would need to

03:49PM  10  know how she would be getting spoiled and who she would be

03:49PM  11  getting spoiled by.

03:49PM  12  Q    In your training and experience, in a child exploitation

03:49PM  13  case, why would he want to keep it secret?

03:49PM  14  A    Because he realizes what he is doing is immoral and

03:49PM  15  illegal.

03:49PM  16  Q    Why?

03:49PM  17  A    And wrong.  Because he is an adult and she is 13.  Kiana

03:49PM  18  is a 13-year-old and she's -- correct.  In the context as well

03:49PM  19  of being spoiled, buying things, providing marijuana would be

03:50PM  20  another coaxing, inducing and grooming of a minor.

03:50PM  21  Q    Thank you.

03:50PM  22  A    Kiana --

03:50PM  23       THE COURT:  Before you continue, Officer, the last

03:50PM  24  entry that you read was not captured by the record.  Counsel

03:50PM  25  interrupted you before you finished reading that entry, so you

64

| 03:50PM | 1 | might want to re-read it just so the record is complete. |
|---|---|---|
| 03:50PM | 2 | THE WITNESS: Yes, sir. |
| 03:50PM | 3 | "What we get going be between us. No one need to know |
| 03:50PM | 4 | where or how you being spoiled m taken cared of." |
| 03:50PM | 5 | "Kiana. I am being real... dats why I want to know, |
| 03:50PM | 6 | not anyone else, lol. Jus saying cus I can't jus break out |
| 03:50PM | 7 | wheneva.. my cousins parents come back tomorrow." |
| 03:50PM | 8 | "Cummings. Well when ever you can we go do things. |
| 03:50PM | 9 | I'm down for what Evers you like n when you like go. Look like |
| 03:51PM | 10 | spring break going go on all month for you. Where you go high |
| 03:51PM | 11 | school?.?" |
| 03:51PM | 12 | "Kiana. Hahah right?" Zombie emojis. Just started |
| 03:51PM | 13 | at Baldwin." |
| 03:51PM | 14 | Q Why do you say he just started at Baldwin? |
| 03:51PM | 15 | A Like I just began going to school, started freshman year |
| 03:51PM | 16 | at Baldwin is a high school. |
| 03:51PM | 17 | "Cummings. Fuck Baldwin lol. Send me a picture of |
| 03:51PM | 18 | you laying around bored. Wyd." |
| 03:51PM | 19 | "Kiana. Fuck Baldwin??.?.? Why dat?" |
| 03:51PM | 20 | "Cummings. Lol. Maui high is our island school. |
| 03:51PM | 21 | Babes send me a picture of you laying around being bored." |
| 03:51PM | 22 | "Kiana. Why that. You havnt even sent me one pic |
| 03:52PM | 23 | yet." |
| 03:52PM | 24 | "Cummings," the top page 9, "Send me then I'll send |
| 03:52PM | 25 | you." |

.

65

| | | |
|---|---|---|
| 03:52PM | 1 | "Kiana.  I do love the..." money emoji "...pic tho. |
| 03:52PM | 2 | You send a pic wit peace sign and I'll send u one." |
| 03:52PM | 3 | Q    Let me stop you there. |
| 03:52PM | 4 | Why do you specifically ask for a peace sign picture? |
| 03:52PM | 5 | A    It's something that he would actually send to know he |
| 03:52PM | 6 | would be actually real. |
| 03:52PM | 7 | Q    Thank you. |
| 03:52PM | 8 | A    "Cummings:  It's not sending the pictures. |
| 03:52PM | 9 | "Kiana.  ?" |
| 03:52PM | 10 | "Cummings.  Trying to send you picture.  It won't go |
| 03:52PM | 11 | thru." |
| 03:52PM | 12 | "Kiana.  Omg."  Eye roll emoji." |
| 03:52PM | 13 | "Cummings."  Image of -- purported to be Cummings with |
| 03:53PM | 14 | two fingers up. |
| 03:53PM | 15 | Q    Let me ask you a question about that. |
| 03:53PM | 16 | What did you interpret those two fingers to be in the |
| 03:53PM | 17 | context of this conversation? |
| 03:53PM | 18 | A    Peace sign. |
| 03:53PM | 19 | Q    Thanks. |
| 03:53PM | 20 | A    "Kiana."  Smiley face.  "K.. hold on." |
| 03:53PM | 21 | "Cummings.  Send me a picture of you laying in your |
| 03:53PM | 22 | booty shorts bored." |
| 03:53PM | 23 | "Kiana."  An image of Maui Police Department Officer |
| 03:53PM | 24 | Ariga with two fingers raised in a peace sign." |
| 03:53PM | 25 | Page 10.  "Cummings.  Still bored." |

| | | |
|---|---|---|
| 03:53PM | 1 | "Kiana.  Omg I not wearing booty shorts.  Yeah just |
| 03:53PM | 2 | chilling with cousin and her gf." |
| 03:53PM | 3 | "Cummings.  Show me what you got on.  Your cousin is a |
| 03:53PM | 4 | guy or girl?.?" |
| 03:53PM | 5 | "Kiana.  Omg.  Brah why you being pushy wit da pics?" |
| 03:54PM | 6 | "Kiana.  Girl." |
| 03:54PM | 7 | "Cummings.  Well you no let me see -- let me come see |
| 03:54PM | 8 | you.  Sorry." |
| 03:54PM | 9 | "Kiana.  I cannot help rn."  Eye rolling emoji. |
| 03:54PM | 10 | Q    What does rn stand for? |
| 03:54PM | 11 | A    Right now. |
| 03:54PM | 12 | "Cummings.  You can by sending me pic."  Laughing |
| 03:54PM | 13 | emoji. |
| 03:54PM | 14 | "Kiana.  Eye rolling emojis.  "Lol.  Wyd?" |
| 03:54PM | 15 | "Cummings.  Nothing watching TV n" wind emojis. |
| 03:54PM | 16 | "Kiana.  Cool.  So how you makin all dat" money |
| 03:54PM | 17 | emojis. |
| 03:54PM | 18 | "Cummings.  Work Monday through Friday single, no |
| 03:54PM | 19 | bills." |
| 03:54PM | 20 | "Kiana.  Lol.  You look flashy tho.. hustlin." |
| 03:55PM | 21 | Champagne emoji, plane emoji, diamond emoji.  "Lol.  I like |
| 03:55PM | 22 | that." |
| 03:55PM | 23 | Page 11 the top.  "Cummings.  Just came back from |
| 03:55PM | 24 | Vegas." |
| 03:55PM | 25 | "Kiana.  Brah I want to go so bad.  Nevah been." |

67

| | | |
|---|---|---|
| 03:55PM | 1 | "Cummings. I'm ready for go back. I stay on the |
| 03:55PM | 2 | Vegas strip. Planet Hollywood has its own mall in it." |
| 03:55PM | 3 | "Kiana." Hand raising emojis and airplane emojis. |
| 03:55PM | 4 | "Cummings. Lol you can't even cruise couple hours yet |
| 03:55PM | 5 | you like go Vegas." |
| 03:55PM | 6 | "Kiana. Lol. I can l8er on when cousin goes to her |
| 03:55PM | 7 | BF's place. We going down beach now." |
| 03:55PM | 8 | "Cummings. Okay." |
| 03:56PM | 9 | "Kiana. How old you nyway?" |
| 03:56PM | 10 | "Cummings. 31." |
| 03:56PM | 11 | "Kiana. Cool." |
| 03:56PM | 12 | "Cummings. You okay with it." |
| 03:56PM | 13 | "Kiana. Yeah. I like older guys duh.." eye rolling |
| 03:56PM | 14 | emoji, laughing emoji. "U okay wit me being 13?" |
| 03:56PM | 15 | Q   Let me ask a question here. |
| 03:56PM | 16 | Why did you ask that? |
| 03:56PM | 17 | A   He had told me his age. I reaffirmed my age as well so he |
| 03:56PM | 18 | understood my age as being 13, reiterated that point. |
| 03:56PM | 19 | Q   Thank you. |
| 03:56PM | 20 | A   "Cummings. Ok.. so long your okay with me." |
| 03:56PM | 21 | "Kiana. Yeah yeah. So what you looking 4 do wit me |
| 03:56PM | 22 | bein 13? I can't go bars." |
| 03:56PM | 23 | Q   Let me stop you there. |
| 03:56PM | 24 | Why did you say that? |
| 03:56PM | 25 | A   Looking for understanding what his intentions were to do |

68

03:56PM 1    with a 13-year-old.

03:57PM 2           Page 12 at the top.  "Cummings.  Walk around the shops

03:57PM 3    Wailea holding your hand ... taking you to the beach n sleeping

03:57PM 4    under the stars waking up to you .. renting hotel rooms during

03:57PM 5    the weekends spoiling you .. late nights watching movies .. and

03:57PM 6    what ever you like do."  Message is repeated.

03:57PM 7           "What you want me to do with you.?."  The message is

03:57PM 8    repeated from earlier.

03:57PM 9           "Kiana. --

03:57PM 10   Q    I'm sorry.  Excuse me.

03:57PM 11   A    Sure.

03:57PM 12   Q    If I could stop you there.

03:57PM 13          In your training and experience, why is DuckFat34

03:57PM 14   saying that last entry there?

03:57PM 15   A    Regarding the walking around Shops of Wailea holding your

03:58PM 16   hand?

03:58PM 17   Q    Yes.

03:58PM 18   A    At that point he is, with a combination of pictures of

03:58PM 19   money, offering marijuana, going to the Shops of Wailea, which

03:58PM 20   is a high-end shopping mall in Wailea; Gucci, Tiffany, Prada,

03:58PM 21   those brands, taking me to hotel rooms, from my training and

03:58PM 22   experience, that is inducing, coaxing or grooming Kiana towards

03:58PM 23   having sexual acts.

03:58PM 24   Q    Thank you.  Please continue.

03:58PM 25   A    "Kiana.  So you want to like be my BF?  Keep it in the

| | | |
|---|---|---|
| 03:58PM | 1 | friend zone?" |
| 03:58PM | 2 | Q    Let me ask you, what does BF stand for? |
| 03:58PM | 3 | A    Boyfriend. |
| 03:58PM | 4 |      "Cummings.  What you want?.?"  The message is repeated |
| 03:58PM | 5 | twice. |
| 03:58PM | 6 | Q    Again, do you know why some of these messages are just |
| 03:58PM | 7 | repeated on here? |
| 03:58PM | 8 | A    I don't.  They were sent to me.  This is how it was sent. |
| 03:59PM | 9 |      "So I don't expect to much or do to much n disrespect |
| 03:59PM | 10 | you." |
| 03:59PM | 11 |      "Kiana.  I like have fun and like guys who keep it |
| 03:59PM | 12 | 100.  Sry." |
| 03:59PM | 13 |      "Cummings.  For sure we going have fun" blushing |
| 03:59PM | 14 | emoji. |
| 03:59PM | 15 |      "Kiana.  Sry but can't be having a 31yo full time bf." |
| 03:59PM | 16 |      "Cummings.  Hopefully we can.  Start from tonight." |
| 03:59PM | 17 |      Page 13 top, "Kiana.  Sry my phone glitching up." |
| 03:59PM | 18 |      "Cummings.  On the down low can.  You still down the |
| 03:59PM | 19 | beach." |
| 03:59PM | 20 |      "Kiana.  What you want to do for fun then?  We walkin |
| 03:59PM | 21 | back up. |
| 03:59PM | 22 |      "Cummings.  Eat your pussy."  The message is repeated. |
| 04:00PM | 23 | "Send me a picture of you n the sunset. |
| 04:00PM | 24 | Q    Let me stop you here. |
| 04:00PM | 25 |      Why do you think Cummings says those entries at this |

70

| | | |
|---|---|---|
| 04:00PM | 1 | point in the conversation in your training and experience? |
| 04:00PM | 2 | A   He had been building up with sending pictures of money, |
| 04:00PM | 3 | marijuana -- offering marijuana, take me shopping, then once |
| 04:00PM | 4 | again inducing and grooming me to the point of now breaking |
| 04:00PM | 5 | down my natural boundaries of Kiana and now wanting to have |
| 04:00PM | 6 | sexual contact with her. |
| 04:00PM | 7 | Q   When you say "me," you mean -- |
| 04:00PM | 8 | A   Kiana. |
| 04:00PM | 9 | Q   Kiana. |
| 04:00PM | 10 | A   Right. |
| 04:00PM | 11 | Q   Okay.  Please continue. |
| 04:00PM | 12 | A   "Kiana.  We walkin back to her house already.  Kiana.  U |
| 04:00PM | 13 | good at that?"  Tongue emoji, blushing emoji. |
| 04:00PM | 14 | "Cummings.  You didn't take a picture down by the |
| 04:01PM | 15 | beach.  Wyd." |
| 04:01PM | 16 | "Kiana.  K.  Hold on." |
| 04:01PM | 17 | "Cummings.  You gonna find out" laughing emoji. |
| 04:01PM | 18 | Message is repeated twice. |
| 04:01PM | 19 | Q   Let me just stop you. |
| 04:01PM | 20 | When you said "U good at that" and there's the two |
| 04:01PM | 21 | emojis, what did you mean by that? |
| 04:01PM | 22 | A   "U good at that" regarding his message "Eat your pussy." |
| 04:01PM | 23 | Q   Okay. |
| 04:01PM | 24 | A   "You gonna find out." |
| 04:01PM | 25 | Kiana, next down, blushing emoji, upside down face |

71

| | | |
|---|---|---|
| 04:01PM | 1 | emoji, "I like that." |
| 04:01PM | 2 | "Cummings.  Let gonna let me shave you first." |
| 04:01PM | 3 | "Kiana.  Lol.  Don't get much hair anyway.  Haha." |
| 04:01PM | 4 | Q    Question, what kind of hair are you talking about there? |
| 04:01PM | 5 | A    Pubic hair. |
| 04:01PM | 6 | Q    Thanks. |
| 04:01PM | 7 | A    "Cummings.  You going let me -- you going to let me." |
| 04:01PM | 8 | "Kiana.  Hapa Japanese." |
| 04:02PM | 9 | "Cummings.  Any guy eat you yet?" |
| 04:02PM | 10 | "Kiana.  My ex bf tried.  He was horrors tho," eye |
| 04:02PM | 11 | rolling emoji. |
| 04:02PM | 12 | "Cummings.  I'm gonna eat you till you cum a few times |
| 04:02PM | 13 | on my face babes.  Get your pussy so wet." |
| 04:02PM | 14 | "Kiana.  Lol make it rain?"  Water splashing emojis. |
| 04:02PM | 15 | "Kiana.  Lol. |
| 04:02PM | 16 | "Cummings.  Have you slowly sat on me taking me in you |
| 04:02PM | 17 | slowly.  You must be so tight you going to squirt when I make |
| 04:02PM | 18 | you cum.  Can't see with the light in the back." |
| 04:02PM | 19 | "Kiana" blank emoji -- blank message.  "Lol.  Just |
| 04:02PM | 20 | with my exbf.  He wasn't dat big."  Eggplant emoji, eye rolling |
| 04:02PM | 21 | emoji. |
| 04:03PM | 22 | "Cummings.  Your cousin going to leave soon?.?  I'm |
| 04:03PM | 23 | going to head down. |
| 04:03PM | 24 | "Kiana.  Can you make it rain..." money emojis "...all |
| 04:03PM | 25 | over my body?  Lol." |

04:03PM  1       "Cummings.  Jump in the shower I'm gonna head down

04:03PM  2  pick you up .. take a few pic in the shower for me."  Hands

04:03PM  3  praying emoji, blushing emoji, kissing emoji.

04:03PM  4       Page 15 the top.  "Cummings.  Yes I'll bring you some

04:03PM  5  for -- I'll bring some for you tonight."

04:03PM  6       "Kiana" blushing emojis.

04:03PM  7       "Cummings.  Or make a video.  You be ready by 7:45.?."

04:03PM  8       "Kiana.  My cousin still home..  I gotta make n excuse

04:03PM  9  to leave.  We stay off Kilohana."

04:03PM  10  Q    Question here.  Is this the first time you give him a

04:04PM  11  location?

04:04PM  12  A    Yes.

04:04PM  13  Q    Why do you give him this location?

04:04PM  14  A    That would be the area that was going to be predetermined

04:04PM  15  by law enforcement officers to meet up with DuckFat, Lyle

04:04PM  16  Cummings, in the situation.

04:04PM  17       "Cummings.  You gotta run store get pads lol.  By the

04:04PM  18  fire station."

04:04PM  19       "Kiana."  Laughing emoji.  "Yeah jus down from there.

04:04PM  20  U got condoms?  I can meet u Kilohana Park."

04:04PM  21       "Cummings:  Ok 7:45?.?"

04:04PM  22       "Kiana.  Yah, can."

04:04PM  23       "Cummings.  Okay see you soon."

04:04PM  24       "Kiana.  Kk."

04:04PM  25       "Cummings.  You gonna shower n take me a picture or

04:04PM  1    video."

04:04PM  2              "Kiana.  I stay tryin to get away from my cousin."

04:05PM  3              Page 16 the top.  "Kiana."  Picture of UC Ariga with

04:05PM  4    pink glasses.  "I gonna leave now...  where you stay."

04:05PM  5              "Cummings.  Coming.  Almost passing Puunene."

04:05PM  6    Q    What's that word there?

04:05PM  7    A    Puunene is an area on Maui, central Maui.

04:05PM  8              "Kiana.  Ok."

04:05PM  9              "Cummings.  I like that last picture .. wish you

04:05PM  10   wouldn't cover your beautiful face are you wearing that

04:05PM  11   tonight?"

04:05PM  12             "Kiana.  Lol.  ty...  kinda self conscious bout my

04:05PM  13   skin.."

04:05PM  14   Q    What does ty mean?

04:05PM  15   A    Thank you.

04:05PM  16             "No.  Wearing pink hoodie."

04:05PM  17             "Cummings.  Ok no panties?"

04:06PM  18             "Kiana.  Hahahha.  I get thong" smiley.

04:06PM  19             "Kiana.  There's a weirdo at the dog park...  I'mm

04:06PM  20   walk down Kilohana to the parking lot across Sidewalks."

04:06PM  21   Q    Let me stop you there.

04:06PM  22             What's Sidewalks?

04:06PM  23   A    Sidewalks is an area near the entrance of Keawakapu Beach

04:06PM  24   Park, or Keawakapu Beach.

04:06PM  25   Q    Why did you change or be more specific about the location

74

| | | |
|---|---|---|
| 04:06PM | 1 | at this time? |
| 04:06PM | 2 | A    For logistical or strategical purposes, the officers |
| 04:06PM | 3 | decided to change the location down the road shortly to the |
| 04:06PM | 4 | area of the Kilohana parking lot near the area of South Kihei |
| 04:06PM | 5 | Road. |
| 04:06PM | 6 | "Cummings.  Ok. |
| 04:06PM | 7 | "Kiana.  What kinda car u got?" |
| 04:06PM | 8 | "Cummings:  Toy truck." |
| 04:06PM | 9 | "Kiana.  Ok.  U wanna walk over to the beach?" |
| 04:06PM | 10 | "Cummings.  Let's go drive to a spot by the beach." |
| 04:07PM | 11 | "Kiana.  Ok, you don't want to cruise Keawakapu?" |
| 04:07PM | 12 | "Cummings.  The gate not going close." |
| 04:07PM | 13 | "Kiana.  Oh.  I dunno.  Ok den.  Yeah, think it gonna |
| 04:07PM | 14 | close.  Can park on the street tho." |
| 04:07PM | 15 | "Cummings.  Just getting into Kihei." |
| 04:07PM | 16 | "Kiana.  Ok.  I stay by entrance to Sidewalks.  We can |
| 04:07PM | 17 | walk down beach from there." |
| 04:07PM | 18 | "Cummings.  I no like leave my truck there." |
| 04:07PM | 19 | "Kiana.  Can park on the street.  We can just cruise |
| 04:07PM | 20 | beach for a little bit.  What color your truck?  Did you just |
| 04:07PM | 21 | pass me?" |
| 04:07PM | 22 | "Cummings.  Where you.  Come jump in.  Hurry up." |
| 04:07PM | 23 | "Kiana.  Come here." |
| 04:07PM | 24 | Page 18.  "Cummings.  Cross the street now." |
| 04:08PM | 25 | Then "Kiana," test messages repeated multiple times. |

75

| | | |
|---|---|---|
| 04:08PM | 1 | Q    What's the significance of those last messages saying |
| 04:08PM | 2 | "test," "test"? |
| 04:08PM | 3 | A    At that point I was informed by surveillance officers and |
| 04:08PM | 4 | other officers during the investigation that Mr. Cummings had |
| 04:08PM | 5 | arrived at the spot, the area of Kilohana, South Kihei Road, |
| 04:08PM | 6 | and he was arrested at that point.  The test text messages were |
| 04:08PM | 7 | sent by me in order to confirm his mobile device that he was |
| 04:08PM | 8 | using to send the text messages. |
| 04:08PM | 9 | Q    Is that a common practice in these type of operations? |
| 04:08PM | 10 | A    Yes, ma'am. |
| 04:08PM | 11 | Q    I'm sorry.  What's the purpose of it again? |
| 04:08PM | 12 | A    In order to confirm and locate that phone that he was |
| 04:08PM | 13 | using to communicate with me during this -- our chats. |
| 04:08PM | 14 | Q    And is this the end of your exchange of messages with |
| 04:09PM | 15 | DuckFat34? |
| 04:09PM | 16 | A    Yes, ma'am. |
| 04:09PM | 17 | Q    Are you aware of -- let me ask it this way:  In the -- |
| 04:09PM | 18 |      THE COURT:  Before you ask the next question, would |
| 04:09PM | 19 | you please retrieve Exhibit 4, copies that have been |
| 04:09PM | 20 | distributed to the jurors?  Once that has been completed, you |
| 04:09PM | 21 | may continue your examination. |
| 04:09PM | 22 |      MS. OLSON:  Let the record reflect the handout of |
| 04:10PM | 23 | Exhibit 4 has been collected from the jury. |
| 04:10PM | 24 |      THE COURT:  Thank you. |
| 04:10PM | 25 | BY MS. OLSON: |

Case 1:22-cr-00023-DKW   Document 163   Filed 10/12/23   Page 1 of 7   PageID.932

ORIGINAL

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 1

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

OCT 12 2023

at ____ o'clock and ___ min. ___ M
Lucy H. Carrillo, Clerk

UNITED STATES OF AMERICA
v.
**LYLE RIKIO CUMMINGS**

### JUDGMENT IN A CRIMINAL CASE

Case Number:   1:22CR00023-001
USM Number:    12444-122

Joseph R. Mottl, III
Defendant's Attorney

## THE DEFENDANT:

[ ]   pleaded guilty to count(s): ___.
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]   was found guilty on counts 1 and 2 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2422(b) | Coercion and Enticement | 03/15/2020 | 1 |
| 21 USC §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Cocaine and Cocaine Base | 03/15/2020 | 2 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

October 10, 2023
Date of Imposition of Judgment

Signature of Judicial Officer

**DERRICK K. WATSON**, Chief United States District Judge
Name & Title of Judicial Officer

10/12/2023
Date

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT:   LYLE RIKIO CUMMINGS | Judgment - Page 2 of 7 |
| CASE NUMBER: 1:22CR00023-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED TWENTY-SIX (126) MONTHS.

This term consists of ONE HUNDRED TWENTY-SIX (126) MONTHS as to Count 1 and Count 2, terms to run concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
      1. Defendant to be placed at Federal Detention Center, Honolulu (1st choice to be near family); Terminal Island FCI (2nd choice) or Lompoc FCI (3rd choice);
      2. Defendant to receive a Mental Health Assessment and Treatment, if needed; and
      3. Defendant to receive Vocational and Educational programming.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2 p.m. on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
                            UNITED STATES MARSHAL

By _____
                              Deputy U.S. Marshal

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

| DEFENDANT: LYLE RIKIO CUMMINGS | Judgment - Page 3 of 7 |
|---|---|
| CASE NUMBER: 1:22CR00023-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: SEVEN (7) YEARS.

This term consists of SEVEN (7) YEARS as to Count 1 and Count 2, terms to run concurrently.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state, or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

      [ ]    The above drug testing condition is suspended, based on the court's determination that you poses a low risk of future substance abuse. *(Check if applicable.)*

4.    [ ]    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*

5.    [✔]    You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

6.    [✔]    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location you reside, work, are a , or were convicted of a qualifying offense. *(Check if applicable)*

7.    [ ]    You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3A - Supervised Release

| DEFENDANT:   LYLE RIKIO CUMMINGS | Judgment - Page 4 of 7 |
|---|---|
| CASE NUMBER: 1:22CR00023-001 | |

## STANDARD CONDITIONS OF SUPERVISION

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at : www.uscourts.gov.


Defendants Signature _____

Date          _____

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3D - Supervised Release

| | |
|---|---|
| DEFENDANT:    LYLE RIKIO CUMMINGS | Judgment - Page 5 of 7 |
| CASE NUMBER: 1:22CR00023-001 | |

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1.  You must participate in a substance abuse assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the Court order specific substance abuse treatment. The probation officer is authorized to disclose the Presentence Report to the provider conducting the substance abuse assessment and/or treatment.

2.  You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within three business days after the change of residence to report such change.

3.  You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, and intensity). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

4.  You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

5.  You must participate in visual response testing as part of the required participation in a sex offense-specific assessment and/or treatment.

6.  You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

7.  You must not possess and/or use computers [as defined in 18 USC § 1030(e)(1)] or other electronic communications or data storage devices or media that can access materials with depictions of sexually explicit conduct involving children [as defined by 18 USC § 2256(2)] and/or actual sexually explicit conduct involving adults [as defined by 18 USC § 2257(h)(1)], without the prior approval of the probation officer.

8.  You must not access the Internet except for reasons approved in advance by the probation officer.

9.  You must provide the probation officer access to any requested financial information and authorize the release of any financial information.  The probation office may share financial information with the US Attorney's Office.

10. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 USC § 1030(e)(1)), other electronic communications or storage devices or media, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. You must also submit to periodic unannounced examinations of your computer and computer accessories, as well as provide access to Internet service provider account records, as directed by the probation officer. You must warn other occupants that the premises may be subject to searches pursuant to this condition.

AO 245 B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

| DEFENDANT:   LYLE RIKIO CUMMINGS | Judgment - Page 6  of  7 |
|---|---|
| CASE NUMBER: 1:22CR00023-001 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Totals: | $ 200.00 | $ | $ | $ |
| | ($100.00 per count) | | | |

[ ]   The determination of restitution is deferred until         . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ _ | $ _ | |

[ ]   Restitution amount ordered pursuant to plea agreement   $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   the interest requirement is waived for the   [ ] fine   [ ] restitution

    [ ]   the interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13,1994, but before April 23,1996.

000219

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:   LYLE RIKIO CUMMINGS | Judgment - Page 7  of  7 |
| CASE NUMBER: 1:22CR00023-001 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]    not later than _ , or
            [ ]    in accordance    [ ] C,    [ ] D,    [ ] E, or [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with        [ ] C,    [ ] D, or [ ] F below); or

C    [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of  _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of  _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✔ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

        i.    $645.00 in U.S. Currency; and

        ii.    A black iphone 7 Model A16690.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** | Hawaii

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: | Cr. No. 22-00023 DKW

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 06/18/2021

Date of judgment or order you are appealing: | 10/12/2023

Docket entry number of judgment or order you are appealing: | 162

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes  ● No  ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

LYLE RIKIO CUMMINGS #12444-122

Is this a cross-appeal?  ○ Yes  ● No

If yes, what is the first appeal case number? |

Was there a previous appeal in this case?  ○ Yes  ● No

If yes, what is the prior appeal case number? |

Your mailing address (if pro se):

Lyle Rikio Cummings #12444-122

Federal Detention Center, Honolulu, 351 Elliott Street

City: | Honolulu     State: | HI     Zip Code: | 96819

Prisoner Inmate or A Number (if applicable): | #12444-122

**Signature** | *[signature]*     **Date** | Oct 20, 2023

*Complete and file with the attached representation statement in the U.S. District Court*
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                                    *Rev. 06/09/2022*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form. http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

LYLE RIKIO CUMMINGS

Name(s) of counsel (if any):

REQUESTING APPOINTED ATTORNEY ON APPEAL
Trial counsel in United States District Court for District of Hawaii:  Joseph R.
Mottl, Esq. #3118.

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?   ○ Yes   ◉ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

United States of America

Name(s) of counsel (if any):

Clare E. Connors, United States Attorney, #7936
Chrtistine Olson, Assistant U.S.Attorey

Address:  Room 6100, PJKK Fed. Bldg., 300 Ala Moana Blvd. Honlulu HI 96850

Telephone number(s):  (808) 541-2850

Email(s):  Christine.C.Olson2@usdoj.gov

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*

APPEAL,CLOSED

# U.S. District Court
# District of Hawaii (Hawaii)
# CRIMINAL DOCKET FOR CASE #: 1:22-cr-00023-DKW-1

Case title: USA v. Cummings

Date Filed: 03/24/2022

Magistrate judge case number: 1:21-mj-00751-RT

Date Terminated: 10/12/2023

Assigned to: CHIEF JUDGE DERRICK K. WATSON

Appeals court case number: 23-3016 Ninth Circuit Court of Appeals

**Defendant (1)**

**Lyle Rikio Cummings**
*TERMINATED: 10/12/2023*

represented by **George C. Boisseau**
Law Offices of George C. Boisseau
1330 Lunalilo Home Road
Second Floor
Honolulu, HI 96825
707-578-5636
Fax: 707-578-1141
Email: boisseaugc@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Clarence McCurdy Virtue**
Cary Virtue, Attorney at Law
1931 E. Vineyard St.
Suite 201
Wailuku, HI 96793
(808) 244-7640
Email: carymvirtue@msn.com
*TERMINATED: 12/09/2021*
*Designation: CJA Appointment*

**Joseph R. Mottl , III**
2009 Makiki Street #C
Honolulu, HI 96822
808-371-7595
Email: jrmottlesq@gmail.com
*TERMINATED: 01/04/2024*
*Designation: Retained*

**Pending Counts**

18:2422.F COERCION OR ENTICEMENT
OF FEMALE, 18:2422(b)

**Disposition**

SENTENCE: Imprisonment: 126 Months as
to Count 1 and Count 2, terms to run

(1)

concurrently. Supervised Release: 7 Years as to Count 1 and Count 2, terms to run concurrently. Fine: None. Restitution: None. Special Assessment: $200.00 ($100.00 per count). Mittimus forthwith.

21:841A=ND.F NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE, Possession with intent to distribute cocaine and cocaine base, a Schedule II controlled substance, 21:841(a)(1) and 841(b)(1)(C)
(2)

SENTENCE: Imprisonment: 126 Months as to Count 1 and Count 2, terms to run concurrently. Supervised Release: 7 Years as to Count 1 and Count 2, terms to run concurrently. Fine: None. Restitution: None. Special Assessment: $200.00 ($100.00 per count). Mittimus forthwith.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                **Disposition**

18:2422.F - Count 1: COERCION OR ENTICEMENT OF FEMALE, 18:2422(b); Count 2: Possession with intent to distribute cocaine, a Schedule II controlled substance, 21:841(a)(1) and 841(b)(1)(C)

---

**Plaintiff**

**USA**                                    represented by **Christine Olson**
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Blvd Ste 6100
Honolulu, HI 96850
(808) 541-2850
Fax: (808) 541-2958
Email: christine.olson2@usdoj.gov
*TERMINATED: 07/01/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government*

**Rebecca Ann Perlmutter**
Office of the U.S. Attorney
PJKK Federal Building, Room 6-100
300 Ala Moana Boulevard
Honolulu, HI 96850

(808) 541-2850
Fax: (808) 541-2958
Email: rebecca.perlmutter@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2021 | 1 | SEALED CRIMINAL COMPLAINT; AFFIDAVIT in Support of Criminal Complaint as to Lyle Rikio Cummings (1) - Signed by MAGISTRATE JUDGE ROM TRADER on 6/18/2021. (emt, ) Modified on 6/23/2021 (emt, ). [1:21-mj-00751-RT] (Entered: 06/18/2021) |
| 06/18/2021 | 3 | EX PARTE MOTION TO SEAL DOCUMENT; DECLARATION OF MORGAN EARLY; ORDER GRANTING MOTION TO SEAL DOCUMENTS as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE ROM TRADER on 6/18/2021. (SEALED) (emt, ) Modified on 6/23/2021 (emt, ). [1:21-mj-00751-RT] (Entered: 06/18/2021) |
| 06/21/2021 | 4 | EO : as to defendant (1)Lyle Rikio Cummings - Initial Appearance is set for 6/23/2022 **2021** at 10:30 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER.<br><br>Parties have been notified. (Cary Virtue, Esq. is provisionally appointed pending submission of Defendant's Financial Affidavit form at a later date).<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) Modified on 6/22/2021 (laa, ). [1:21-mj-00751-RT] (Entered: 06/21/2021) |
| 06/21/2021 | | Arrest of Lyle Rikio Cummings on 6/21/2021. (emt, ) [1:21-mj-00751-RT] (Entered: 06/23/2021) |
| 06/23/2021 | 5 | MOTION to Detain Defendant - by USA as to Lyle Rikio Cummings. (emt, ) [1:21-mj-00751-RT] (Entered: 06/23/2021) |
| 06/23/2021 | 6 | Arrest Warrant Returned Executed on 6/21/2021 in case as to Lyle Rikio Cummings. (emt, ) [1:21-mj-00751-RT] (Entered: 06/23/2021) |
| 06/23/2021 | 7 | EP : Initial Appearance as to Lyle Rikio Cummings held on 6/23/2021. Defendant present and in custody.<br><br>Appointment of Counsel:<br>Court provisionally appoints Clarence Virtue subject to submission of Financial Affidavit at a later date.<br><br>Motion to Unseal:<br>Government orally moves to unseal Complaint. Motion Granted. Case unsealed.<br><br>Initial Appearance:<br>Mr. Virtue represents having reviewed the charges with Defendant. Defendant acknowledges general understanding of the charges.<br><br>Detention Hearing scheduled before Magistrate Judge Trader:<br>Detention Hearing is set for June 28, 2021 at 10:30 a.m. before Magistrate Judge Rom Trader in Courtroom 5.<br><br>Preliminary Hearing scheduled before Magistrate Judge Porter: |

Telephonic Preliminary Hearing is set for July 7, 2021 at 9:30 a.m. before Magistrate Judge Wes Reber Porter.

> Pursuant to the United States District Court for the District of Hawaii's current *Order Authorizing the Use of Telephonic and Video Hearings Pursuant to the CARES Act*, the **Preliminary Hearing will be held telephonically** via AT&T Connect Audio Conference. Call-in information for these hearings is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearings.
>
> Dial in number is 1-888-278-0296.
> Access Code is 8224751.

Due Process Protection Act Advisory:
The Court orders the United States to comply with its disclosure obligations under *Brady v. Maryland* and its progeny. Failing to timely do so may result in consequences such as sanctions, adverse jury instructions, exclusion of evidence, and dismissal of charges. This order incorporates the provisions of the Court's *February 1, 2021 General Order Regarding Rule 5(f)*.

Defendant remanded to the custody of the U.S. Marshals Service.

Initial Appearance as to Lyle Rikio Cummings held on 6/23/2021.
***Procedural Interval start as to Lyle Rikio Cummings.
Detention Hearing is set for 6/28/2021 10:30 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER.
Preliminary Hearing is set for 7/7/2021 09:30 AM in Telephonic Hearing before MAGISTRATE JUDGE WES REBER PORTER.

(FTR-CT 5 / 10:30-10:40 AM) (MAGISTRATE JUDGE ROM TRADER) (emt, ) [1:21-mj-00751-RT] (Entered: 06/23/2021)

| 06/23/2021 | 8 | CJA 20 as to Lyle Rikio Cummings: Clarence McCurdy Virtue, Esq. appointed for Lyle Rikio Cummings. Signed by MAGISTRATE JUDGE ROM TRADER on 6/23/2021. **Nunc Pro Tunc: 6/21/2021**. (emt, ) [1:21-mj-00751-RT] (Entered: 06/23/2021) |
|---|---|---|
| 06/28/2021 | 9 | EP : Detention Hearing as to Lyle Rikio Cummings held on 6/28/2021. Defendant present, in custody.<br><br>Appointment of Counsel:<br>Defendant sworn to Financial Affidavit. Court's appointment of Clarence Virtue no longer a provisional appointment.<br><br>Detention Hearing:<br>Argument had. Government concurs with recommendation of Pretrial Services.<br><br>The Court taking judicial notice of the records and files, the Complaint and Affidavit in Support ECF 1 , Government's Motion to Detain Defendant ECF 5 , the Pretrial Services Report, relevant legal authority, and having considered arguments of counsel, finds the conditions recommended by Pretrial Services sufficient to reasonably assure the appearance of the defendant as required and the safety of the community.<br><br>Government WITHDRAWS its Motion to Detain Defendant ECF 5 .<br><br>The Court adopts the recommendation of Pretrial Services and orders Defendant (1) Lyle Rikio Cummings released on an unsecured bond in the amount of: $50,000.00 with the following conditions (refer to attached minutes). **Release is delayed pending a bed space at Makana O Ke Akua (MOKA) House and the availability of GPS equipment.**<br><br>The Court reviewed the above release conditions with Defendant. Defendant advised of |

|  |  | possible adverse action for failure to comply with any condition, to include issuance of a warrant for Defendant's arrest, revocation of release status and detention pending trial. Defendant acknowledged understanding the foregoing release conditions, his obligation to comply, and the consequences of violating any conditions of release. These minutes will serve as the conditions of bond.<br><br>Defendant to remain in custody at the Federal Detention Center until notification by Pretrial Services Office that all conditions of release have been satisfied.<br><br>Detention Hearing as to Lyle Rikio Cummings held on 6/28/2021; withdrawing 5 Motion to Detain as to Lyle Rikio Cummings (1); Motions terminated as to Lyle Rikio Cummings: 5 MOTION to Detain filed by USA.; Bond set as to Lyle Rikio Cummings (1) $50,000.00 UNSECURED.<br><br>(FTR-CT 5 / 10:30-10:55 AM) (MAGISTRATE JUDGE ROM TRADER) (emt, ) [1:21-mj-00751-RT] (Entered: 06/28/2021) |
|---|---|---|
| 06/28/2021 | 10 | CJA 23 Financial Affidavit - by Lyle Rikio Cummings. (emt, ) [1:21-mj-00751-RT] (Entered: 06/28/2021) |
| 06/29/2021 | 11 | FIRST STIPULATION AND ORDER TO CONTINUE PRELIMINARY HEARING AND FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE ROM TRADER on 6/29/2021. Time excluded from 7/7/2021 until 10/7/2021. Preliminary Hearing is CONTINUED to 10/7/2021 09:30 AM in Courtroom 7 before MAGISTRATE JUDGE WES REBER PORTER. (emt, ) [1:21-mj-00751-RT] (Entered: 06/29/2021) |
| 07/06/2021 | 12 | Abstract of Release as to Lyle Rikio Cummings [date of release: 7/12/2021] (emt, ) [1:21-mj-00751-RT] (Entered: 07/08/2021) |
| 09/03/2021 | 13 | NOTICE OF ATTORNEY APPEARANCE Rebecca Ann Perlmutter appearing for USA. ; *Certificate of Service* (Perlmutter, Rebecca) [1:21-mj-00751-RT] (Entered: 09/03/2021) |
| 09/29/2021 | 14 | SECOND STIPULATION AND ORDER TO CONTINUE PRELIMINARY HEARING AND FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE ROM TRADER on 9/29/2021. Time excluded from 10/7/2021 until 12/9/2021. Preliminary Hearing is set for 12/9/2021 09:30 AM in Courtroom 6 before MAGISTRATE JUDGE KENNETH J. MANSFIELD. (eta) [1:21-mj-00751-RT] (Entered: 09/29/2021) |
| 09/29/2021 | 15 | NOTICE OF ATTORNEY APPEARANCE Christine Olson appearing for USA. (Olson, Christine) [1:21-mj-00751-RT] (Entered: 09/29/2021) |
| 12/06/2021 | 16 | EO: as to Lyle Rikio Cummings - By agreement of the parties, the Telephonic Preliminary Hearing previously set for 12/09/2021 IS CONTINUED TO 02/08/2022 at 9:30 a.m. before MAGISTRATE JUDGE WES REBER PORTER. Parties have been notified. Government to prepare the Stipulation and Order to be submitted to mansfield_orders@hid.uscourts no later than Friday, December 10, 2021.<br><br>Pursuant to the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, this hearing will be held telephonically. Parties are to participate via telephone through our AT&T Service. Call-in information for this conference is below. Parties must connect to the conference at least ten (10) minutes prior to the scheduled start time of the hearing.<br><br>Dial in number is 1-888-278-0296<br>Access Code is 8224751 |

| | | |
|---|---|---|
| | | (MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) [1:21-mj-00751-RT] (Entered: 12/06/2021) |
| 12/08/2021 | 17 | THIRD STIPULATION AND ORDER TO CONTINUE PRELIMINARY HEARING AND FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE KENNETH J. MANSFIELD on 12/8/2021. Time excluded from 12/9/2021 until 2/8/2022. The Preliminary Hearing is continued to to February 8, 2022 at 9:30 a.m., before the Honorable Wes Reber Porter. (eta) [1:21-mj-00751-RT] (Entered: 12/08/2021) |
| 12/09/2021 | 18 | NOTICE OF APPEARANCE OF RETAINED COUNSEL FOR DEFENDANT IN THE STEAD OF CJA PANEL COUNSEL; ORDER as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE KENNETH J. MANSFIELD on 12/9/2021. Added attorney Joseph R. Mottl, III for Lyle Rikio Cummings. Attorney Clarence McCurdy Virtue terminated in case as to Lyle Rikio Cummings. (eta) [1:21-mj-00751-RT] (Entered: 12/09/2021) |
| 12/17/2021 | 20 | MOTION for Order Modifying Conditions of Release *on Unsecured Bond or, in the Alternative, Order Granting Compassionate Release*; Declaration of Counsel; Declaration of Lyle Rikio Cummings; Declaration of Vianna Kahanu; Memorandum in Support of Motion; Exhibits "A" and "B" by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 12/19/2021 (eta). (Main Document 20 replaced on 1/4/2022) (eta). (Additional attachment(s) added on 1/4/2022: # 1 Declaration of Counsel, # 2 Declaration of Vianna K. Kahanu, # 3 Declaration of Lyle Rikio Cummings, # 4 Memorandum in Support, # 5 Exhibit A (SEALED) , # 6 Exhibit B) (eta). Modified on 1/4/2022 to separately attach supporting documents and seal Exhibit A pursuant to the ECF No. 22 (eta). [1:21-mj-00751-RT] (Entered: 12/17/2021) |
| 12/19/2021 | | ADVISORY ENTRY. **Exhibits Not Attached as Separate PDFS** - Please be advised that the exhibits included in Document 20 MOTION to Modify Conditions of Release *on Unsecured Bond*, filed by Lyle Rikio Cummings are comprised of several exhibits and not submitted as separate pdf attachments. See **Section 5.0 Exhibits**, of the CM/ECF Procedures Guide, for additional instructions on how to file exhibits as separate attachments to the main document. **No further action is necessary.** (eta) [1:21-mj-00751-RT] (Entered: 12/19/2021) |
| 12/21/2021 | 21 | NOTICE OF HEARING ON MOTION in case as to Lyle Rikio Cummings: Defendant's 20 First MOTION to Modify Conditions of Release on Unsecured Bond Hearing is set for 01/04/2022 at 10:00 a.m. via telephone before MAGISTRATE JUDGE ROM TRADER. Given the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act due to the ongoing COVID-19 pandemic and public health emergency, including the anticipated long term need to maintain certain social distancing and other measures intended to protect the public, court employees, and counsel from being exposed to the COVID-19 virus, while at the same time regulating criminal matters, the hearing will be held telephonically. Parties are to participate via telephone through our AT&T Service. Call-in information for this conference is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing. Dial in number is 1-888-363-4735 Access Code is 2070326 Defendant's counsel to assure their client's participation at this hearing. |

| | | (bbb) [1:21-mj-00751-RT] (Entered: 12/21/2021) |
|---|---|---|
| 01/04/2022 | 22 | EP : Telephonic Motion Hearing re 20 Defendant's *MOTION for Order Modifying Conditions of Release on Unsecured Bond or, in the Alternative, Order Granting Compassionate Release ("Motion")* as to Lyle Rikio Cummings held on 1/4/2022.<br><br>Vianna Kahanu\*, proposed third-party custodian, participated by telephone.<br><br>Waiver of Physical Presence and Consent to Proceed by Telephone:<br>Defendant not in custody and present by telephone. Defendant waives right to be physically present and consents to appear via telephone. Court conducts colloquy with Defendant to confirm waiver and consent.<br><br>Motion Hearing:<br>Discussion had regarding Defendant's Motion. Court cautioned Mr. Mottl thatdocuments containing protected health care information should not be filed in the public record. **The Clerk's Office is directed to SEAL Exhibit A to the Motion.**<br><br>Court takes judicial notice of its records and files and has carefully considered Defendant's Motion ECF 20 , the Pretrial Services Report, applicable rules and cited legal authority, and the representations and arguments of counsel.<br><br>No objection by Government.<br><br>The Court, having carefully considered merits of the instant Motion, finds good cause and GRANTS the Motion to the extent it seeks modification of Defendant's bond conditions.<br><br>Court deems the portion of the Motion requesting compassionate release WITHDRAWN.<br><br>Court adopts the recommendation of Pretrial Services. Court added the following condition to the terms of Defendant's pretrial release:<br><br>   (6a) The defendant is placed in the Third-Party Custodianship of: <u>**Vianna Kahanu (fiance), Makawao, HI 96768. The Court advised the third-party custodian who was present in court about the above responsibilities and the possible consequences of non-compliance. The third-party custodian acknowledged the above responsibilities.**</u><br><br>   Other Conditions: <u>**The defendant is permitted to travel to and reside on Maui at Makawao, HI 96768 with the prior approval of Pretrial Services and for a period not to exceed 45 days.**</u><br><br>   (10a2) A Bail Review Hearing will be scheduled to review the current conditions of release. Hearing to be scheduled: <u>**in approximately 45 days.**</u><br><br>The Court reviewed the above additional release conditions with Defendant. Defendant advised of possible adverse action for failure to comply with any condition, to include issuance of a warrant for Defendant's arrest, revocation of release status and detention pending resolution of the instant matter. Defendant acknowledged understanding the foregoing release condition, his obligation to comply and the consequences of violating any conditions of release.<br><br>Third Party Custodian, Vianna Kahanu, acknowledged understanding the foregoing release conditions and her obligation to supervise Defendant, ensure Defendant's appearance in Court as required, and to immediately report any violations to the Court.<br><br>**Court sets a Telephonic Bail Hearing for 2/16/2022 at 10:00 a.m. before Magistrate** |

**Wes Reber Porter.**

Pursuant to the United States District Court for the District of Hawaii's current Order Authorizing the Use of Telephonic and Video Hearings Pursuant to the CARES Act, the Final Pretrial Conference will be held telephonically via AT&T Connect Audio Conference. Call-in information for this hearing is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.

Dial in number: 1-888-278-0296.
Access Code: 8224751.

Mr. Mottl to prepare and submit order to the Court's orders box at Trader_Orders@hid.uscourts.gov within seven (7) days of this hearing.

These minutes will serve as additional conditions of bond.

Defendant to remain on pretrial release conditions, as modified above.

Motion Hearing as to Lyle Rikio Cummings held on 1/4/2022 re 20 First MOTION to Modify Conditions of Release *on Unsecured Bond* filed by Lyle Rikio Cummings ; granting 20 Motion to Modify Conditions of Release as to Lyle Rikio Cummings (1);
Motions terminated as to Lyle Rikio Cummings: 20 First MOTION to Modify Conditions of Release *on Unsecured Bond* filed by Lyle Rikio Cummings.;
Bail Hearing is set for 2/16/2022 10:00 AM in Telephonic Hearing before MAGISTRATE JUDGE WES REBER PORTER.

(ATT / 10:00-10:20 AM) (MAGISTRATE JUDGE ROM TRADER) (eta) [1:21-mj-00751-RT] (Entered: 01/04/2022)

| | | |
|---|---|---|
| 01/05/2022 | 23 | ORDER GRANTING FIRST MOTION FOR ORDER MODIFYING CONDITIONS OF RELEASE ON UNSECURED BOND re 20 , 22 as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE ROM TRADER on 1/5/2022. (eta) [1:21-mj-00751-RT] (Entered: 01/05/2022) |
| 01/19/2022 | 24 | FOURTH STIPULATION EXTENDING TIME WITHIN WHICH THE GOVERNMENT MAY FILE INDICTMENT AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND WAIVING THE PRELIMINARY HEARING; ORDER as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE ROM TRADER on 1/18/2022. Time excluded from 1/18/2022 until 4/1/2022. (eta) [1:21-mj-00751-RT] (Entered: 01/19/2022) |
| 02/16/2022 | 25 | EP : Telephonic Bail Review Hearing as to Lyle Rikio Cummings held on 2/16/2022. AUSA Christine Olson appeared for the plaintiff. Mr. Erik Iverson from U.S. Pretrial Services also appeared. Mr. Joseph Mottl appeared for the defendant.<br><br>Defendant is not in custody and present via telephone. Mr. Mottl represented that the Defendant waived his right to appear in person and consented to appear via telephone. The Court conducted a colloquy to confirm Defendant's waiver and consent.<br><br>The Court held a Telephonic Bail Review Hearing. The Court adopted the recommendations of Pretrial Services. Defendant's conditions of pretrial release modified as follows:<br><br>ADD: (7h3) Travel is restricted to: the island of Maui and Oahu with the prior approval of Pretrial Services.<br><br>DELETE: (deleted conditions reflected in the attached minutes) |

| | | These minutes will stand as the conditions of bond. IT IS SO ORDERED. |
| --- | --- | --- |
| | | Bail and all other conditions previously set forth for pretrial release shall remain in full force and effect. |
| | | (ATT / 10:02-10:12 AM)<br>(MAGISTRATE JUDGE WES REBER PORTER)<br>(eta) [1:21-mj-00751-RT] (Entered: 02/16/2022) |
| 03/24/2022 | 26 | **INDICTMENT** as to Lyle Rikio Cummings (1) count(s) 1, 2. (eta) (Entered: 03/24/2022) |
| 03/24/2022 | 28 | EO: as to Lyle Rikio Cummings - The Telephonic Arraignment is set for April 1, 2022 at 9:30 a.m. before MAGISTRATE JUDGE ROM TRADER.<br><br>Pursuant to the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, this hearing will be held telephonically. Parties are to participate via telephone through our AT&T Service. Call-in information for this conference is below. Parties must connect to the conference at least ten (5) minutes prior to the scheduled start time of the hearing.<br><br>Dial in number is 1-888-363-4735<br>Access Code is 2070326<br><br>(MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) (Entered: 03/24/2022) |
| 04/01/2022 | 30 | EP : Telephonic Arraignment and Plea to the Indictment as to Lyle Rikio Cummings (1) Count 1,2 held on 4/1/2022.<br><br>Waiver of Physical Presence and Consent to Proceed by Telephone:<br>Defendant not in custody and present by telephone. Defendant waives right to be physically present and consents to appear via telephone. Court conducts colloquy with Defendant to confirm waiver and consent.<br><br>Arraignment and Plea to the Indictment:<br>Mr. Mottl represents Indictment received and reviewed with Defendant. Defendant understands the general nature of the charges, waives public reading and enters a Plea of Not Guilty to the Indictment. Court confirms same with defendant. NOT GUILTY plea entered.<br><br>Trial date and deadlines given.<br>Jury Selection/Trial: May 23, 2022 at 8:30 a.m. before District Judge Derrick K. Watson<br>Final Pretrial Conference: April 25, 2022 at 9:30 a.m. via telephone before Magistrate Judge Rom Trader<br>Motions due: April 11, 2022<br>Response due: April 25, 2022<br>Rule 16.1 Discovery Conference deadline: April 15, 2022<br><br>Pursuant to the United States District Court for the District of Hawaii's current *Order Authorizing the Use of Telephonic and Video Hearings Pursuant to the CARES Act*, the Final Pretrial Conference will be held telephonically via AT&T Connect Audio Conference. Call-in information for this hearing is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.<br><br>Dial in number: 1-888-363-4735 |

| | | |
|---|---|---|
| | | Access Code: 2070326 |
| | | Defendant to remain on previously imposed conditions of pretrial release. |
| | | Arraignment as to Lyle Rikio Cummings (1) Count 1,2 held on 4/1/2022. Final Pretrial Conference is set for 4/25/2022 09:30 AM in Telephonic Hearing before MAGISTRATE JUDGE ROM TRADER. Jury Selection/Trial is set for 08:30 AM on 5/23/2022 in Aha Kupono before JUDGE DERRICK K. WATSON. |
| | | (ATT / 9:38-9:42 AM) (MAGISTRATE JUDGE ROM TRADER) (eta) (Entered: 04/01/2022) |
| 04/04/2022 | 31 | Summons Returned Executed on 3/31/2022 as to Lyle Rikio Cummings (eta) (Entered: 04/05/2022) |
| 04/08/2022 | 32 | EO: as to Lyle Rikio Cummings : |
| | | Parties are in agreement to continue the trial date. |
| | | New trial date and deadlines given. Jury Selection/Trial is continued to 8/22/2022 at 8:30 AM before Judge Derrick K. Watson. Final Pretrial Conference is continued to 7/25/2022 at 10:00 AM before Magistrate Judge Rom Trader. Defendant's Motions due: 7/11/2022. Government's Responses due: 7/25/2022. |
| | | Time **to be** excluded from 5/23/2022 thru 8/22/2022 from the requirements of the Speedy Trial Act. |
| | | Christine Olson to prepare Stipulation Continuing Trial and Order Excluding Time for Judge Derrick K. Watson's consideration. |
| | | Final Pretrial Conference is CONTINUED to 7/25/2022 10:00 AM before MAGISTRATE JUDGE ROM TRADER. Jury Selection/Trial is CONTINUED to 08:30 AM on 8/22/2022 in Aha Kupono before JUDGE DERRICK K. WATSON. |
| | | (JUDGE DERRICK K. WATSON) (eta) (Entered: 04/08/2022) |
| 04/13/2022 | 33 | STIPULATION AND ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT as to Lyle Rikio Cummings - Signed by JUDGE DERRICK K. WATSON on 4/13/2022. |
| | | (1) the jury selection and trial are set for August 22, 2022; (2) the final pretrial conference is set for July 25, 2022 at 10:00 a.m.; (3) [if applicable] defense motions are due on July 11, 2022, and the government's responses are due on July 25, 2022. |
| | | ***Time Excluded as to Lyle Rikio Cummings: (4/11/2022-8/22/2022) (jo) (Main Document 33 replaced/flattened on 4/26/2022) (eta). (Entered: 04/13/2022) |
| 06/23/2022 | 34 | First MOTION to Continue *Trial Date*; *Declaration of Counsel* by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 6/24/2022 (eta). (Entered: 06/23/2022) |
| 06/23/2022 | 35 | NOTICE OF HEARING ON MOTION in case as to Lyle Rikio Cummings - 34 First MOTION to Continue Hearing is set for June 27, 2022 at 10:00 a.m. by telephone before MAGISTRATE JUDGE KENNETH J. MANSFIELD. |

| | | |
|---|---|---|
| | | Pursuant to the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Pandemic and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, the hearing will be held telephonically. Parties are to participate via telephone through AT&T Connect Audio Conference. Parties must connect to the conference via AT&T Connect Audio Conference at 1-877-848-7030, Access Code: 2123668, at least five (5) minutes prior to the scheduled start time of the hearing.<br><br>(bbb) (Entered: 06/23/2022) |
| 06/27/2022 | 36 | EP : Motion Hearing re 34 Defendant's First MOTION to Continue *Trial Date* as to Lyle Rikio Cummings held by telephone on 6/27/2022. Defendant is not present. Discussion held. Defendant request to continue hearing.<br><br>34 Defendant's First Motion to Continue Trial Date is continued to July 5, 2022 at 10:00 a.m. before Magistrate Judge Rom Trader in Courtroom 5.<br><br><small>Motion Hearing as to Lyle Rikio Cummings held on 6/27/2022 re 34 First MOTION to Continue *Trial Date* filed by Lyle Rikio Cummings: 34 First MOTION to Continue *Trial Date* is set for 7/5/2022 10:00 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER.</small><br><br>(ATT / 10:05-10:10 AM) (MAGISTRATE JUDGE KENNETH J. MANSFIELD) (eta) (Entered: 06/27/2022) |
| 07/01/2022 | 37 | EO : in case as to Defendant (1) Lyle Rikio Cummings - 34 First MOTION to Continue *Trial Date*. The Motion Hearing set for 7/5/2022 at 10:00 AM before MAGISTRATE JUDGE ROM TRADER will be conducted **telephonically** pursuant to the United States District Court for the District of Hawaii's current *Order Authorizing the Use of Telephonic and Video Hearings Pursuant to the CARES Act*.<br><br>Call-in information for this hearing is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.<br><br>Dial in number: 1-888-363-4735.<br>Access Code: 2070326.<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 07/01/2022) |
| 07/05/2022 | 39 | EP : Telephonic Motion Hearing re 34 Defendant's *First MOTION to Continue Trial Date* ("Motion") as to Lyle Rikio Cummings held on 7/5/2022.<br><br>Waiver of Physical Presence and Consent to Proceed by Telephone:<br>Defendant not in custody and present by telephone. Defendant waives right to be physically present and consents to appear via telephone. Court conducts colloquy with Defendant to confirm waiver and consent.<br><br>Motion Hearing:<br>Trial is currently set for 8/22/2022 before District Judge Watson.<br><br>Argument had. No objection by Government as to continuance, generally, but Government opposed to Defendant's requested continuance to March 2023. Court inclined to grant motion solely based upon Mr. Mottl's ongoing health situation, but not inclined to continue trial to March 2023.<br><br>Court engaged in colloquy with Defendant to confirm speedy trial waiver and consent.<br><br>The Court, having carefully considered merits of the instant Motion, within the context of |

the record and applicable legal authorities and the representations and arguments of counsel, finds good cause and GRANTS the Motion based solely on Mr. Mottl's current and ongoing medical condition.

<u>Trial date and deadlines set as follows.</u>
Jury Selection/Trial: December 12, 2022 at 9:00 a.m. before District Judge Derrick K. Watson
Final Pretrial Conference: November 14, 2022 at 1:45 p.m. before Magistrate Judge Kenneth J. Mansfield
Motions due: October 24, 2022
Response due: November 14, 2022

<u>Exclusion of Time Pursuant to Speedy Trial Act:</u>
Pursuant to 18 U.S.C. § 3161(h)(7)(A) and h(7)(B)(i) and (iv), the Court finds that the ends of justice served by the exclusion of timefrom August 22, 2022 to and including December 12, 2022 outweigh the best interests of the public and the defendant in a speedy trial.

The Court finds that the failure to grant such a continuance would be likely to "result in a miscarriage of justice" and/or would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See, 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

Mr. Mottl to prepare and submit a proposed order to trader_orders@hid.uscourts.govwithin seven days. Counsel to confer and submit appropriate stipulation as to basis for Speedy Trial waiver.

Defendant to remain on previously imposed conditions of pretrial release.

*Motion Hearing re <u>34</u> Defendant's First MOTION to Continue Trial Date as to Lyle Rikio Cummings held on 7/5/2022.*
*granting <u>34</u> Motion to Continue as to Lyle Rikio Cummings (1);*
*Motions terminated as to Lyle Rikio Cummings: <u>34</u> First MOTION to Continue Trial Date filed by Lyle Rikio Cummings.*
*Final Pretrial Conference is CONTINUED to 11/14/2022 01:45 PM in Courtroom 6 before MAGISTRATE JUDGE KENNETH J. MANSFIELD.*
*Jury Selection/Trial is CONTINUED to 09:00 AM on 12/12/2022 in Aha Kupono before JUDGE DERRICK K. WATSON.*

*(ATT / 10:05-10:22 AM) (MAGISTRATE JUDGE ROM TRADER)*
*(eta) (Entered: 07/05/2022)*

| | | |
|---|---|---|
| 10/24/2022 | 40 | EO : as to Lyle Rikio Cummings - Telephone Conference is set for **11/4/2022 at 11:00 AM** before MAGISTRATE JUDGE ROM TRADER.<br><br>Pursuant to the United States District Court for the District of Hawaii's current *Order Authorizing the Use of Telephonic and Video Hearings Pursuant to the CARES Act*, this hearing will be held **telephonically**. Call-in information for this hearing is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.<br><br>PARTICIPANTS: Dial:　1-833-568-8864.  Meeting ID:　161 5641 6035.<br><br>OBSERVERS: Dial:　1-650-479-3207.  Access Code: 1604373010.<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 10/24/2022) |
| 10/31/2022 | <u>41</u> | ORDER GRANTING IN PART DEFENDANT'S FIRST MOTION TO CONTINUE TRIAL DATE re <u>34</u> - Signed by MAGISTRATE JUDGE ROM TRADER on 10/31/2022. |

|  |  |  |
|---|---|---|
|  |  | The Defendant's motion is granted in part, but not as to the length of the continuance originally requested. The trial date and deadlines are set as follows.<br><br>Jury Selection/Trial: December 12, 2022, at 9:00 a.m. before District Judge Derrick K. Watson;<br><br>Final Pretrial Conference: November 14, 2022, at 1:45 p.m. before Magistrate Judge Kenneth J. Mansfield;<br><br>Motions due: October 24, 2022;<br><br>Responses due: November 14, 2022.<br><br>Follows oral order of 7/5/2022 Hearing at ECF <u>39</u> .<br><br>(jni) (Entered: 10/31/2022) |
| 10/31/2022 | 42 | EO : The Telephone Conference set for 11/4/2022 at 11:00 AM before Magistrate Judge Trader is **VACATED**.<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 10/31/2022) |
| 11/07/2022 | 43 | EO: as to Lyle Rikio Cummings - Telephonic Status Conference - MJ is set for 11/08/2022 at 11:00 a.m. before MAGISTRATE JUDGE KENNETH J. MANSFIELD.<br><br>Pursuant to the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Pandemic and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, the hearing will be held telephonically. Parties are to participate via telephone through NEW <u>ZOOM Teleconference</u>. Parties must connect to the conference via Zoom Audio Conference at 1-833-568-8864, Access Code: 160 8983 1896, at least five (5) minutes prior to the scheduled start time of the hearing. Observers may call in on a separate line at 1-650-479-3207, Code: 1609303683.<br><br>OBSERVERS: Call-in:1-650-479-3207, Code: 160 930 3683<br><br>Defendant's counsel to assure their client's participation at this hearing.<br><br>(MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) (Entered: 11/07/2022) |
| 11/08/2022 | <u>44</u> | Second MOTION to Continue *Trial and Extend Pretrial Motions Deadline*; Declaration of Counsel; Exhibit A by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 11/10/2022 (eta). (Entered: 11/08/2022) |
| 11/08/2022 | <u>45</u> | EP : Telephonic Status Conference - MJ as to Lyle Rikio Cummings held on 11/8/2022. Defendant not in custody, present via telephone.<br><br>Discussion held regarding Mr. Mottl's current health condition and his ability to represent Mr. Cummings in this case.<br><br><u>44</u> Defendant's Second Motion to Continue Trial Date and Extend Pretrial Motions Deadline is set for November 10, 2022 at 10:00 am before Magistrate Judge Kenneth J. Mansfield via telephone.<br><br>Government's opposition is due by 4:00 p.m. on November 9, 2022.<br><br>Parties are to participate via telephone through ZOOM Teleconference. Parties must connect to the conference via **Zoom Audio Conference at 1-833-568-8864, Access Code: 160 8983 1896**, at least five (5) minutes prior to the scheduled start time of the |

|  |  | hearing. |
|---|---|---|
|  |  | Observers may call in on a separate line at 1-650-479-3207, Code: 1609303683. |
|  |  | Defendant's counsel to assure their client's participation at this hearing. |
|  |  | Status Conference - MJ as to Lyle Rikio Cummings held on 11/8/2022.<br>44 Second MOTION to Continue *Trial and Extend Pretrial Motions Deadline* is set for 11/10/2022 10:00 AM in Telephonic Hearing before MAGISTRATE JUDGE KENNETH J. MANSFIELD. |
|  |  | (ZOOM / 11:00-11:17 AM) (MAGISTRATE JUDGE KENNETH J. MANSFIELD) (eta) (Entered: 11/09/2022) |
| 11/09/2022 | 46 | RESPONSE to Motion by USA as to Lyle Rikio Cummings re 44 Second MOTION to Continue *Trial and Extend Pretrial Motions Deadline /COS* (Perlmutter, Rebecca) (Entered: 11/09/2022) |
| 11/10/2022 | 47 | EP : Motion Hearing re 44 Second MOTION to Continue *Trial and Extend Pretrial Motions Deadline* as to Lyle Rikio Cummings held on 11/10/2022. Defendant not in custody, present via telephone.<br><br>Discussion held regarding the Government's inability to contact Mr. Mottl's and Mr. Mottl's efforts in managing his emails and phone calls.<br><br>Court taking judicial notice of the documents on file and having considered the comments of counsel, the Court GRANTS 44 Defendant's Second Motion to Continue Trial Date and Extend Pretrial Motions Deadline is GRANTED.<br><br>New dates are given as follows:<br>Jury Selection/Trial: March 6, 2023 at 9:00 a.m. before District Judge Derrick K. Watson in Aha Kupono<br>Final Pretrial Conference: February 6, 2023 at 10:00 a.m. before Magistrate Judge Rom Trader by telephone<br>Motions: January 23, 2023<br>Response: February 6, 2023<br><br>**Hearing before Magistrate Judge Rom Trader:**<br>Parties and other participants must call-in at least five (5) minutes prior to the scheduled start time of the conference. Call-in instructions are below:<br><br>Dial in number: 1-833-568-8864 (toll-free).<br>Meeting ID: 161 5641 6035.<br><br>The court finds that the ends of justice served by such an action outweigh the best interest of the public and the defendant in speedy trial. The court orders that the period from **December 12, 2022 to and including March 6, 2023** be excluded from computation under the Speedy Trial Act as a failure to grant the continuance would unreasonably deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence.<br><br>**Government to prepare order.**<br><br>Phone line is cleared. Government and non-parties transferred into Break Out Session. The Court confirms that only Defendant, Mr. Mottl and Court staff are in the main conference. Conference has been locked. |

(SEALED HEARING HELD 10:40 - 10:55) Sealed Discussion held between Defendant Lyle Rikio Cummings, Defendant's counsel Joseph R. Mottl, III and the Court. Court conducted a colloquy with Mr. Mottl and Mr. Cummings.

Government and non-parties are transferred from the Break Out Session back into the main conference. Conference has been unlocked.

**Court sets a Telephonic Status Conference for December 14, 2022 at 10:00 a.m. before Magistrate Judge Kenneth J. Mansfield.**

Pursuant to the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Pandemic and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, the hearing will be held telephonically. Parties are to participate via telephone through ZOOM Teleconference. **Parties must connect to the conference via Zoom Audio Conference at 1-833-568-8864, Access Code: 160 8983 1896**, at least five (5) minutes prior to the scheduled start time of the hearing.

Observers may call in on a separate line at 1-650-479-3207, Code: 1609303683.

Motion Hearing re 44 Second MOTION to Continue *Trial and Extend Pretrial Motions Deadline* filed by Lyle Rikio Cummings ; granting 44 Motion to Continue as to Lyle Rikio Cummings (1);
Motions terminated as to Lyle Rikio Cummings: 44 Second MOTION to Continue *Trial and Extend Pretrial Motions Deadline* filed by Lyle Rikio Cummings.;
Final Pretrial Conference is CONTINUED to 2/6/2023 10:00 AM in Telephonic Hearing before MAGISTRATE JUDGE ROM TRADER.
Jury Selection/Trial is CONTINUED to 09:00 AM on 3/6/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.
Telephone Conference is set for 12/14/2022 10:00 AM in Telephonic Hearing before MAGISTRATE JUDGE KENNETH J. MANSFIELD.

(ZOOM / 10:00-10:58 AM) (MAGISTRATE JUDGE KENNETH J. MANSFIELD) (eta) (Entered: 11/10/2022)

| | | |
|---|---|---|
| 11/17/2022 | 48 | NOTICE OF HEARING as to Lyle Rikio Cummings:<br><br>Court sets a Status Conference for 11/22/2022 at 10:30 a.m. in Courtroom 6 before MAGISTRATE JUDGE KENNETH J. MANSFIELD. All parties are required to appear for this hearing in person.<br><br>Defendant's counsel to assure their client's participation at this hearing.<br><br>(bbb) (Entered: 11/17/2022) |
| 11/17/2022 | 49 | EO: as to Lyle Rikio Cummings -<br><br>The Status Conference previously set for 11/22/2022 IS CONTINUED TO 11/23/2022 at 10:30 a.m. in Courtroom 6 before MAGISTRATE JUDGE KENNETH J. MANSFIELD. All parties are required to appear for this hearing in person.<br><br>Defendant's counsel to assure their client's participation at this hearing.<br><br>(MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) (Entered: 11/17/2022) |
| 11/18/2022 | 50 | EO: In light of the Mr. Mottl's compliance in responding to the Government's email regarding the Stipulation to Continue Order, the Status Conference set for 11/23/2022 is hereby VACATED. (MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) (Entered: 11/18/2022) |
| 11/18/2022 | 51 | STIPULATION AND ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT as to Lyle Rikio Cummings - Signed by |

| | | |
|---|---|---|
| | | MAGISTRATE JUDGE KENNETH J. MANSFIELD on 11/18/2022.<br><br>For the reasons stated, IT IS HEREBY ORDERED:<br>(1) the jury selection and trial are set for March 6, 2023 at 9:00am before the Honorable District Judge Derrick K. Watson;<br>(2) the final pretrial conference is set for February 6, 2023 at 10:00am before the Honorable Magistrate Judge Rom Trader;<br>(3) defense motions are due on January 23, 2023, and the government's responses are due on February 6, 2023.<br><br>Time excluded from 12/12/2022 until 3/6/2023.<br><br>(eta) (Entered: 11/18/2022) |
| 12/13/2022 | 52 | EO: as to Lyle Rikio Cummings - Due to a conflict in the Court's schedule, the Telephone Conference previously set for 10:00 a.m. IS CONTINUED TO 10:30 a.m. on the same date of 12/14/2022 before MAGISTRATE JUDGE KENNETH J. MANSFIELD.<br><br>Pursuant to the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Pandemic and Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, the hearing will be held telephonically. Parties are to participate via telephone through ZOOM Teleconference. Parties must connect to the conference via Zoom Audio Conference at 1-833-568-8864, Access Code: 160 8983 1896 , at least five (5) minutes prior to the scheduled start time of the hearing.<br><br>*Observers may call in on a separate line at 1-650-479-3207, Code: 160 930 3683.*<br><br>(MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) (Entered: 12/13/2022) |
| 12/13/2022 | 53 | NOTICE *of Government's Request for Court Colloquy with Defendant Regarding Government's Plea Offer* by USA as to Lyle Rikio Cummings (Perlmutter, Rebecca) (Entered: 12/13/2022) |
| 12/14/2022 | 54 | EP : TELEPHONIC STATUS CONFERENCE held. Defendant not in custody, present via telephone. Discussion held.<br><br>Colloquy made with Mr. Mottl on his recovery. Mr. Mottl confirms that he does not anticipate to request for any continuance on the current schedule. The Court also conducted a colloquy with the Defendant regarding the government's plea offer. Phone line is cleared. Government and non-parties transferred into Break Out Session.<br><br>The Court confirms that only Defendant, Mr. Mottl and Court staff are in the main conference. Conference has been locked.<br><br>(SEALED LAFLER HEARING HELD 10:50 - 10:54)<br><br>Sealed Discussion held between Defendant Lyle Rikio Cummings, Defendant's counsel Joseph R. Mottl, III and the Court. Court conducted a colloquy with Mr. Mottl and Mr. Cummings.<br><br>Government and non-parties are transferred from the Break Out Session back into the main conference. Conference has been unlocked.(ZOOM / 10:34-10:54) (MAGISTRATE JUDGE KENNETH J. MANSFIELD)(apg) (Entered: 12/14/2022) |
| 01/23/2023 | 55 | EO: As to Defendant Lyle Rikio Cummings, Final Pretrial Conference is set for 2/24/2023 at 09:00 AM in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON. |

| | | |
|---|---|---|
| | | (CHIEF JUDGE DERRICK K. WATSON)(tyk) (Entered: 01/23/2023) |
| 02/03/2023 | 56 | EO : as to Lyle Rikio Cummings - the Final Pretrial Conference set for 2/6/2023 at 10:00 AM before MAGISTRATE JUDGE ROM TRADER shall be held **in person** in **Courtroom 5**. Defendant's presence is WAIVED.<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 02/03/2023) |
| 02/06/2023 | 57 | Third MOTION to Continue *Trial and Extend Pretrial Motions Deadline*; Declaration of Counsel; Attachments "A" and "B" by Lyle Rikio Cummings. (Mottl, Joseph) <sub>Modified on 2/7/2023 (eta).</sub> (Entered: 02/06/2023) |
| 02/06/2023 | 58 | EP : Final Pretrial Conference as to Lyle Rikio Cummings **not** held on 2/6/2023. Defendant's presence is waived.<br><br>Discussion had regarding ECF 57 *Defendant's Third Motion to Continue Trial Date and Extend Pretrial Motions Deadline* ("Motion"). Defendant requests continuance of trial from 3/6/2023 to 6/5/2023.<br><br>Court inquires as to Government's position on the Motion. While the Government is sympathetic to counsel's health issues, Government has concerns about the history of prior defense continuances and impact on Speedy Trial.<br><br>Court directs parties to confer regarding whether a stipulation to continue trial may be possible, instead of proceeding on *Motion*.<br><br>If parties reach agreement, stipulation to be filed **by no later than 2/10/2023**.<br><br>If parties are unable to agree, Government's response to *Motion* due by 2/13/2023.<br><br>Court sets Motion Hearing for 2/15/2023 at 10:00 a.m. before Magistrate Judge Trader in Courtroom 5.<br><br><sub>Final Pretrial Conference as to Lyle Rikio Cummings held on 2/6/2023.</sub><br><sub>57 Third MOTION to Continue *Trial and Extend Pretrial Motions Deadline* is set for 2/15/2023 10:00 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER.</sub><br><br>(FTR-CT 5 / 10:00-10:07 AM) (MAGISTRATE JUDGE ROM TRADER) (eta) (Entered: 02/06/2023) |
| 02/06/2023 | 59 | EO : in case as to Lyle Rikio Cummings 57 Third MOTION to Continue *Trial and Extend Pretrial Motions Deadline*.<br><br>Due to a conflict in the Court's schedule, the Motion Hearing set for 2/15/2023 at 10:00 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER is ADVANCED to **09:30 AM** the same day (2/25/2023).<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 02/06/2023) |
| 02/13/2023 | 60 | RESPONSE to Motion by USA as to Lyle Rikio Cummings re 57 Third MOTION to Continue *Trial and Extend Pretrial Motions Deadline* / Certificate of Service (Attachments: # 1 Declaration of Rebecca A. Perlmutter)(Perlmutter, Rebecca) (Entered: 02/13/2023) |
| 02/14/2023 | 61 | EO : Pursuant to defense counsel's 2/14/2023 request, Defendant Lyle Rikio Cummings is permitted to participate in the Motion Hearing set for 2/15/2023 at 9:30 a.m. in Courtroom 5 before Magistrate Judge Trader via telephone. Mr. Mottl to appear in person. |

| | | Mr. Mottl to provide the following dial in information to Defendant for purposes of the 2/15/2023 Motion Hearing. Defendant to call in at least five (5) minutes prior to the scheduled start time of the conference.<br><br>Dial in number: 1-833-568-8864 (toll-free).<br>Meeting ID:     161 5641 6035.<br><br>(MAGISTRATE JUDGE ROM TRADER)(laa) (Entered: 02/14/2023) |
|---|---|---|
| 02/15/2023 | 62 | EP : Motion Hearing re 57 Defendant's *Third MOTION to Continue Trial and Extend Pretrial Motions Deadline* ("Motion") as to Lyle Rikio Cummings held on 2/15/2023.<br><br>Waiver of Physical Presence and Consent to Proceed by Telephone:<br>Defendant not in custody and present by telephone. Defendant waives right to be physically present and consents to appear via telephone. Court conducts colloquy with Defendant to confirm waiver and consent.<br><br>Motion Hearing:<br>The Court takes judicial notice of the records and files, including the *Motion* ECF 57 , Government's *Response* ECF 60 , the recording of the 12/14/2022 Telephonic Status Conference before Magistrate Judge Mansfield, applicable legal authority, and the representations and arguments of counsel.<br><br>Arguments heard. The Court, having carefully considered merits of the instant *Motion*, within the context of the record and applicable legal authorities and the representations and arguments of counsel, finds good cause and **GRANTS** the *Motion*, over the Government's objection.<br><br>The Court ADVISES Mr. Mottl and Defendant that this shall be the **LAST CONTINUANCE FOR THE DEFENSE**. No further defense continuances will be entertained.<br><br>   To monitor trial readiness, the Court ORDERS:<br><br>     periodic Status Conferences on 3/15/2023, 4/14/2023, and 5/12/2023 at 9:30 a.m. before the respective duty Magistrate Judge; and<br><br>     Mr. Mottl to conduct bi-weekly telephone conferences with Government counsel, commencing no later than 3/1/2023 and every 2 weeks, thereafter;<br><br>     Should Mr. Mottl's health cause uncertainty about his ability to render effective representation, Mr. Mottl to file appropriate motion to withdraw as counsel without delay; and<br><br>     Otherwise, parties are expected to diligently prepare for trial as scheduled.<br><br>The Court finds good cause to re-open the motions and response deadlines.<br><br>The Court enters the following criminal scheduling order:<br><br>Criminal Scheduling Order:<br>1. **Jury Selection/Trial before Chief District Judge Derrick K. Watson: June 5, 2023 at 9:00 a.m.**<br>2. **Trial Conference before Chief District Judge Derrick K. Watson: May 26, 2023 at 9:00 a.m.**<br>3. **Joint Trial Presentation Statement due: May 19, 2023** |

*(The issued deadlines are detailed in the attached minutes. Please refer to the attached minutes.)*

**These minutes shall stand in place of a separately filed Criminal Scheduling Order as required by CrimLR2.1.**

Exclusion of Time Pursuant to Speedy Trial Act:
Pursuant to 18 U.S.C. § 3161(h)(7)(A) and h(7)(B)(i) and (iv), the Court finds that the ends of justice served by the exclusion of timefrom **March 6, 2023 to, and including June 5, 2023** outweigh the best interests of the public and the defendant in a speedy trial.

The Court finds that the failure to grant such a continuance would be likely to "result in a miscarriage of justice" and/or "would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See, 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

Government to prepare and submit proposed order to Trader_Orders@hid.uscourts.gov within seven (7) days.

Defendant to remain on previously imposed conditions of pretrial release.

Motion Hearing as to Lyle Rikio Cummings held on 2/15/2023 re 57 Third MOTION to Continue *Trial and Extend Pretrial Motions Deadline* filed by Lyle Rikio Cummings ;
granting 57 Motion to Continue as to Lyle Rikio Cummings (1);
Motions terminated as to Lyle Rikio Cummings: 57 Third MOTION to Continue *Trial and Extend Pretrial Motions Deadline* filed by Lyle Rikio Cummings.;
Jury Selection/Trial is CONTINUED to 09:00 AM on 6/5/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.
Pretrial Conference is set for 5/26/2023 09:00 AM in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.

(FTR-CT 5 / 9:30-10:05 AM) (MAGISTRATE JUDGE ROM TRADER)
(eta) (Entered: 02/15/2023)

| 02/22/2023 | 63 | ORDER CONTINUING TRIAL DATE, AND SETTING PRETRIAL MOTIONS DEADLINES AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT re 57 as to Lyle Rikio Cummings - Signed by MAGISTRATE JUDGE ROM TRADER on 2/22/2023.<br><br>IT IS HEREBY ORDERED:<br>(1) jury selection and trial are set for June 5, 2023 at 9:00 a.m. before the Honorable Derrick K. Watson, United States Chief District Judge;<br>(2) the trial conference is set for May 26, 2023 at 9:00 a.m. before the Honorable Derrick K. Watson, United States Chief District Judge;<br>(3) joint trial presentation statement is due on May 19, 2023;<br>(4) Defendant's motions are to be filed by March 15, 2023 and government's response is due March 29, 2023.<br><br>Time excluded from 3/6/2023 until 6/5/2023.<br><br>(eta) (Entered: 02/22/2023) |
| --- | --- | --- |
| 03/13/2023 | 64 | CRIMINAL SCHEDULING ORDER as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 3/13/2023. (eta) (Entered: 03/13/2023) |
| 03/15/2023 | 65 | EO: as to Lyle Rikio Cummings - Pursuant to ECF No. 62 , the Court sets a Status Conference - MJ for 3/20/2023 at 09:30 AM as Telephonic Hearing before MAGISTRATE JUDGE WES REBER PORTER.<br><br>Pursuant to the current Order Authorizing the Use of Telephonic and Video Hearings pursuant to the CARES Act, this hearing will be held telephonically. Parties are to participate via telephone through Zoom. Parties/participants must connect to the |

|  |  | conference via Zoom (audio only) at 1-833-568-8864 with Access Code 161 0084 2470, at least ten (10) minutes prior to the scheduled start time of the hearing.<br><br>The public may listen to the proceedings by dialing the Public Dial-in number at 1-650-479-3207 and entering Access code: 1601263445.<br><br>(MAGISTRATE JUDGE WES REBER PORTER)<br>(jo) (Entered: 03/15/2023) |
|---|---|---|
| 03/16/2023 | 66 | MOTION for Extension of Time to File *Pretrial Motions*, MOTION for Leave to File *Pretrial Motions* by Lyle Rikio Cummings. (Mottl, Joseph) (Entered: 03/16/2023) |
| 03/20/2023 | 67 | RESPONSE in Opposition by USA as to Lyle Rikio Cummings re 66 MOTION for Extension of Time to File *Pretrial Motions* MOTION for Leave to File *Pretrial Motions* (Perlmutter, Rebecca) Modified on 3/21/2023 The response is signed by Christine Olson, AUSA and the certificate of service, by the e-filer, Rebecca Perlmutter, AUSA (eta). (Entered: 03/20/2023) |
| 03/20/2023 | 68 | EP: STATUS CONFERENCE - MJ as to Defendant Lyle Rikio Cummings held.<br><br>AUSA Christine Olson appeared on behalf of the United States.<br><br>Mr. Joseph Mottl, III appeared on behalf of Defendant.<br><br>Defendant not in custody and present by telephone. Mr. Mottle confirms defendant's consent to appear by telephone.<br><br>The Court held a Status Conference.<br><br>Discussion held regarding Mr. Mottl's current health condition and trial readiness.<br><br>The Court inquired as to ECF No. 66 *Defendant's Motion for Extension of Time to File Pretrial Motions*, ("Motion").<br><br>SEALED HEARING with defense counsel and defendant only. (9:55 am - 10:15 am)<br><br>The Court GRANTS the *Motion* and orders Mr. Mottl to file all pretrial motions by Friday, March 24, 2023. If the pretrial motions are not filed by March 24, 2023, the Court will sua sponte order the withdrawal of Mr. Mottl as counsel in this matter and defendant will seek new counsel or have CJA counsel appointed. The Court further advises the defense there will be no further continuances related to any matter in this case.<br><br>Defendant to remain on previously imposed conditions of pretrial release.<br><br>(ZOOM / 9:36 am - 10:28 am)<br>(MAGISTRATE JUDGE WES REBER PORTER)<br>(jo) (Entered: 03/20/2023) |
| 03/24/2023 | 69 | MOTION to Suppress *Evidence*; Declaration of Counsel; Memorandum of Points and Authorities by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 3/28/2023 (eta). (Entered: 03/24/2023) |
| 03/24/2023 | 70 | MOTION to Suppress *Statements*; Declaration of Counsel; Memorandum of Points and Authorities by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 3/28/2023 (eta). (Entered: 03/24/2023) |
| 03/28/2023 | 71 | EO: An Evidentiary Hearing on Defendant Lyle Rikio Cummings' [69] Motion to Suppress Evidence and 70 Motion to Suppress Statements is set for 4/21/2023 at 10:00 AM in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON. The briefing |

| | | |
|---|---|---|
| | | schedule is set forth: Govt.'s Opposition shall be filed by 4/14/2023; and Defendant's Reply shall be filed by 4/19/2023.<br><br>(CHIEF JUDGE DERRICK K. WATSON)<br>(tyk) (Entered: 03/28/2023) |
| 03/28/2023 | 72 | EO: The Judges of the United States District Court have requested that real-time reporting services be provided to them during evidentiary hearings involving the taking of testimony from a live witness.<br><br>In order to provide the Court with an accurate and more useful realtime record of proceedings, counsel is directed to submit the following information to the courtroom deputy by 4/17/2023:<br><br>1.Names of parties and attorneys to the action;<br>2.Witness list; and<br>3.Exhibit list.<br><br>The information will be shared with the court reporter to enable them to program computers with steno outlines unique to your personal case.<br><br>(CHIEF JUDGE DERRICK K. WATSON)<br>(tyk) (Entered: 03/28/2023) |
| 04/14/2023 | 73 | EP: FURTHER STATUS CONFERENCE held on 04/14/2023.<br><br>Defendant is not present, presence waived for purposes of this hearing.<br><br>Discussion held. Ms. Olson updates the Court on communication between counsel and Government request to set phone calls with Mr. Mottl every other Wednesday at noon.<br><br>The Court orders that the parties participate in bi-weekly calls on Wednesdays starting on April 19, 2023 at noon.<br><br>(CT 6 - FTR / 9:30 - 9:37) (MAGISTRATE JUDGE KENNETH J. MANSFIELD)(bbb) (Entered: 04/14/2023) |
| 04/17/2023 | 74 | RESPONSE in Opposition by USA as to Lyle Rikio Cummings re 69 MOTION to Suppress *Evidence / Certificate of Service* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 - Video , # 6 Exhibit 6 - Video , # 7 Exhibit 7 - Video )(Olson, Christine)<br><br>**Exhibits 5, 6 & 7 (video exhibits) are retained by the Clerk's Office.** Modified on 4/18/2023 (eta). (Entered: 04/17/2023) |
| 04/17/2023 | 75 | RESPONSE in Opposition by USA as to Lyle Rikio Cummings re 70 MOTION to Suppress *Statements / Certificate of Service* (Attachments: # 1 Exhibit 1 - Video , # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 - Video , # 5 Exhibit 5 - Video , # 6 Declaration of Andrew Cabral, # 7 Exhibit A, # 8 Exhibit B, # 9 Exhibit C, # 10 Exhibit D)(Olson, Christine)<br><br>**Exhibits 1, 4 & 5 (video exhibits) are retained by the Clerk's Office.** Modified on 4/18/2023 (eta). (Entered: 04/17/2023) |
| 04/17/2023 | 76 | NOTICE *of Disclosure of Expert Witnesses* by USA as to Lyle Rikio Cummings (Olson, Christine) (Entered: 04/17/2023) |

| 04/18/2023 | | ADVISORY ENTRY. **Personal Identifiers** - Please be advised that an exhibit submitted in support of 75 United States' Opposition to Defendant's Motion to Suppress Statements, contains personal identifiers. To comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, and to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including or shall partially redact when inclusion is necessary. The filing party may submit a redacted version of the affected exhibit. For e-filing purposes, select the filing event "redacted document" from the "Other Documents" filing category. When prompted, please "link" the redacted exhibit to ECF No. 75. Please include an appropriate caption cover page (that includes counsel's identification, the case number and document caption) with the filing of any redacted exhibit. (eta) (Entered: 04/18/2023) |
|---|---|---|
| 04/19/2023 | 77 | REDACTION *(Redacted Exhibit 2)* by USA as to Lyle Rikio Cummings to 75 United States' Opposition to Defendant's Motion to Suppress Statements filed by USA (Attachments: # 1 Exhibit 2 (Redacted))(Olson, Christine) Modified on 4/20/2023 (eta). (Entered: 04/19/2023) |
| 04/20/2023 | 78 | WITNESS LIST *for Evidentiary Hearing* by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 4/21/2023 (eta). (Entered: 04/20/2023) |
| 04/20/2023 | 79 | EXHIBIT LIST *for Evidentiary Hearing* by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 4/21/2023 (eta). (Entered: 04/20/2023) |
| 04/21/2023 | 80 | ~~MEMORANDUM in Support~~ *Defendant's Supplemental Authorities for Motions to Suppress Statements and Evidence re 69 , 70* by Lyle Rikio Cummings (Mottl, Joseph) Modified on 4/24/2023 (eta). (Entered: 04/21/2023) |
| 04/21/2023 | 81 | EP : Motion Hearing re 69 Defendant's MOTION to Suppress *Evidence* and 70 MOTION to Suppress *Statements* ("Motions") as to Lyle Rikio Cummings held on 4/21/2023. Defendant Lyle Cummings present, not in custody.<br><br>Court addressed defense's late filing of supplemental authorities for Motions.<br><br>Arguments heard. 69 Defendant's Motion to Suppress Evidence and 70 Motion to Suppress Statements taken under advisement. Court to issue a written order.<br><br>In advance Court stated for the record that both Motions are denied.<br><br>Due to simultaneous jury trials scheduled for 6/5/2023, with the consent of the parties Jury Selection/Trial scheduled for 6/5/2023 will be continued to 6/7/2023 at 9:00 a.m. in Aha Kupono before Chief Judge Derrick K. Watson.<br><br>Motion Hearing as to Lyle Rikio Cummings held on 4/21/2023 re 69 MOTION to Suppress *Evidence* filed by Lyle Rikio Cummings, 70 MOTION to Suppress *Statements* filed by Lyle Rikio Cummings;<br>denying 69 Motion to Suppress as to Lyle Rikio Cummings (1); denying 70 Motion to Suppress as to Lyle Rikio Cummings (1);<br>Motions terminated as to Lyle Rikio Cummings: 69 MOTION to Suppress *Evidence* filed by Lyle Rikio Cummings, 70 MOTION to Suppress *Statements* filed by Lyle Rikio Cummings.<br>Jury Selection/Trial is CONTINUED to 09:00 AM on 6/7/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.<br><br>(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON) (eta) (Entered: 04/21/2023) |
| 05/08/2023 | 82 | EXHIBIT LIST by USA as to Lyle Rikio Cummings. (Olson, Christine) (Entered: 05/08/2023) |
| 05/08/2023 | 83 | WITNESS LIST by USA as to Lyle Rikio Cummings. (Olson, Christine) (Entered: 05/08/2023) |
| 05/08/2023 | 84 | STIPULATION *of Fact* (Olson, Christine) (Entered: 05/08/2023) |

| 05/09/2023 | 85 | ORDER DENYING FIRST MOTION TO SUPPRESS re 69 , 81 as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 5/9/2023. (eta) (Entered: 05/09/2023) |
|---|---|---|
| 05/09/2023 | 86 | ORDER DENYING SECOND MOTION TO SUPPRESS re 70 , 81 as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 5/9/2023. (eta) (Entered: 05/09/2023) |
| 05/12/2023 | 87 | EP : Status Conference as to Lyle Rikio Cummings held on 5/12/2023. Mr. Mottl, counsel for Defendant, failed to appear for today's hearing. Defendant Lyle Rikio Cummings also failed to appear for today's hearing. |
|  |  | Moreover, neither Mr. Mottl nor Defendant, contacted the Court to indicate that they were unable to appear or otherwise to request permission to participate in today's hearing by telephone. |
|  |  | Court confirms with Government that the trial remains set for 6/7/2023 before District Judge Watson. |
|  |  | Ms. Perlmutter updates the Court as to trial-related deadlines and communications between counsel and the Government. Ms. Perlmutter reports occasional difficulty in being able to contact Mr. Mottl. |
|  |  | Court issues **ORDER TO SHOW CAUSE** directed to Mr. Mottl for his failure to appear at today's Status Conference and why sanctions should not be imposed. |
|  |  | **Hearing on the Order to Show Cause is set for 5/17/2023 at 9:30 a.m. before Magistrate Judge Trader in Courtroom 5.** Mr. Mottl is required to appear in person. Defendant may appear by telephone, but only if a written waiver of physical appearance is received by the Court by no later than 5/16/2023 at 12:00 p.m. |
|  |  | Status Conference - MJ as to Lyle Rikio Cummings held on 5/12/2023. Show Cause Hearing is set for 5/17/2023 09:30 AM in Courtroom 5 before MAGISTRATE JUDGE ROM TRADER. |
|  |  | (FTR-CT 5 / 9:36-9:44 AM) (MAGISTRATE JUDGE ROM TRADER) (eta) (Entered: 05/12/2023) |
| 05/15/2023 | 88 | REQUEST *(Written Waiver of Physical Appearance and Request for Appearance by Telephone by Lyle Rikio Cummings as to Hearing on Order to Show Cause set for May 17, 2023 before Magistrate Judge Rom Trader)* (Mottl, Joseph) Modified on 5/16/2023 (eta). (Entered: 05/15/2023) |
| 05/15/2023 | 89 | NOTICE *UNITED STATES NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE 902(14) and 902(11)* by USA as to Lyle Rikio Cummings (Attachments: # 1 Exhibit A) (Olson, Christine) (Entered: 05/15/2023) |
| 05/15/2023 | 90 | MOTION in Limine *Regarding (1) Publication of Text Messages to the Jury and (2) Publication of Transcript to the Jury* by USA as to Lyle Rikio Cummings. (Olson, Christine). Added MOTION in Limine *Regarding (2) Publication of Transcript to the Jury* on 5/16/2023 (eta). (Entered: 05/15/2023) |
| 05/15/2023 | 91 | *Government's* Proposed Jury Instructions by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 5/16/2023 (eta). (Entered: 05/15/2023) |
| 05/15/2023 | 92 | MOTION in Limine *to Admit FRE 1006 Summary Chart* by USA as to Lyle Rikio Cummings. (Attachments: # 1 Exhibit A )(Perlmutter, Rebecca) Modified on 5/16/2023 (eta). (Entered: 05/15/2023) |

| 05/16/2023 | | ADVISORY ENTRY. **Submission of Proposed Orders** - Please be advised that Document 84 Stipulation of Fact, filed USA requires the court's approval. If the filing party has not already done so, please email the document in Microsoft Word format to the applicable chambers' email address (watson_orders@hid.uscourts.gov). Please refer to Section 10.4 (Emailing of Proposed Orders and Stipulations to Chambers) of the CM/ECF Procedures Guide for additional instructions and a list of chambers' email addresses. (eta) (Entered: 05/16/2023) |
|---|---|---|
| 05/16/2023 | 93 | Written WAIVER of Physical Appearance and Request for Appearance by Telephone by Lyle Rikio Cummings as to Hearing on Order to Show Cause set for May 17, 2023 before Magistrate Judge Rom Trader - APPROVED AND SO ORDERED by MAGISTRATE JUDGE ROM TRADER on 5/16/2023. (eta) (Entered: 05/16/2023) |
| 05/16/2023 | 94 | *Defendant's* EXHIBIT LIST by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 5/17/2023 (eta). (Entered: 05/16/2023) |
| 05/16/2023 | 95 | *Defendant's Trial* WITNESS LIST by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 5/17/2023 (eta). (Entered: 05/16/2023) |
| 05/17/2023 | 96 | *Defense Counsel's* DECLARATION *Regarding Order to Show Cause* by Lyle Rikio Cummings (Mottl, Joseph) Modified on 5/17/2023 (eta). (Entered: 05/17/2023) |
| 05/17/2023 | 97 | STIPULATION OF FACT as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 5/17/2023. (eta) (Entered: 05/17/2023) |
| 05/17/2023 | 98 | EO: As to Defendant Lyle Rikio Cummings, Pretrial Conference originally scheduled for 5/26/2023 is moved to **5/24/2023 at 9:00 a.m.** in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON. NOTICE of HEARING on 90 Government's Motion in Limine, Regarding (1) Publication of Text Messages to the Jury; and (2) Publication of Transcript of the Jury; and 92 Government's Motion in Limine to Admit FRE 1006 Summary Chart is set for **5/24/2023 at 9:00 a.m.** in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.<br><br>(CHIEF JUDGE DERRICK K. WATSON)<br>(tyk) (Entered: 05/17/2023) |
| 05/17/2023 | 99 | EP :Show Cause Hearing as to Lyle Rikio Cummings held on 5/17/2023.<br><br>Waiver of Physical Presence and Consent to Proceed by Telephone:<br>Defendant not in custody and present via telephone. Defendant waives right to be physically present and consents to appear via telephone. Court conducts colloquy to confirm Defendant's waiver and consent.<br><br>Show Cause Hearing:<br>Discussion had regarding Mr. Mottl's failure to appear at the Status Conference set for 5/12/2023 before Magistrate Judge Trader, timely comply with court deadlines, and communicate with opposing counsel.<br><br>Court accepts Mr. Mottl's explanation. Court reminds Mr. Mottl of his obligation to attend all scheduled hearings, comply with court deadlines, and communicate with opposing counsel.<br><br>Court confirms 6/7/2023 trial date before District Judge Watson.<br><br>Mr. Mottl represents he will be prepared to proceed to trial on 6/7/2023. |

| | | Court reminded Defendant that he will need to be physically present for trial and of his responsibility to be aware of all court hearings and deadlines.<br><br>Mr. Mottl is DIRECTED to participate in weekly telephone conferences with the Government **every Wednesday at noon**, commencing on 5/24/2023.<br><br>Parties encouraged to streamline facts, issues, exhibits and witnesses for trial.<br><br>Court to update District Judge Watson.<br><br>(FTR-CT 5 / 9:34-9:59 AM) (MAGISTRATE JUDGE ROM TRADER) (eta) (Entered: 05/17/2023) |
|---|---|---|
| 05/21/2023 | 100 | NOTICE *(Government's Trial Presentation Statement)* by USA as to Lyle Rikio Cummings (Perlmutter, Rebecca) Modified on 5/22/2023 The main document is signed by co-counsel Christine Olson. The Certificate of Service is signed by the e-filer, Rebecca Perlmutter. (eta) (Entered: 05/21/2023) |
| 05/22/2023 | 101 | *Government's* TRIAL BRIEF by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 5/23/2023 (eta) (Entered: 05/22/2023) |
| 05/22/2023 | 102 | *United States'* Proposed Voir Dire Questions by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 5/23/2023 (eta) (Entered: 05/22/2023) |
| 05/23/2023 | 103 | *United States'* Proposed Verdict Form by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 5/24/2023 (eta) (Entered: 05/23/2023) |
| 05/23/2023 | 104 | *Government's First Amended* EXHIBIT LIST by USA as to Lyle Rikio Cummings. (Olson, Christine) Modified on 5/24/2023 (eta) (Entered: 05/23/2023) |
| 05/24/2023 | 105 | *** Document refiled at ECF No. 109 *** MOTION in Limine *Motion in Limine No. 1: Re Exclusion from Introduction at Trial of Illegal Substances Allegedly Seized from Defendants Truck (i.e. Property Control Numbers 748028, 748031, 748039, 748046, and 748047).* by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 5/25/2023 This document is not signed (eta). (Entered: 05/24/2023) |
| 05/24/2023 | 106 | Supplement re 92 MOTION in Limine *to Admit FRE 1006 Summary Chart* by USA as to Lyle Rikio Cummings. (Attachments: # 1 Exhibit Exhibit A)(Perlmutter, Rebecca) Modified on 5/25/2023 to terminate motion. add linkage to underlying motion (eta). (Entered: 05/24/2023) |
| 05/24/2023 | 107 | STIPULATION OF EVIDENCE NO. 1 as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 5/24/2023. (eta) (Entered: 05/24/2023) |
| 05/24/2023 | 108 | STIPULATION OF EVIDENCE NO. 2 as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 5/24/2023. (eta) (Entered: 05/24/2023) |
| 05/24/2023 | 109 | MOTION in Limine *#1 Re: Exclusion from Introduction at Trial of Illegal Substances Allegedly Seized from Defendant's Truck (i.e. Property Control Numbers 748028, 748031, 748039, 748046, and 748047); Exhibits A-D* by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 5/25/2023 (eta). (Entered: 05/24/2023) |
| 05/24/2023 | 110 | EP: Hearing on 90 Government's Motion in Limine, Regarding (1) Publication of Text Messages to the Jury; and (2) Publication of Transcript of the Jury; and 92 Government's Motion in Limine to Admit FRE 1006 Summary Chart; and Final Pretrial Conference.<br><br>Defendant Lyle Rikio Cummings present by telephone, not in custody.<br><br>[9:05 - 9:45] Discussion held. |

Court addressed the untimely filing of Defendant Lyle Rikio Cummings' Motion In Limine #1 [Dkt. No. 105]. Joseph R. Mottl III sanctioned $500.00. Check payable to "Clerk, United States District Court."

Court sets the following briefing schedule to Defendant's Motion in Limine # 1 which is styled as a Motion to Suppress:

Govt.'s opposition due: 5/31/2023.
Defendant's optional reply due: 6/5/2023.
Hearing set for 6/7/2023 at 1:30 p.m. in Aha Kupono.

Defendant is instructed to remedy the omission, whatever exhibits to be attached to 105 Motion in Limine #1, by no later than 5:00 p.m. today.

Defendant is instructed to notify the Govt. and the Court as soon as possible if he objects to having Sgt. Andrew Cabral, Jr. testify by VTC at the suppression hearing.

**Court's Ruling on Govt.'s Motions**

90 Government's Motion in Limine, Regarding (1) Publication of Text Messages to the Jury; and (2) Publication of Transcript of the Jury - **Granted**, for reasons as stated on the record.

92 Government's Motion in Limine to Admit FRE 1006 Summary Chart; and Final Pretrial Conference - **Granted,** for reasons as stated on the record. By stipulation between the parties, Govt.'s Exhibit 4 (Summary Chart of Text Message Conversation Between Cummings and "Kiana") is admitted into evidence for trial.

**Final Pretrial Conference**

As to the Stipulation of Fact, Dkt. No. 97 , parties to inform the Court when the appropriate time to read the Stipulation to the Jury.

The parties have stipulated the following exhibits into evidence at trial: 1 through 10, 13 through 16 and 18.

Exhibits 11 and 17 have been stipulated as to authenticity at trial.

**Jury Instructions and Verdict Form**

Defendant shall file written responses to the Govt.'s proposed jury instructions and verdict form by 5/31/2023.

**Concise Statement of the Case**

The Parties shall confer in advance of trial for the purpose of preparing an agreed upon Concise Statement of the Case that may be read to the jury during voir dire. The agreed upon Concise Statement of the Case shall be filed on or before 6/2/2023.

**Voir Dire**

The Court will consider the proposed voir dire questions proposed by the Parties.

**Stipulations**

| | | |
|---|---|---|
| | | Court will allow the filing of stipulations pass the deadline. (Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON) (tyk) (Entered: 05/24/2023) |
| 05/31/2023 | 111 | ~~Proposed Voir Dire~~ *Defendant's Proposed Joint Statement of the Case* by Lyle Rikio Cummings. (Mottl, Joseph) Modified on 6/1/2023 (eta). (Entered: 05/31/2023) |
| 05/31/2023 | 112 | EO: The Judges of the United States District Court have requested that real-time reporting services be provided to them during evidentiary hearings involving the taking of testimony from a live witness. In order to provide the Court with an accurate and more useful realtime record of proceedings, counsel is directed to submit the following information to the courtroom deputy by 6/5/2023: 1.Names of parties and attorneys to the action; 2.Witness list; and 3.Exhibit list. The information will be shared with the court reporter to enable them to program computers with steno outlines unique to your personal case. (CHIEF JUDGE DERRICK K. WATSON) (tyk) (Entered: 05/31/2023) |
| 05/31/2023 | 113 | RESPONSE in Opposition by USA as to Lyle Rikio Cummings re 109 MOTION in Limine #1 (Olson, Christine) (Entered: 05/31/2023) |
| 06/01/2023 | 114 | *United States' Second Amended* EXHIBIT LIST by USA as to Lyle Rikio Cummings. (Perlmutter, Rebecca) Text modified on 6/2/2023 (eta). (Entered: 06/01/2023) |
| 06/02/2023 | 115 | Supplement *Defendants Trial Presentation Statement* by Lyle Rikio Cummings (Mottl, Joseph) (Entered: 06/02/2023) |
| 06/02/2023 | 116 | MOTION in Limine #2 by Lyle Rikio Cummings. (Mottl, Joseph) (Entered: 06/02/2023) |
| 06/02/2023 | 117 | NOTICE *Proposed Statements of the Case* by USA as to Lyle Rikio Cummings (Perlmutter, Rebecca) (Entered: 06/02/2023) |
| 06/03/2023 | 118 | NOTICE OF HEARING ON Defendant Lyle Rikio Cummings' Motion in Limine #2 is set for 6/7/2023 at 01:30 PM in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON. (tyk) (Entered: 06/03/2023) |
| 06/05/2023 | 119 | ~~RESPONSE~~ *United States' Supplement* to its 113 Opposition to 109 Defendant's MOTION in Limine #1 by USA as to Lyle Rikio Cummings (Attachments: # 1 Exhibit 9, # 2 Exhibit 10, # 3 Exhibit 11)(Olson, Christine) Modified on 6/6/2023 (eta). (Entered: 06/05/2023) |
| 06/05/2023 | 120 | ~~NOTICE~~ *Witness List for Evidentiary Hearing* by USA as to Lyle Rikio Cummings (Olson, Christine) Modified on 6/6/2023 (eta). (Entered: 06/05/2023) |
| 06/05/2023 | 121 | ~~NOTICE~~ *Exhibit List for Evidentiary Hearing* by USA as to Lyle Rikio Cummings (Olson, Christine) Modified on 6/6/2023 (eta). (Entered: 06/05/2023) |
| 06/05/2023 | 122 | *First Amended Government's* WITNESS LIST for Trial by USA as to Lyle Rikio |

| | | Cummings. (Olson, Christine) Docket text modified on 6/6/2023 (eta). (Entered: 06/05/2023) |
|---|---|---|
| 06/06/2023 | 123 | EO : as to Lyle Rikio Cummings; at the direction of Chief Judge Derrick K. Watson, a Telephone Conference with attorneys only is set for **6/6/2023 at 10:00 AM** before CHIEF JUDGE DERRICK K. WATSON. <br><br> (CHIEF JUDGE DERRICK K. WATSON)(afe) (Entered: 06/06/2023) |
| 06/06/2023 | 124 | EP : Telephonic Status Conference re Trial Schedule as to Lyle Rikio Cummings held with counsel only on 6/6/2023. <br><br> Discussion held re the trial schedule. By consent of the parties, the following trial schedule has been adopted: <br><br> Wednesday, 6/7/2023 - 9:00 a.m., Jury Selection <br><br>      - 1:30 p.m., Evidentiary Hearing <br>      - Parties are instructed to be ready to proceed before 9:00 a.m. once the panel of potential jurors have been processed. <br><br> Thursday, 6/8/2023 - 2:00 p.m. to 4:30 p.m., Jury Trial <br> Friday, 6/9/2023 - 2:00 p.m. to 4:30 p.m., Jury Trial <br> Monday, 6/12/2023 - Holiday (No Court) <br> Tuesday, 6/13/2023 - To be determined at a later day. <br><br> (Reporter-Gloria Bediamol) <br> (CHIEF JUDGE DERRICK K. WATSON) <br><br> (eta) (Entered: 06/06/2023) |
| 06/07/2023 | 125 | EP : **Jury Selection (Day 1)** as to Lyle Rikio Cummings held on 6/7/2023. <br><br> Defendant Lyle Rikio Cummings present, not in custody. <br> HSI Special Agent Murray Acosta present. <br> 67 prospective jurors present. <br><br> Court addressed the prospective jurors, gave a brief overview of jury selection, trial process and the rules and restrictions while serving on the jury. <br><br> Voir dire conducted by Court and Counsel. Peremptory challenges made. <br><br> 14 Jurors chosen and sworn. All other prospective jurors thanked and excused. <br><br> [1:35] 14 Jurors excused for the day. <br><br> **Further Jury Trial (Day 2) set for 6/8/2023 @ 2:00 p.m. in Aha Kupono before Chief Judge Derrick K. Watson.** <br><br> [1:50] Arguments heard on 116 Defendant Lyle Rikio Cummings' Motion in Limine #2. <br><br> For reasons as stated on the record, 116 Defendant Lyle Rikio Cummings' Motion in Limine #2 is DENIED as moot. Both parties agree they must comply with the terms of the Proffer Agreement, and any objections may be made if appropriate during trial. <br><br> [2:15] Evidentiary Hearing held on 109 Defendant Lyle Rikio Cummings' Motion in Limine #1. |

Govt.'s Witness
Andrew Cabral - CST. Direct Examination, Cross Examination, Redirect Examination.

Defendant's Witness
Lyle Rikio Cummings - CST. Direct Examination.

For reasons as stated on the record, 109 Defendant Lyle Rikio Cummings' Motion in Limine #1 is DENIED and DENIED on Reconsideration.

Motion Hearing as to Lyle Rikio Cummings held on 6/7/2023 re 109 MOTION in Limine #1 filed by Lyle Rikio Cummings, 116 MOTION in Limine #2 filed by Lyle Rikio Cummings ;
denying 109 Motion in Limine as to Lyle Rikio Cummings (1); denying 116 Motion in Limine as to Lyle Rikio Cummings (1);
Motions terminated as to Lyle Rikio Cummings: 109 MOTION in Limine #1 filed by Lyle Rikio Cummings, 116 MOTION in Limine #2 filed by Lyle Rikio Cummings.;
Evidentiary Hearing as to Lyle Rikio Cummings held on 6/7/2023.
Jury Selection as to Lyle Rikio Cummings held on 6/7/2023.
Jury Trial is set for 02:00 PM on 6/8/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.

(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON)
(eta) Modified on 6/8/2023 (tyk). (Entered: 06/07/2023)

| 06/07/2023 | 126 | *(Evidentiary Hearing)* United States' WITNESS LIST for Evidentiary Hearing - by USA as to Lyle Rikio Cummings. (eta) (Entered: 06/08/2023) |
| --- | --- | --- |
| 06/07/2023 | 127 | *(Evidentiary Hearing)* WITNESS / EXHIBIT LIST ("Statement for Realtime Court Reporting Services") - by Lyle Rikio Cummings. (eta) Modified on 6/8/2023 (eta). (Entered: 06/08/2023) |
| 06/08/2023 | 128 | EP : **Jury Trial (Day 2)** as to Lyle Rikio Cummings held on 6/8/2023.<br><br>Defendant Lyle Rikio Cummings present, not in custody.<br>HSI Special Agent Murray Acosta present.<br>14 jurors present.<br><br>Court gave the jury preliminary instructions.<br><br>Opening statements by Plaintiff and Defendant.<br><br>Govt.'s Witnesses<br>John Surina, Detective, Maui Police Department - CST. Direct Examination, Cross Examination.<br><br>Exhibits admitted into evidence by stipulation on 5/24/2023 and published to the jurors (Dkt. No. 110): 1, 2, 3, 4.<br><br>**Further Jury Trial (Day 3) set for 6/9/2023 @ 2:00 p.m. in Aha Kupono before Chief Judge Derrick K. Watson.**<br><br>Jury Trial as to Lyle Rikio Cummings held on 6/8/2023.<br>Jury Trial is CONTINUED to 02:00 PM on 6/9/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.<br><br>(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON)<br>(eta) (Entered: 06/08/2023) |
| 06/09/2023 | 129 | COURT PROPOSED JURY INSTRUCTIONS as to Lyle Rikio Cummings. (eta) (Entered: 06/09/2023) |
| 06/09/2023 | 130 | COURT PROPOSED VERDICT FORM as to Lyle Rikio Cummings. (eta) (Entered: 06/09/2023) |

| 06/09/2023 | <u>131</u> | EP : **Jury Trial (Day 3)** as to Lyle Rikio Cummings held on 6/9/2023. |
|---|---|---|
| | | Defendant Lyle Rikio Cummings present, not in custody.<br>HSI Special Agent Murray Acosta present.<br>14 jurors present.<br><br><u>Govt.'s Witnesses</u><br>John Surina, Detective, Maui Police Department - Continuation with Cross Examination.<br><br>Kahiapo Kauhaahaa, Officer, Maui Police Department - CST. Direct Examination, Cross Examination.<br><br>Exhibit admitted into evidence by stipulation on 5/24/2023 and published to the jury: 5, 6.<br><br>Stipulation read into the record as to Exhibit 19.<br><br>Matthew Bigoss, Detective Maui Police Department and Task Force, Expert in the field of forensic phone extraction and analysis - CST. Direct Examination, Cross Examination.<br><br>Exhibits admitted into evidence: 14, 17.<br><br>Andrew Cabral, Former Officer Maui Police Department - CST. Direct Examination.<br><br>Stipulations read into the record as to Exhibits 18 and 20.<br><br>Schedule from Wednesday, 6/14/2023 and thereafter will be as follows: 8:30 a.m. to 1:30 p.m. in Aha Kupono before Chief Judge Derrick K. Watson.<br><br>[4:35] Without the presence of the jury, parties are instructed to review the <u>120</u> Court's Proposed Jury Instructions and <u>130</u> Courts Proposed Verdict Form.<br><br>**Further Jury Trial (Day 4) set for 6/13/2023 @ 2:00 p.m. in Aha Kupono before Chief Judge Derrick K. Watson.**<br><br><small>Jury Trial as to Lyle Rikio Cummings held on 6/9/2023 as to Lyle Rikio Cummings.<br>Jury Trial is CONTINUED to 02:00 PM on 6/13/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.</small><br><br>(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON)<br>(eta) (Entered: 06/09/2023) |
| 06/13/2023 | <u>132</u> | EP : **Jury Trial (Day 4)** as to Lyle Rikio Cummings held on 6/13/2023.<br><br>Defendant Lyle Rikio Cummings present, not in custody.<br>HSI Special Agent Murray Acosta present.<br>14 jurors present.<br><br>Court addresses the delay and advises the parties that the trial schedule beginning on Wednesday, 6/14/2023 and thereafter will be as follows: 8:30 a.m. to 1:30 p.m. in Aha Kupono before Chief Judge Derrick K. Watson.<br><br><u>Govt.'s Witnesses:</u><br>Laura Dai, Special Agent U.S. HSI - CST, Direct Examination. (no cross)<br>Gregg Katayama, Detective Maui Police Department - CST, Direct<br><br>[4:50 pm] Jurors dismissed for the day. |

Discussion held outside the presence of the jury with the parties regarding jury instructions. Courts proposed jury instructions and verdict form at dkts. <u>129</u> and <u>130</u> will be discussed at 10:30 am. The parties to provide any further input by 6/13/2023 at 10pm regarding the Court's proposed instructions and jury verdict form at docket numbers <u>129</u> and <u>130</u>.

**Further Jury Trial (Day 5) set for 6/14/2023 @ 8:30 a.m. in Aha Kupono before Chief Judge Derrick K. Watson.**

Jury Trial as to Lyle Rikio Cummings held on 6/13/2023.
Jury Trial is set for 08:30 AM on 6/14/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.

(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON) (eta) (Entered: 06/13/2023)

| | | |
|---|---|---|
| 06/13/2023 | <u>133</u> | Proposed Jury Instructions *(Defendant's Request for (1) a Jury Instructions as to Count I of the Indictment, (2) a Jury Instruction as to the Defense of Entrapment, and a Jury Instruction for Lesser Included Offense to the Charge in Count II of the Indictment)* by Lyle Rikio Cummings. (Mottl, Joseph) Docket text modified on 6/14/2023 (eta). (Entered: 06/13/2023) |
| 06/14/2023 | <u>134</u> | ~~Proposed Jury Instructions~~ *Memorandum in Support of* <u>133</u> Defendant's Requested Jury Instructions by Lyle Rikio Cummings. (Mottl, Joseph) Docket text modified on 6/14/2023 (eta). (Entered: 06/14/2023) |
| 06/14/2023 | <u>135</u> | COURT JURY INSTRUCTIONS as to Lyle Rikio Cummings. (eta) (Entered: 06/14/2023) |
| 06/14/2023 | <u>136</u> | COURT VERDICT FORM as to Lyle Rikio Cummings. (eta) (Entered: 06/14/2023) |
| 06/14/2023 | <u>137</u> | EP : **Jury Trial (Day 5)** as to Lyle Rikio Cummings held on 6/14/2023. <br><br>Defendant Lyle Rikio Cummings present, not in custody. <br>HSI Special Agent Murray Acosta present. <br>14 jurors present. <br><br>Govt.'s Witnesses: <br>Gregg Katayama, Detective Maui Police Department - Cross examination. <br>Brandi Kaoni, Criminalist II, ABC-DA, Maui Police Department - CST, Direct examination, Cross examination, Re-Direct examination. <br>Murray Acosta, Special Agent, U.S. HSI - CST, Direct examination. <br>Ryan Faulkner, Resident Agent in Charge, HSI - CST, Direct examination, Cross examination, Re-direct examination. <br><br>[11:58 PM] Government rests. <br><br>Defense Witnesses: <br>Defendant, Lyle Rikio Cummings - CST, Direct examination, Cross examination, Redirect examination. <br>Vianna Cummings - CST, Direct examination, Cross examination. <br>Evelyn Cummings - CST, Direct examination, Cross examination. <br>Exhibits admitted: 12, 12A <br><br>[1:22 PM] Defense rests. <br><br>[1:30 pm] Jurors dismissed for the day. |

| | | |
|---|---|---|
| | | Court will finalize and file jury instructions on the docket. Court will resume for jury instructions, closing arguments and jury deliberations.<br><br>**Further Jury Trial (Day 6) set for 6/15/2023 @ 8:30 a.m. in Aha Kupono before Chief Judge Derrick K. Watson.**<br><br>Jury Trial as to Lyle Rikio Cummings held on 6/14/2023.<br>Jury Trial is set for 08:30 AM on 6/15/2023 in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.<br><br>(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON) (eta) (Entered: 06/14/2023) |
| 06/14/2023 | <u>138</u> | *THIRD AMENDED* EXHIBIT LIST by USA as to Lyle Rikio Cummings. (Olson, Christine) Docket text modified on 6/15/2023 (eta). (Entered: 06/14/2023) |
| 06/14/2023 | <u>139</u> | FINAL JURY INSTRUCTIONS as to Lyle Rikio Cummings. (eta) (Entered: 06/14/2023) |
| 06/14/2023 | <u>140</u> | FINAL VERDICT FORM as to Lyle Rikio Cummings. (eta) (Entered: 06/14/2023) |
| 06/15/2023 | <u>141</u> | REVISED FINAL VERDICT FORM as to Lyle Rikio Cummings. (eta) (Entered: 06/15/2023) |
| 06/15/2023 | <u>142</u> | EP : **Jury Trial (Day 6 - verdict)** as to Lyle Rikio Cummings held on 6/15/2023.<br><br>Defendant Lyle Rikio Cummings present, not in custody.<br>HSI Special Agent Murray Acosta present.<br><br>Status conference held with Counsel and Defendant regarding final jury instructions and final verdict form. Jury not present.<br><br>[8:40 am] 14 jurors present. Jury instructions read to jury and filed. Proposed Verdict Form read to jury.<br><br>Closing Arguments presented.<br><br>Bailiff Stewart Ferriman sworn.<br><br>[11:10 am] Alternate jurors excused. 12 Jury Panel retired to begin deliberations. Court authorizes jury's lunch to be paid during deliberations.<br><br>[1:00 pm] 12 Jurors present. Verdict received, reviewed and ready by the Court. Jurors polled. Jurors Discharged. Defendant found guilty as to Counts ONE (1) and TWO (2).<br><br>Court hears from the parties regarding the custody status of the defendant. For reasons stated on the record, the defendant Lyle Rikio Cummings is remanded to the custody of the U.S. Marshals pending sentencing.<br><br>**Sentencing is set for 9/26/2023 at 9:00 am in aha Kupono before Chief Judge Derrick K. Watson.**<br><br>Status Conference - DJ as to Lyle Rikio Cummings held on 6/15/2023.<br>Jury Trial as to Lyle Rikio Cummings held on 6/15/2023.<br>Sentencing is set for 9/26/2023 09:00 AM in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.<br><br>(Reporter-Gloria Bediamol) (CHIEF JUDGE DERRICK K. WATSON) (eta) (Entered: 06/15/2023) |

| | | |
|---|---|---|
| 06/15/2023 | 143 | REVISED FINAL VERDICT FORM *(redacted)* as to Lyle Rikio Cummings (1) Guilty on Count 1,2. (eta) (Entered: 06/15/2023) |
| 06/15/2023 | 144 | REVISED FINAL VERDICT FORM *(unredacted)* as to Lyle Rikio Cummings (1) Guilty on Count 1,2 (eta) (Entered: 06/15/2023) |
| 06/15/2023 | 145 | *(Trial)* First Amended Government's WITNESS LIST for Trial - by USA as to Lyle Rikio Cummings. (eta) (Entered: 06/15/2023) |
| 06/15/2023 | 146 | *(Trial)* United States' Second Amended EXHIBIT LIST - by USA as to Lyle Rikio Cummings. (eta) (Entered: 06/15/2023) |
| 06/15/2023 | 147 | *(Trial)* Defendant's Trial WITNESS LIST - by Lyle Rikio Cummings. (eta) (Entered: 06/15/2023) |
| 07/10/2023 | 148 | MOTION for Forfeiture of Property *: UNITED STATES MOTION FOR ENTRY OF A PRELIMINARY ORDER OF FORFEITURE; EXHIBITS 4, 11; PROPOSED PRELIMINARY ORDER OF FORFEITURE; COS* by USA as to Lyle Rikio Cummings. (Attachments: # 1 Exhibit 4, # 2 Exhibit 11, # 3 Proposed POF)(Olson, Christine) (Entered: 07/10/2023) |
| 07/10/2023 | 149 | PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY) re 148 as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 7/10/2023. (eta) (Entered: 07/10/2023) |
| 08/10/2023 | 150 | PRESENTENCE INVESTIGATION REPORT (DRAFT)(01)**Document Restricted** as to Lyle Rikio Cummings; Sentencing Statements due by 08/24/2023. (Attachments: # 1 Notice to Attorneys - Draft)(Rubio Salado, Melissa) (Entered: 08/10/2023) |
| 08/23/2023 | 151 | NOTICE *of Filing Declaration of Internet Publication; Declaration of Internet Publication; Exhibit "A"* by USA as to Lyle Rikio Cummings (Olson, Christine) (Entered: 08/23/2023) |
| 08/24/2023 | 152 | SENTENCING STATEMENT by Plaintiff USA as to Lyle Rikio Cummings*UNITED STATES STATEMENT OF NO OBJECTION TO THE PSR; COS* (Olson, Christine) (Entered: 08/24/2023) |
| 09/11/2023 | 154 | EO: As to Lyle Rikio Cummings, at the request of Christine Olson and no objections by Mr. Mottl, Sentencing set for 9/26/2023 is continued to 10/10/2023 at 09:00 AM in Aha Kupono before CHIEF JUDGE DERRICK K. WATSON.<br><br>(CHIEF JUDGE DERRICK K. WATSON)<br>(tyk) (Entered: 09/11/2023) |
| 09/28/2023 | 155 | SENTENCING STATEMENT by Defendant Lyle Rikio Cummings (Mottl, Joseph) (Entered: 09/28/2023) |
| 10/04/2023 | 156 | PRESENTENCE INVESTIGATION REPORT final (01)**Document Restricted** as to Lyle Rikio Cummings (Rubio Salado, Melissa) (Entered: 10/04/2023) |
| 10/04/2023 | 157 | STANDARD Conditions Attachment to 156 Presentence Investigation Report (mle) (Entered: 10/04/2023) |
| 10/06/2023 | 158 | SENTENCING MEMORANDUM *; Exhibit "A"* by Lyle Rikio Cummings (Mottl, Joseph) Modified on 10/11/2023 (eta). (Entered: 10/06/2023) |
| 10/10/2023 | 159 | Supplement *First Supplement to Sentencing Memorandum* re 158 Sentencing Memorandum by Lyle Rikio Cummings (Mottl, Joseph) (Entered: 10/10/2023) |

| 10/10/2023 | 160 | FINAL ORDER OF FORFEITURE as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 10/10/2023. (eta) (Entered: 10/10/2023) |
|---|---|---|
| 10/10/2023 | 161 | EP : Sentencing to Counts 1 and 2 of the Indictment held on 10/10/2023 for Lyle Rikio Cummings (1). Defendant Lyle Rikio Cummings present, in custody. |
| | | On June 15, 2023, pursuant to a jury verdict, Defendant Lyle Rikio Cummings was convicted as to Counts 1 and 2 of the Indictment. |
| | | Parties have reviewed the revised Presentence Report. Court adopts the factual findings of the revised Presentence Report. |
| | | Allocution by the Defendant Lyle Rikio Cummings. |
| | | The Final Order of Forfeiture filed on 10/10/2023 shall be made a part of the Final Judgment. |
| | | There are no objections to the sentencing guidelines. Court findings made as to the applicable sentencing guidelines. Court notes the aggravating and mitigating factors related to Defendant Lyle Rikio Cummings's Sentencing. |
| | | Recommendations by Counsel as to proposed sentence heard. Courts proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence. |
| | | Count(s) 1, 2 SENTENCE: <br> Imprisonment: 126 Months as to Count 1 and Count 2, terms to run concurrently. <br> Supervised Release: 7 Years as to Count 1 and Count 2, terms to run concurrently. <br> Fine: None. Restitution: None. <br> Special Assessment: $200.00 ($100.00 per count). |
| | | Mr. Mottl (Defendant's attorney) confirmed that he discussed the Standard Conditions of Supervised Release with his client. The parties stipulated on the record to waive the Court's reading of the Standard Conditions of Supervised Release. (The mandatory and standard conditions of supervision are detailed in the attached minutes). |
| | | Defendant Lyle Rikio Cummings advised of his right to appeal within 14 days of entry of judgment. |
| | | Judicial Recommendations: <br> 1. Defendant to be placed at Federal Detention Center, Honolulu (1st choice to be near family); Terminal Island FCI (2nd choice) or Lompoc FCI (3rd choice); <br> 2. Defendant to receive a Mental Health Assessment and Treatment, if needed; and <br> 3. Defendant to receive Vocational and Educational programming. |
| | | Mittimus forthwith. Defendant Lyle Rikio Cummings is remanded to the custody of the USMS. |
| | | (Reporter-Ann Matsumoto) (CHIEF JUDGE DERRICK K. WATSON) (eta) (Entered: 10/10/2023) |
| 10/12/2023 | 162 | JUDGMENT as to Lyle Rikio Cummings (1), Count(s) 1, 2 SENTENCE: Imprisonment: 126 Months as to Count 1 and Count 2, terms to run concurrently. Supervised Release: 7 Years as to Count 1 and Count 2, terms to run concurrently. Fine: None. Restitution: |

| | | None. Special Assessment: $200.00 ($100.00 per count). Mittimus forthwith. Signed by CHIEF JUDGE DERRICK K. WATSON on 10/12/2023. (eta) (Entered: 10/12/2023) |
|---|---|---|
| 10/12/2023 | 163 | STATEMENT OF REASONS as to Lyle Rikio Cummings - Signed by CHIEF JUDGE DERRICK K. WATSON on 10/12/2023.**Document Restricted** * (eta) (Entered: 10/12/2023) |
| 10/21/2023 | 164 | **NOTICE OF APPEAL** by Lyle Rikio Cummings re 162 Judgment, (Main Document 164 replaced on 10/23/2023) *(e-filed by Joseph R. Mottl, Esq.)* (eta). (Additional attachment(s) added on 10/23/2023: # 1 CJA 23 - Financial Affidavit (SEALED), # 2 Form 6. Representation Statement) (eta). USCA No. 23-3016 Modified on 10/23/2023 to separate out the Financial Affidavit and Representation Statement from the Notice of Appeal. The Financial Affidavit has been sealed (eta). Modified on 10/25/2023 (eta). (Entered: 10/21/2023) |
| 10/24/2023 | 165 | USCA Case Number as to Lyle Rikio Cummings 23-3016 for 164 Notice of Appeal - Final Judgment, filed by Lyle Rikio Cummings. (eta) (Entered: 10/25/2023) |
| 10/24/2023 | 166 | USCA Time Schedule Order as to Lyle Rikio Cummings, USCA No. 23-3016 (eta) (Entered: 10/25/2023) |
| 10/25/2023 | 167 | **Attorney Appeal Packet** re 164 Notice of Appeal - Final Judgment filed by Lyle Rikio Cummings, USCA No. 23-3016. (Attachments: # 1 Notice of Appeal & Representation Statement, # 2 Instructions for Criminal Appeals, # 3 Additional Instructions for Transcript Designation and Ordering Form, # 4 Letter Regarding Court Reporters, # 5 Transcript Designation and Ordering Form, # 6 Docket Sheet) *Note: The appellant submitted a Financial Affidavit and Representation Statement, together with the Notice of Appeal filed at ECF No. 164. Because the Financial Affidavit is a confidential document, the Clerk's Office separated out and reattached the documents at ECF No. 164 to restrict the affidavit. Additionally, Form 6. Representation Statement, also includes a request for appointment of counsel on appeal.* (eta) (Entered: 10/25/2023) |
| 01/03/2024 | 168 | ORDER of USCA as to Lyle Rikio Cummings re 164 Notice of Appeal - Final Judgment, USCA No. 23-3016:<br><br>The court grants counsel Mottl leave to withdraw and appoints new counsel conditionally, subject to appellant filing a completed financial affidavit (CJA Form 23). The Clerk will terminate counsel Mottl from the docket. Within 35 days after counsel is appointed, new counsel is directed to assist appellant in completing the CJA Form 23 and file the completed affidavit with this court. If appellant submits a CJA Form 23 demonstrating indigency, appellant's in forma pauperis status and counsel's appointment will continue without further order of the court.<br><br>The Clerk will electronically serve this order on the appointing authority for the District of Hawaii, who will locate appointed counsel. The appointing authority is requested to send notification of the name, address, and telephone number of appointed counsel to the Clerk of this court at **counselappointments@ca9.uscourts.gov** within 14 days of locating counsel.<br><br>(Attachments: # 1 blank CJA 23 Financial Affidavit)<br>(eta) (Entered: 01/03/2024) |
| 01/04/2024 | 169 | ORDER APPOINTING COUNSEL re 168 as to Lyle Rikio Cummings (re USCA No.23-3016) - Signed by MAGISTRATE JUDGE WES REBER PORTER on 1/4/2024.<br><br>Added attorney George C. Boisseau for Lyle Rikio Cummings. Attorney Joseph R. Mottl, III terminated in case as to Lyle Rikio Cummings.<br><br>(eta) (Entered: 01/08/2024) |

| 01/04/2024 | 170 | CJA 20 as to Lyle Rikio Cummings: George C. Boisseau, Esq. appointed for Lyle Rikio Cummings re USCA No. 23-3016 (substitution for retained attorney Joseph R. Mottl, III, Esq.). Signed by MAGISTRATE JUDGE WES REBER PORTER on 1/4/2024. (eta) Modified on 1/8/2024 (eta). (Entered: 01/08/2024) |
|---|---|---|
| 01/08/2024 | | COURT'S CERTIFICATE of Service - a copy of 169 ORDER APPOINTING COUNSEL has been served electronically to the Ninth Circuit Court of Appeals at counselappointments@ca9.uscourts.gov on January 8, 2024. A copy of this order (together with a copy of ECF No. 168), shall be served by First Class Mail to Lyle Rikio Cummings, 12444-122 at Victorville Medium II FCI, Federal Correctional Institution, P. O. Box 3850, Adelanto, CA 92301 on January 9, 2024. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (eta) (Entered: 01/08/2024) |
| 02/01/2024 | 171 | ~~DESIGNATION OF RECORD ON APPEAL~~ *Transcript Designation and Ordering Form* by Lyle Rikio Cummings re 164 Notice of Appeal - Final Judgment *(e-filed by George C. Boisseau, Esq.)* Modified on 2/2/2024 (eta). (Entered: 02/01/2024) |
| 02/02/2024 | 172 | ORDER TEMPORARILY UNSEALING HEARING FOR LIMITED PURPOSE OF PREPARING COPY OF TRANSCRIPT as to Lyle Rikio Cummings re 47 - Signed by MAGISTRATE JUDGE KENNETH J. MANSFIELD on 2/2/2024. (eta) (Entered: 02/02/2024) |
| 02/02/2024 | 173 | ORDER TEMPORARILY UNSEALING HEARING FOR LIMITED PURPOSE OF PREPARING COPY OF TRANSCRIPT as to Lyle Rikio Cummings re 68 - Signed by MAGISTRATE JUDGE WES REBER PORTER on 2/2/2024. (eta) (Entered: 02/02/2024) |
| 02/14/2024 | 174 | TRANSCRIPT of Proceedings SENTENCING as to Lyle Rikio Cummings - held on October 10, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - ANN MATSUMOTO, Telephone number -8085412061.Email Address - am@hid.uscourts.gov, PP. 25, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/6/2024. Redacted Transcript Deadline set for 3/18/2024. Release of Transcript Restriction set for 5/14/2024. (Matsumoto, Ann) (Entered: 02/14/2024) |
| 02/21/2024 | 175 | TRANSCRIPT of Proceedings Mt. Supp. as to Lyle Rikio Cummings - held on April 21, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 25, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 176 | TRANSCRIPT of Proceedings MIL pretrial conf. as to Lyle Rikio Cummings - held on May 24, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - |

| | | |
|---|---|---|
| | | gloria_bediamol@hid.uscourts.gov, PP. 44, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 177 | TRANSCRIPT of Proceedings Dfs. MIL, Mt. to Supp as to Lyle Rikio Cummings - held on June 7, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 63, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 178 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on June 7, 2023, before Judge Derrick K. Watson. PP. 134, (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 179 | TRANSCRIPT of Proceedings JT DAY 2 as to Lyle Rikio Cummings - held on June 8, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 90, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 180 | TRANSCRIPT of Proceedings JT DAY 3 as to Lyle Rikio Cummings - held on June 9, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 95, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |

| 02/21/2024 | 181 | TRANSCRIPT of Proceedings JT DAY 4 as to Lyle Rikio Cummings - held on June 13, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 51, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 182 | TRANSCRIPT of Proceedings JT DAY 5 as to Lyle Rikio Cummings - held on June 14, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 171, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 02/21/2024 | 183 | TRANSCRIPT of Proceedings JT DAY 6 as to Lyle Rikio Cummings - held on June 15, 2023, before Judge Derrick K. Watson. Court Reporter/Transcriber - Gloria T. Bediamol, Telephone number -808-541-2060.Email Address - gloria_bediamol@hid.uscourts.gov, PP. 87, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (gloria_bediamol@hid.uscourts.gov) (Entered: 02/21/2024) |
| 03/14/2024 | 184 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 07/05/2022, before Judge Rom Trader. Court Reporter/Transcriber - Jessica Cahill, Telephone number - (808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 14, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 185 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 11/08/2022, before Judge Kenneth J. Mansfield. Court Reporter/Transcriber - Jessica Cahill, Telephone number -(808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 10, **90-Day** |

| | | |
|---|---|---|
| | | **Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 186 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 11/10/2022, before Judge Kenneth J. Mansfield. Court Reporter/Transcriber - Jessica Cahill, Telephone number -(808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 25, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 187 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 2/15/2023, before Judge Rom Trader. Court Reporter/Transcriber - Jessica Cahill, Telephone number - (808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 23, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 188 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 3/20/2023, before Judge Wes Reber Porter. Court Reporter/Transcriber - Jessica Cahill, Telephone number - (808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 22, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 189 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 4/14/2023, before Judge Kenneth J. Mansfield. Court Reporter/Transcriber - Jessica Cahill, Telephone number -(808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 7, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed |

000261

| | | |
|---|---|---|
| | | documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 190 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 5/12/2023, before Judge Rom Trader. Court Reporter/Transcriber - Jessica Cahill, Telephone number - (808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 7, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 191 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 5/17/2023, before Judge Rom Trader. Court Reporter/Transcriber - Jessica Cahill, Telephone number - (808)298-8633.Email Address - maukele@hawaii.rr.com, PP. 18, **90-Day Transcript Restriction:** PACER access to filed transcripts is restricted for 90 days from the file date to permit redaction of personal identifiers. Citations to restricted transcripts in filed documents must be limited to those portions of the proceedings that are relevant and in need of judicial review. Attaching restricted transcripts, in their entirety, to filed documents should be limited to situations with specific need. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Redaction Request due 4/4/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/12/2024. (Cahill, Jesscia) (Entered: 03/14/2024) |
| 03/14/2024 | 192 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 11/10/2022, before Judge Kenneth J. Mansfield. PP. 11, (tl) (Entered: 03/18/2024) |
| 03/14/2024 | 193 | TRANSCRIPT of Proceedings as to Lyle Rikio Cummings - held on 3/20/2023, before Judge Wes Reber Porter. PP. 17, (tl) (Entered: 03/18/2024) |
| 07/01/2024 | 194 | NOTICE of Withdrawal on Behalf of The United States- Attorney Christine Olson no longer associated with this case. (apg) (Entered: 07/01/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/31/2024 11:21:38 | | |
| PACER Login: | boisseaugc27 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:22-cr-00023-DKW |
| Billable Pages: | 30 | Cost: | 3.00 |